1  Patricia Barbosa (SBN 125685)
   pbarbosa@barbosagrp.com
2  **BARBOSA GROUP**
   8092 Warner Avenue
3  Huntington Beach, California  92647
   Phone:  (714) 465-9486
4
   Sharon Krevor-Weisbaum
5  skw@browngold.com
   Joseph B. Espo
6  jbe@browngold.com
   Jean M. Zachariasiewicz
7  jmz@browngold.com
   **BROWN, GOLDSTEIN & LEVY LLP**
8  120 East Baltimore Street, Suite 1700
   Baltimore, Maryland  21202
9  Phone: (410) 962-1030

10 *Attorneys for Plaintiffs*

11           **IN THE UNITED STATES DISTRICT COURT**
             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
12

13 ROY PAYAN, PORTIA MASON, THE          ) Case No.: 2:17-cv-01697-SVW(SKx)
   NATIONAL FEDERATION OF THE            ) **Civil Rights**
14 BLIND, INC., and THE NATIONAL         )
   FEDERATION OF THE BLIND OF            )
15 CALIFORNIA, INC.,                     ) **MOTION *IN LIMINE* NO. 5**
                                         )
16              Plaintiffs,              ) **PLAINTIFFS' NOTICE OF MOTION**
                                         ) **AND MOTION *IN LIMINE* TO**
17 vs.                                   ) **PRECLUDE ANY EVIDENCE**
                                         ) **RELATING TO UNDUE BURDEN**
18 LOS ANGELES COMMUNITY                 ) **DEFENSE**
   COLLEGE DISTRICT.                     )
19                                       ) Hearing Date: February 12, 2018
                Defendant.               ) Time: 3:00 p.m.
20                                       ) Location: 350 W. 1st Street
                                         ) Los Angeles, CA 90012
21                                       ) Courtroom 10A
                                         )
22                                       )
                                         ) **Trial Date: Feb. 20, 2018**
23                                       )
                                         )
24                                       )
                                         )
25 _____      )

26

27
   _____
28 *PAYAN, et al. v. LACCD*, **Case No.:  2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF**
   **MOTION AND MOTION *IN LIMINE* NO. 5**

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2  PLEASE TAKE NOTICE THAT on February 12, 2018, at 3:00 p.m., or at

3  such other date and time as may be ordered by the Court, in Courtroom 10A of the

4  above-captioned Court, located at 350 W. 1st Street, Los Angeles, California 90012,

5  Plaintiffs Roy Payan, Portia Mason, National Federation of the Blind, Inc., and

6  National Federation of the Blind of California, Inc. will and hereby do move this

7  Court for an order *in limine* to preclude any evidence relating to undue burden

8  defense.

9  This motion is based upon this Notice of Motion, Motion, and Memorandum of

10  Points and Authorities; the pleadings, records, and files in this action; and any oral

11  and documentary evidence as may be presented at the hearing on the motion.

12  This motion is made following the conference of counsel pursuant to L.R. 7-3

13  which was held in person and by phone on December 26, 2017.  *See* Declaration of

14  Joseph B. Espo ("Espo Dec.") ¶ 2.

15

16  Dated:  January 12, 2018                    **BARBOSA GROUP**

17

18                                              *P Barbosa*

19                                              _____
                                                Patricia Barbosa

20

21                                              **BROWN GOLDSTEIN & LEVY, LLP**

22                                              *Norenh B. Gummo*

23                                              _____
                                                Daniel F. Goldstein
                                                Sharon Krevor-Weisbaum
24                                              Joseph B. Espo, Esq.
                                                Jean M. Zachariasiewicz
25

26                                              *Attorneys for Plaintiffs*

27

   _____
28  *PAYAN, et al. v. LACCD*, **Case No.:  2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF**
   **MOTION AND MOTION** *IN LIMINE* **NO. 5**

1    Plaintiffs, through undersigned counsel, move this Court to exclude any and all

2    witnesses and exhibits proffered in support of an affirmative defense that Defendant

3    Los Angeles Community College District ("LACCD") failed to make its programs,

4    services, or activities accessible to blind students because to do so would constitute

5    an undue financial or administrative burden.  LACCD failed to raise this defense in

6    either its Answer or its opposition to Plaintiffs' Motion for Partial Summary

7    Judgment and withdrew its proposed jury instruction on the undue burden defense.

8    LACCD has also failed to establish that it complied with specific regulatory

9    requirements to establish this defense under Title II.  Accordingly, the Court should

10   preclude Defendant's assertion of this defense at trial.

11                              **Background**

12   This case is brought by two LACCD students and two organizations of blind

13   individuals, all of whom allege that Defendant LACCD fails to satisfy its obligations

14   under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131,

15   *et seq.*, and Section 504 of the 1973 Rehabilitation Act, 29 U.S.C. § 794, to provide

16   equal access to and the equal participation in and benefit of its programs and services

17   and to provide equally effective communication with its blind students.

18   Plaintiffs filed their Amended Complaint on March 17, 2017, Dkt. 17, and

19   Defendant answered on April 12, 2017, Dkt. 27.  Defendant's Answer raised a host of

20   inapplicable affirmative defenses, including lack of ripeness, failure to exhaust

21   administrative remedies, estoppel, unclean hands, waiver, laches, and contributory

22   negligence.  *See* Dkt. 27, Ans. ¶¶ 137, 141, 143, 144, 145, 146, 149.  Defendant failed

23   to raise the affirmative defense of undue financial or administrative burden among the

24   23 defenses pled in its Answer.  Plaintiffs also issued discovery to uncover any basis

25   for this specific affirmative defense, to which Defendant failed to respond with

26   documents or facts. Additionally, in its Opposition to Plaintiffs' Motion for Partial

27

28   *PAYAN, et al. v. LACCD*, **Case No.:  2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF MOTION AND MOTION** *IN LIMINE* **NO. 5**

1 Summary Judgment, Defendant did not raise this affirmative defense and did not

2 provide evidence that it has complied with the Title II regulation governing assertion

3 of this defense.

4        On January 2, 2018, Plaintiffs' counsel received Defendant's proposed jury

5 instructions, which included an instruction titled "ADA and Rehabilitation Act of

6 1973 Actions – Undue Hardship."  Espo Dec. ¶ 13, Ex. K(email & pp. 12-13 of

7 proposed instructions).  Counsel for all parties met and conferred regarding each

8 side's proposed jury instructions on January 3, 2018, at which time Plaintiffs' counsel

9 objected to Defendant's proposed undue hardship instruction, stating that LACCD

10 had never pled or argued that defense, or complied with Department of Justice

11 regulations on demonstrating an undue financial or administrative burden, or

12 produced discovery relating to the defense.  Defendant's counsel took Plaintiffs'

13 objections under advisement, and Defendant ultimately withdrew the proposed

14 instruction.  The Parties' proposed joint jury instructions do not include an instruction

15 on undue burden or hardship, nor did Defendant's instructions in dispute include such

16 an instruction.  *See* Dkt. 61 at 32-47, Defendant's Proposed Jury Instructions in

17 Dispute.  Plaintiffs file this motion to ensure that witnesses do not testify as to

18 financial or administrative work as an undue burden, or as the basis for not providing

19 equal opportunity to blind students to participate in and benefit from LACCD's

20 programs and services.

21                                        **Argument**

22   **I.    Defendant has waived the undue burden affirmative defense by failing
             to plead it in its answer**
23

24        Where, as here, a public entity has been alleged to have discriminated against

25 individuals with disabilities, in violation of Title II of the ADA, the public entity may

26 respond that taking the actions requested by the plaintiffs would constitute an undue

27

28 *PAYAN, et al. v. LACCD*, **Case No.:  2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF
   MOTION AND MOTION *IN LIMINE* NO. 5**

                                          4

1  financial or administrative burden.[1]  *See* 42 U.S.C.A. § 12182(b)(2)(A)(ii)-(iii); 28

2  C.F.R. § 35.164.  Undue burden is an affirmative defense.  *See Willits v. City of Los*

3  *Angeles*, 925 F. Supp. 2d 1089, 1094 (C.D. Cal. 2013); *Hernandez v. Cty. of*

4  *Monterey*, 306 F.R.D. 279, 286 (N.D. Cal. 2015); *Rodriguez v. Cty. of San Diego*, No.

5  14CV949-JLS-RBB, 2016 WL 4515860, at *12 (S.D. Cal. Feb. 9, 2016); *see also*

6  *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 845 (9th Cir. 2004)

7  (stating that "fundamental alteration" is an affirmative defense (citing 42 U.S.C.A. §

8  12182(b)(2)(A)(ii)).

9          Pursuant to Federal Rule of Civil Procedure 8, "[i]n responding to a pleading, a

10  party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P.

11  8(c)(1).  "[A] defendant's failure to raise an 'affirmative defense' in his answer

12  effects a waiver of that defense."  *In re Adbox, Inc.*, 488 F.3d 836, 841 (9th Cir. 2007)

13  (citing *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005), and 5 Charles

14  Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure §

15  1278 (2d ed. 1990)); *see also Tokio Marine & Fire Ins. Co. v. Kaisha*, 25 F. Supp. 2d

16  1071, 1077 (C.D. Cal. 1997) (same); *Bernard v. U.S. Aircoach*, 117 F. Supp. 134,

17  137 (S.D. Cal. 1953) (finding affirmative defense waived "when a defendant files an

18  answer verified by one of its corporate officers . . . and signed by its counsel,

19  thereafter engages in extensive discovery procedure covering a period of many

20

21  ───────────────

[1] Section 504 of the Rehabilitation Act contains an undue burden defense only in
22  regards to the requirement that a recipient of federal financial assistance reasonably
23  accommodate the individual limitations of a person with a disability. *Putnam v.*
   *Oakland Unified Sch. Dist.*, No. C-93-3772CW, 1995 WL 873734, at *14 (N.D. Cal.
24  June 9, 1995); *see also* 45 C.F.R. § 84.12 (requiring reasonable accommodations
25  unless the recipient can demonstrate "undue hardship on the operation of its program
   or activity"). As with Title II, Defendant has put forth no evidence of undue burden
26  under Section 504. Therefore, the defense is inapplicable.

27  ────────────────────────────────────────────────────────

28  *PAYAN, et al. v. LACCD*, **Case No.:  2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF**
   **MOTION AND MOTION** *IN LIMINE* **NO. 5**

1 months, and goes through pre-trial without urging a highly technical defense"). Here,

2 though LACCD asserted 23 affirmative defenses, undue burden was not among them.

3 *See* Dkt. 27. Accordingly, LACCD has waived the affirmative defense of undue

4 burden.[2]

5        Defendant's interactions with Plaintiffs in drafting the Parties' proposed jury

6 instructions also demonstrate that LACCD recognizes that it has waived any right to

7 assert an undue burden defense. As described above, counsel for LACCD initially

8 proposed a jury instruction on undue burden, but after hearing Plaintiffs' objections

9 and taking the matter under consideration, LACCD ultimately withdrew that

10 instruction.

11        Because LACCD has waived the undue burden defense by failing to properly

12 plead it and has effectively admitted its waiver, it should not be permitted to

13 introduce evidence in support of such a defense at trial.

14 **II.    Defendant has not complied with the Title II requirements for proving**
**undue burden**
15

16       Even if LACCD had timely asserted the affirmative defense of undue burden, it

17 has failed to properly prove the defense. The regulations implementing Title II state

18 that it is a public entity's burden to prove undue burden, and the regulations set out

19 the manner in which the public entity must do so. For example, the regulation

20 regarding equally effective communication states:

21

22

_____

23 [2] Under Ninth Circuit precedent "a defendant may raise an affirmative defense for the
first time in a motion for summary judgment if the delay does not prejudice the
24 [plaintiff]." *Eyster v. City of Los Angeles*, 131 F.3d 146, 1997 WL 753402, at *2 (9th
Cir. 1997) (unpublished). This liberalization of the waiver rule for affirmative
25 defenses does not change the result here, since LACCD also failed to assert an undue
26 burden defense in its response to Plaintiffs' motion for partial summary judgment.
*See* Dkt. 54.
27 _____

28 *PAYAN, et al. v. LACCD*, **Case No.: 2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF**
**MOTION AND MOTION** *IN LIMINE* **NO. 5**

1
2
3
4
5
6
7
8
9
10

> This subpart does not require a public entity to take any action that it can demonstrate would result in a fundamental alteration in the nature of a service, program, or activity or in undue financial and administrative burdens. In those circumstances where personnel of the public entity believe that the proposed action would fundamentally alter the service, program, or activity or would result in undue financial and administrative burdens, a public entity has the burden of proving that compliance with this subpart would result in such alteration or burdens. The decision that compliance would result in such alteration or burdens must be made by the head of the public entity or his or her designee after considering all resources available for use in the funding and operation of the service, program, or activity and must be accompanied by a written statement of the reasons for reaching that conclusion. If an action required to comply with this subpart would result in such an alteration or such burdens, a public entity shall take any other action that would not result in such an alteration or such burdens but would nevertheless ensure that, to the maximum extent possible, individuals with disabilities receive the benefits or services provided by the public entity.

28 C.F.R. § 35.164.

11
12
13
14
15
16
17
18
19
20
21
22

LACCD has not provided any witnesses or documents demonstrating that it ever evaluated possible ways to provide blind students with equally effective communication within any particular program or service and then determined it would be an undue hardship. Indeed, LACCD has produced no discovery at all regarding the resources available to it for funding its services, programs, or activities, or the additional resources necessary to fulfill its obligations under Title II, including the obligation to communicate with blind students in a manner equally effective to how it communicates with sighted students. Because LACCD has failed to abide by regulations implemented under Title II to demonstrate it evaluated a program or service and then determined that ADA compliance would constitute an undue burden, it should be precluded from asserting that affirmative defense at trial.

23
24
25
26
27
28

*PAYAN, et al. v. LACCD*, **Case No.: 2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5**

1

## Conclusion

2       For the foregoing reasons, the Court should exclude any and all witnesses and

3   exhibits proffered by LACCD in support of an affirmative defense that it failed to

4   make its programs, services, or activities accessible to blind students because to do so

5   would constitute an undue financial or administrative burden.

6

7                                              Respectfully submitted,

Dated:  January 12, 2018                **BARBOSA GROUP**

8

9                                              *P Barbosa*

10                                             _____
                                               Patricia Barbosa

11                                             **BROWN GOLDSTEIN & LEVY, LLP**

12

13                                             *Noreen B. Summo*

                                               _____
14                                             Sharon Krevor-Weisbaum
                                               Joseph B. Espo
15                                             Jean M. Zachariasiewicz

16                                             *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27
     _____
28   *PAYAN, et al. v. LACCD*, **Case No.:  2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF
     MOTION AND MOTION *IN LIMINE* NO. 5**

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on January 12, 2018, a copy of the foregoing Plaintiffs'

3   Notice of Motion and Motion in Limine to Preclude any Evidence Relating to Undue

4   Burden Defense and proposed Order were delivered by the Court's e-filing system to:

5   Richard E. Morton, Esquire
    Yvette Davis, Esquire
6   Bethsaida C. Obra-White, Esquire
    Haight Brown & Bonesteel LLP
7   2050 Main Street, Suite 600
    Irvine, California  92614
8   Telephone:  (714) 426-4600
    Facsimile:  (714) 754-0826
9   rmorton@hbblaw.com
    ydavis@hbblaw.com

10
    *Attorneys for Defendant Los Angeles*
11  *Community College District*

12

13  _____
                    Joseph B. Espo
14

15

16

17

18

19

20

21

22

23

24

25

26

27
    _____
28  *PAYAN, et al. v. LACCD*, **Case No.:  2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF**
    **MOTION AND MOTION** *IN LIMINE* **NO. 5**

9