Patricia Barbosa (SBN 125685)
pbarbosa@barbosagrp.com
**BARBOSA GROUP**
8092 Warner Avenue
Huntington Beach, California  92647
Phone: (714) 465-9486

Sharon Krevor-Weisbaum
skw@browngold.com
Joseph B. Espo
jbe@browngold.com
Jean M. Zachariasiewicz
jmz@browngold.com
**BROWN, GOLDSTEIN & LEVY LLP**
120 East Baltimore Street, Suite 1700
Baltimore, Maryland  21202
Phone: (410) 962-1030

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROY PAYAN, PORTIA MASON, THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br> Defendant. | Case No.: 2:17-cv-01697-SVW(SKx) <br> **Civil Rights** <br><br> **MOTION *IN LIMINE* NO. 6** <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE RELATING TO NON-DISCRIMINATORY INTENT AS AFFIRMATIVE DEFENSE** <br><br> Hearing Date: February 12, 2018 <br> Time: 3:00 p.m. <br> Location: 350 W. 1st Street <br> Los Angeles, CA 90012 <br> Courtroom 10A <br><br> **Trial Date: Feb. 20, 2018** |

---

*PAYAN, et al. v. LACCD*, Case No.:  2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on February 12, 2018, at 3:00 p.m., or at such other date and time as may be ordered by the Court, in Courtroom 10A of the above-captioned Court, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiffs Roy Payan, Portia Mason, National Federation of the Blind, Inc., and National Federation of the Blind of California, Inc. will and hereby do move this Court for an order *in limine* to exclude any testimony or evidence of non-discriminatory intent as an affirmative defense.

This motion is based upon this Notice of Motion, Motion, and Memorandum of Points and Authorities; the pleadings, records, and files in this action; and any oral and documentary evidence as may be presented at the hearing on the motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which was held in person and by phone on December 26, 2017.  *See* Declaration of Joseph B. Espo ("Espo Dec.") ¶ 2.

Dated:  January 12, 2018                                **BARBOSA GROUP**

*/s/ P Barbosa*
_____
Patricia Barbosa

**BROWN GOLDSTEIN & LEVY, LLP**

*/s/ Daniel B. Goldstein*
_____
Daniel F. Goldstein
Sharon Krevor-Weisbaum
Joseph B. Espo, Esq.
Jean M. Zachariasiewicz

*Attorneys for Plaintiffs*

---

*PAYAN, et al. v. LACCD*, Case No.:  2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6

Plaintiffs, through undersigned counsel, move to exclude all testimony of Defendant's alleged good intentions, or non-discriminatory intentions, in providing its programs and services to blind students, or in how it operates its programs, services, or activities. Good faith, good intentions, or non-discriminatory intent are not an affirmative defense to violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Accordingly, the Court should preclude Defendant's assertion of this defense at trial.

## Background

This case is brought by two students of Los Angeles Community College District ("LACCD") and two organizations of blind individuals, all of whom allege that Defendant LACCD fails to satisfy its obligations under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, *et seq.*, and Section 504 of the 1973 Rehabilitation Act, 29 U.S.C. § 794, to provide equal participation in and benefit of the programs and services offered to sighted students. Specifically, Plaintiffs allege that LACCD has failed in its affirmative duty to provide blind students equally effective communication of their educational materials. Plaintiffs here are seeking compensatory damages under the statutes, as well as injunctive relief prohibiting LACCD from violating Title II and the Rehabilitation Act, and requiring LACCD to fully and timely provide accessible textbooks, course materials, and software to its blind students.

## Argument

**I.  Defendant's purported lack of discriminatory intent is not an affirmative defense for violations of Title II.**

To prove a violation of Title II, Plaintiffs must establish: 1) they are qualified students with a disability; 2) they were denied or excluded from participation in or denied the benefits of LACCD's services, programs, or activities, or were otherwise discriminated against by LACCD; and (3) such exclusion, or denial of benefits, or

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6

discrimination was by reason of their disability (blindness).  *Duvall v. Cnty. of Kitsap*, 260 F. 3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2011).  Plaintiffs must show the same three elements, as well as that the public entity receives federal funds related to the programs and services, to prove a violation of Section 504.  *Id.*; *see also Wong v. Regents of Univ. of California*, 192 F.3d 807, 816 (9th Cir. 1999).  Plaintiffs may prove a violation of Title II or Section 504 by establishing LACCD violated a regulation enacted to eliminate the discrimination alleged by Plaintiffs.  Such a showing would demonstrate that LACCD denied Plaintiffs "meaningful access to public education" of its programs or services by violating a regulation implemented to carry out the obligations under these statutes.  *A.G. v. Paradise Valley Unified Sch. Dist. No. 69,* 815 F.3d 1195, 1204 (9th Cir. 2016).

What is decidedly *not* required to prove a violation of either statute, or obtain injunctive relief, is discriminatory intent by LACCD.  *Crowder v. Kitigawa* (81 F.3d 1480, 1483–1484 (9th Cir. 1996)[1]; *Duvall*, 260 F.3d 1124 at 1139; *Updike v. Multnomah Cty.*, 870 F.3d 939, 950–51 (9th Cir. 2017).  Indeed, as the Ninth Circuit has confirmed time and again, the explicit mandate of the ADA is to "cover both intentional discrimination *and* discrimination as a result of facially neutral laws."  *Crowder*, 81 F.3d at 1484 (emphasis added).

Here, Defendant has signaled its intent to introduce a "reasonable accommodations" defense to Plaintiffs' request for injunctive relief.  *See* Defendant's Disputed Jury Instruction 18.  But the intentions of the LACCD staff, or the "reasonableness" of their attempts to provide accommodations, are simply irrelevant to Defendant's liability.  Waiting to provide reasonable accommodations until there

---

[1] The *Crowder* Court also pointed out that the Supreme Court interpreted the Rehabilitation Act in *Alexander v. Choate* as not requiring proof of intentional discrimination for a plaintiff to prevail, and held that this interpretation applied to claims under the ADA as well.  *See Crowder*, 81 F.3d at 1484 (citing *Alexander v. Choate* 469 U.S. 287, 294 (1985)).

*PAYAN, et al. v. LACCD*, Case No.:  2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6

4

have been repeated complaints of ineffectual or inaccessible communication is not an affirmative defense to a showing of disparate impact on Plaintiffs, or a denial of "meaningful access."  Therefore, the good intentions or non-discriminatory intent defense has no applicability to Plaintiffs' claim for injunctive relief, and LACCD should not be permitted to introduce evidence in support of such a defense at trial.

## II. A showing of intentional discrimination to obtain damages may be proven by showing a violation of regulations implemented to carry out the purposes of the ADA or Rehabilitation Act.

To recover compensatory damages under Title II, Plaintiffs must prove intentional discrimination or deliberate indifference, as defined by the Ninth Circuit. *Duvall*, 260 F. 3d at 1138–39.  Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely and a failure to act upon that the likelihood. *Id.* As recently discussed by the Ninth Circuit,

> When the plaintiff has alerted the public entity to his need for accommodation (*or where the need for accommodation is obvious, or required by statute or regulation*), the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test."  To meet the second prong, the entity's failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness.

*Updike v,* 870 F.3d at 951 (emphasis added) (internal citations and quotations omitted).

Under Title II regulations Defendant is prohibited from "discriminatory conduct."   The discriminatory conduct in this case includes: failing to take steps to modify discriminatory policies, practices, or procedures; offering Plaintiffs an unequal opportunity to participate in and benefit from educational programs; offering Plaintiffs unequal benefits because they are blind; and denying Plaintiffs an opportunity to obtain the same results, or level of achievement, provided to sighted students. *See,* 28 C.F.R. § 35.130; 34 C.F.R. § 104.4.

In passing the ADA, Congress sought to eliminate discrimination against individuals with sensory disabilities, including blindness. Department of Justice regulation 28 C.F.R. § 35.160 requires Defendant to take steps to *ensure* that it provides blind students with "equally effective communication" as that offered to sighted students.

Nevertheless, Defendant seeks to introduce a "reasonable accommodation" jury instruction that incorporates a "good intentions" defense. Defendant's Disputed Jury Instruction 18, page 33-34, for "reasonable accommodations" uses the elements of a Title I employment case in making the argument that good intentions are a defense. Thus, Defendant is attempting to use inapplicable employment law instead of using the applicable Title II law. Because "good intentions" are not a defense to a finding of discrimination for claims made under Title II of the ADA, the Court should preclude Defendant from asserting the defense.

## Conclusion

The affirmative defense of good intentions or non-discriminatory intent has no relevance to this Title II and Rehabilitation Act case. Plaintiffs accordingly request that the Court exclude any evidence or testimony of Defendant's alleged good intentions, or the lack of discriminatory intent, as an affirmative defense to liability in this matter.

Respectfully submitted,

Dated: January 12, 2018  **BARBOSA GROUP**

*P Barbosa*

Patricia Barbosa

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6

|   |   |
|---|---|
| 1 | **BROWN GOLDSTEIN & LEVY, LLP** |
| 2 | |
| 3 | _/s/ Joseph B. Espo_ |
|   | Sharon Krevor-Weisbaum |
|   | Joseph B. Espo |
| 4 | Jean M. Zachariasiewicz |
| 5 | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2018, a copy of the foregoing Plaintiffs' Notice of Motion and Motion in Limine to Exclude any Evidence Relating to Non-Discriminatory Intent as Affirmative Defense and proposed Order were delivered by the Court's e-filing system to:

Richard E. Morton, Esquire
Yvette Davis, Esquire
Bethsaida C. Obra-White, Esquire
Haight Brown & Bonesteel LLP
2050 Main Street, Suite 600
Irvine, California  92614
Telephone:  (714) 426-4600
Facsimile:  (714) 754-0826
rmorton@hbblaw.com
ydavis@hbblaw.com

*Attorneys for Defendant Los Angeles Community College District*

_/s/ Joseph B. Espo_
Joseph B. Espo

---

*PAYAN, et al. v. LACCD*, Case No.:  2:17-cv-01697- SVW-SKx; PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6