1   Patricia Barbosa (SBN 125685)
    pbarbosa@barbosagrp.com
2   **Barbosa Group**
    8092 Warner Avenue
3   Huntington Beach, California 92647
    Phone: (714) 465-9486
4
    Sharon Krevor-Weisbaum
5   skw@browngold.com
    Joseph B. Espo
6   jbe@browngold.com
    Jean M. Zachariasiewicz
7   jmz@browngold.com
    **BROWN, GOLDSTEIN & LEVY LLP**
8   120 East Baltimore Street, Suite 1700
    Baltimore, Maryland 21202
9   Phone: (410) 962-1030

10  *Attorneys for Plaintiffs*

11

12              **IN THE UNITED STATES DISTRICT COURT**

13          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14

15  ROY PAYAN, PORTIA MASON, THE      ) Case No.: 2:17-cv-01697-SVW(SKx)
    NATIONAL FEDERATION OF THE        )
16  BLIND, INC., and THE NATIONAL     ) **Civil Rights**
    FEDERATION OF THE BLIND OF        )
17  CALIFORNIA, INC.,                 ) **REVISED [PROPOSED] JOINT**
                                      ) **JURY INSTRUCTIONS;**
18                  Plaintiffs,       ) **PLAINTIFFS' JURY**
                                      ) **INSTRUCTIONS;**
19  vs.                               ) **DEFENDANT'S JURY**
                                      ) **INSTRUCTIONS; VERDICT**
20  LOS ANGELES COMMUNITY             ) **SHEETS**
    COLLEGE DISTRICT,                 )
21                                    ) Hearing Date: May 6, 2019
                                      ) Time: 3:00 p.m.
22                  Defendant.        ) Location: 350 W. 1ˢᵗ Street, Los
                                      ) Angeles, CA 90012
23                                    ) Courtroom 10A
                                      )
24                                    )
                                      ) **Trial Date: May 14, 2019**
25  _____)

26

27

28  _____
              *PAYAN & MASON v. LACCD*, Case No.:  2:17-cv-01697- SVW(SKx)
              REVISED PROPOSED JURY INSTRUCTIONS AND VERDICT SHEETS

# INDEX OF JOINT JURY INSTRUCTIONS

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| | Claims and Defenses | 42 U.S.C. § 12132; 29 U.S.C.A § 794; 34 C.F.R. § 104.4(a) (b); *Duvall v. County of Kitsap*, 260 F. 3d 1124, 1135 (9th Cir. 2001), *K.M. Bright v. Tustin*, 725 F.3d 1088 (9th Cir. 2013) | 6 |
| | Title II of The ADA Elements | 42 U.S.C. § 12131; 42 U.S.C. § 12132; 28 C.F.R. § 35.104; *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002) | 7 |
| | Title II of The Americans With Disabilities Act: Discrimination Prohibited | 42 U.S.C. § 12131; 42 U.S.C. § 12132; 28 C.F.R. § 35.104; *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002) | 8 |
| | Section 504 of the Rehabilitation Act | 29 U.S.C. § 794(a); 29 U.S.C. § 794(b)(2)(A). | 9 |
| | Qualified Individual with A Disability | 42 U.S.C. § 12131; 35 C.F.R. § 104 | 10 |
| | "Discrimination" Defined | 28 C.F.R. § 35.130(b)(1) | 11 |
| | Equally Effective Communication | 42 U.S.C. § 12103(1)(B); 28 C.F.R. § 35.104. | 12 |
| | Auxiliary Aids and Services | 42 U.S.C. § 12103(1)(B); 28 C.F.R. § 35.104. | 13 |
| | Unlawful Methods of Administration | 28 C.F.R. § 35.130(b)(3) | 14 |
| | Modification of Discriminatory Policies or Practices | 42 U.S.C. § 12132(a); 42 U.S.C. § 12182(b)(2)(A)(ii); *Memmer v. Marin City. Courts,* 169 F.3d 630, 633-34 (9th Cir. 1999) | 15 |
| | Meaningful Access | *Crowder v. Kitagawa, 81 F.3d 1480 (9th Cir. 1996).* | 16 |
| | Violation Established | *Payan, et al. v. Los Angeles Community College District*, Order Granting in Part | 17 |

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| | | Plaintiffs' Second Renewed Motion for Partial Summary Judgment as to Liability, April 23, 2019 (Dkt. 183) | |
| | Organizational Plaintiffs | *National Federation of the Blind v. Target, Corp.*, 582 F. Supp. 2d 1185, 1191-92 (N.D. Cal. 2007) | 18 |
| | Organizational Plaintiffs | *National Federation of the Blind v. Target, Corp.*, 582 F. Supp. 2d 1185, 1191-92 (N.D. Cal. 2007) | 19 |
| | Damages—Proof | Ninth Circuit Pattern Jury Instructions Civil, No. 5.1 & 5.2 | 20 |
| | Damages Arising in The Future – Discount to Present Cash Value | Model Civil Jury Instruction for the District Courts of the Ninth Circuit, Civil Instruction No. 5.4 *Monessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 339-42 (1988); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 508-09 (9th Cir. 2000). | 21 |

## INDEX OF PLAINTIFFS' JURY INSTRUCTIONS

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| | Equal Opportunity | 28 C.F.R. § 35.130(b)(1)(ii); 34 C.F.R. § 104.4(b)(1)(ii) | 23 |
| | Intent Not Required for Finding of Violation of Title II the ADA or Section 504 | 42 U.S.C. §§ 12131–12134; 29 U.S.C. § 794(b)(2)(B); *Duvall v. City of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of Reh'g* (Oct. 11, 2001); *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *Updike v. Multnomah City.*, 870 F.3d 939, 950–51 (9th Cir. 2017). | 26 |
| | Violation Established | *Payan, et al. v. Los Angeles Community College District*, Order Granting in Part Plaintiffs' Second Renewed Motion for | 29 |

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| | | Partial Summary Judgment as to Liability, April 23, 2019 (Dkt. 183) | |
| | Damages Available for Violations Of Title II of The Ada And Section 504 | 42 U.S.C. §§ 12131–12134; 29 U.S.C. § 794(b)(2)(B); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of Reh'g* (Oct. 11, 2001); *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *Updike v. Multnomah Cty.*, 870 F.3d 939, 950–51 (9th Cir. 2017) | 30 |

## INDEX OF DEFENDANT'S JURY INSTRUCTIONS

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| | ADA and Rehabilitation Act Of 1973 Actions— Reasonable Accommodation | Model Civil Jury Instruction for the District Courts of the Ninth Circuit, Civil Instruction No. 12.7 42 U.S.C. § 12111(9); 28 C.F.R. 35.130(b)(7) 28 C.F.R. § 35.140 29 C.F.R. §§ 1630.2(o)(1)(i), (3), 1630.9(d); *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 405-06 (2002); *Nelson v. Thornburgh*, 567 F.Supp. 369 (E.D. Pa. 1983), aff'd, 721 F2d 146 (3d Cir. 1984) Mark C. Weber, *Disability Discrimination by State and Local Government: The Relationship Between Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act* (1995) 36 Wm. & Mary L. Rev. 1089, 1100-1102 *Henrietta D. v. Giuliani*, 119 F.Supp.2d 181 (E.D.N.Y.2000) | 36 |

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
|  |  | *First Step, Inc. v. City of New London*, 247 F.Supp.2d 135 (D.Conn.2003) *Mczaczyj v. State of N.Y.*, 956 F.Supp. 403, 408 (W.D. NY 1997) |  |
|  | Duty to Mitigate Damages | Model Civil Jury Instruction for the District Courts of the Ninth Circuit, Civil Instruction No. 5.3 42 U.S.C. § 12117; 42 U.S.C.A. § 12133; 29 U.S.C. § 794a; *Picinich v. United Parcel Service*, 583 F.Supp.2d 336 (N.D.N.Y.2008); *Brown v. Smith*, 827 F.3d 609 (7th Cir. 2015); *E.E.O.C. v. Western Trading Co., Inc.*, 291 F.R.D. 615 (D.Colo.2013); *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F.Supp.3d 1269 (D.Kan.2016) | 45 |

## INDEX OF VERDICT SHEETS

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
|  | Plaintiffs' Proposed Verdict Sheet |  | 51 |
|  | Defendant's Proposed Verdict Sheet |  | 57 |

The Parties hereby submit their Revised [Proposed] Joint Jury Instructions.

**Joint Proposed Jury Instruction No. 1**

**CLAIMS AND DEFENSES**

A brief summary of the positions of the Parties:

Individual Plaintiffs Roy Payan and Portia Mason and organizational plaintiffs the National Federation of the Blind and the National Federation of the Blind of California ("Plaintiffs") claim that Defendant, the Los Angeles Community College District ("Defendant" or "the District") has violated its obligations under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, by denying Mr. Payan and Ms. Mason an equal opportunity to fully participate in or receive the benefits of the educational programs and services it offers students by reason of their blindness.

Plaintiffs have the burden of proving that by reason of their blindness Mr. Payan and Ms. Mason were excluded from or denied the benefits of the District's programs and services offered to sighted students.

Defendant denies those claims.

I will now explain each element of Plaintiffs' claims.

**Authority:** 42 U.S.C. § 12132; 29 U.S.C.A § 794; 34 C.F.R. § 104.4(a) (b); *Duvall v. County of Kitsap*, 260 F. 3d 1124, 1135 (9th Cir. 2001), *K.M. ex rel. Bright v. Tustin*, 725 F.3d 1088 (9th Cir. 2013).

**Joint Proposed Jury Instruction No. 2**

**TITLE II OF THE ADA ELEMENTS**

To establish a claim under Title II of the Americans with Disabilities Act, or ADA, the individual Plaintiffs must prove:

> 1.      They are qualified individuals with disabilities,
>
> 2.      They were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or were otherwise discriminated against by the public entity, and
>
> 3.      Such exclusion, denial of benefits, or discrimination was by reason of their disability.

Plaintiffs and Defendant have agreed that Mr. Payan and Ms. Mason are qualified individuals with disabilities and that the District is a public entity.

**Authority**: 42 U.S.C. § 12131; 42 U.S.C. § 12132; 28 C.F.R. § 35.104; *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002); *Duvall v. County of Kitsap*, 260 F. 3d 1124, 1135 (9th Cir. 2001).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Joint Proposed Jury Instruction No. 3**

**TITLE II OF THE AMERICANS WITH DISABILITIES ACT:**

**DISCRIMINATION PROHIBITED**

Plaintiffs first seek relief under Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12131 et seq.) for alleged discrimination.  Title II prohibits public entities, including the District and each of its colleges, from discriminating against individuals with disabilities. The law provides that:

No qualified individual with a disability shall, by reason of such disability:

    (1)    Be excluded from participation in the services, programs, or activities of a public entity; or,

    (2)    Be denied the benefits of the services, programs, or activities of a public entity; or

    (3)    Be subjected to discrimination by any public entity.

The definition of a "public entity" includes any instrumentality of a state or local government, including a community college district.

**Authority**: 42 U.S.C. § 12131; 42 U.S.C. § 12132; 28 C.F.R. § 35.104; *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002).

1

**Joint Proposed Jury Instruction No. 4**

2

**SECTION 504 OF THE REHABILITATION ACT**

3

The individual Plaintiffs' second claim alleges the District discriminated

4
against them by violating Section 504 of the Rehabilitation Act of 1973.  Section 504

5
of the Rehabilitation Act provides, in part, that no otherwise qualified individual with

6
a disability shall, solely by the reason of her or his disability, be:

7
        (a)     Excluded from participation in,

8
        (b)     Denied the benefits of, or

9
        (c)     Subjected to discrimination under any program or activity

10
              receiving Federal financial assistance.

11
The Parties have agreed that Mr. Payan and Ms. Mason are qualified

12
individuals with a disability, and that LACCD receives Federal Financial Assistance

13
and offers programs and services to disabled students.

14

15
**Authority**: 29 U.S.C. § 794(a); 29 U.S.C. § 794(b)(2)(A).

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Joint Proposed Jury Instruction No. 5**

**QUALIFIED INDIVIDUAL WITH A DISABILITY**

To be a qualified individual with a disability under Section 504 of the Rehabilitation Act or Title II of the ADA means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of communication barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

The Parties agree that Mr. Payan and Ms. Mason are qualified individuals with a disability.

**Authority**: 42 U.S.C. § 12131; 35 C.F.R. § 104.3.

1

**Joint Proposed Jury Instruction No. 6**

2

**"DISCRIMINATION" DEFINED**

3

General prohibitions against discrimination by a public entity include:

4
5

(1)    Denying a qualified individual with a disability the opportunity to participate in or benefit from an aid, benefit, or service;

6
7
8

(2)    Affording a qualified individual with a disability an opportunity to participate in or benefit from an aid, benefit, or service that is not equal to that afforded others;

9
10
11
12

(3)    Providing a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others; or

13
14
15

(4)    Otherwise limiting a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service.

16

17

**Authority**: 28 C.F.R. § 35.130(b)(1).

18

19

20

21

22

23

24

25

26

27

28

**Joint Proposed Jury Instruction No. 7**

**EQUALLY EFFECTIVE COMMUNICATION**

The District has an affirmative obligation to take appropriate steps to ensure that communications with blind applicants, participants, members of the public, and companions are as effective as communications with others.

The District is required to furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity.

The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place.  In determining what types of auxiliary aids and services are necessary, the District is required to give primary consideration to the requests of individuals with disabilities. In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

**Authority**: 28 C.F.R. § 35.160 (a)-(b); 34 C.F.R. § 104.4 (a),(b)(1)(iii); *K.M. ex rel. Bright v. Tustin*, 725 F.3d 1088 (9th Cir. 2013).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Joint Proposed Jury Instruction No. 8**

**AUXILIARY AIDS AND SERVICES**

Where necessary to provide equal opportunity and equally effective communication, Defendant may be required to provide Plaintiffs with auxiliary aids and services, which include qualified readers, taped texts, audio recordings, Brailled materials and displays, screen reader software, magnification software, optical readers, secondary auditory programs (SAP), large print materials, accessible electronic and information technology, or other effective methods of making visually delivered materials available to individuals who are blind or have low vision.

**Authority**: 42 U.S.C. § 12103(1)(B); 28 C.F.R. § 35.104.

1
2

**Joint Proposed Jury Instruction No. 9**

**UNLAWFUL METHODS OF ADMINISTRATION**

3     A public entity may not, directly or through contractual or other arrangements,

4 use criteria or methods of administration that have the effect of subjecting qualified

5 individuals with disabilities to discrimination on the basis of disability or that have

6 the purpose or effect of defeating or substantially impairing accomplishment of the

7 objectives of the public entity's program with respect to individuals with disabilities.

8

9 **Authority**: 28 C.F.R. § 35.130(b)(3).

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Joint Proposed Jury Instruction No. 10**

**MODIFICATION OF DISCRIMINATORY POLICIES OR PRACTICES**

"Discrimination" under both the Americans with Disabilities Act and the Rehabilitation Act includes the failure of a public entity "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities."

To establish a claim for failure to modify policies and practices, three inquiries should be made:

a.   Whether the requested modification is reasonable;

b.   Whether the requested modification is necessary for the disabled person to obtain full and equal access; and

c.   Whether it would fundamentally alter the nature of the goods and services offered to make the modification.

**Authority:** 42 U.S.C. § 12132(a); 42 U.S.C. § 12182(b)(2)(A)(ii); *Memmer v. Marin Cty. Courts*, 169 F.3d 630, 633-34 (9th Cir. 1999).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Joint Proposed Jury Instruction No. 11**

**MEANINGFUL ACCESS**

A public entity may not deprive an individual with a disability from meaningful access to its services, programs, or activities.  Individuals with disabilities are deprived meaningful access when they are disproportionately burdened because of their unique needs, or unable to access services, programs, and activities that remain open and easily accessible to individuals without disabilities.


**Authority:**  *Crowder v. Kitagawa*, 81 F.3d 1480 (9th Cir. 1996).

1
2

**Joint Proposed Jury Instruction No. 12**

**VIOLATION ESTABLISHED**

3       I have made a legal determination that Defendant violated its obligations under

4   the Americans with Disabilities Act and the Rehabilitation Act by failing to provide

5   Plaintiff Roy Payan with meaningful access to his course materials in the math

6   classes in which Payan enrolled, either through the MyMathLab software program or

7   via equivalent accessible assignments from a math textbook in a timely manner.

8       You must accept this determination.

9

10   **Authority:**   *Payan, et al. v. Los Angeles Community College District*, Order Granting

11                 in Part Plaintiffs' Second Renewed Motion for Partial Summary

12                 Judgment as to Liability, April 23, 2019 (Dkt. 183)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Joint Proposed Jury Instruction No. 13**

**ORGANIZATIONAL PLAINTIFFS**

3

4

5

If you find that the NFB and the NFB of California had to divert their resources from other matters to combat Defendant's discrimination, you should find in favor of the NFB and the NFB of California.

6

7

8

**Authority:** *Nat'l Federation of the Blind v. Target, Corp.*, 582 F. Supp. 2d 1185, 1191-92 (N.D. Cal. 2007).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Joint Proposed Jury Instruction No. 14**

**ORGANIZATIONAL PLAINTIFFS**

You should find for the NFB and the NFB of California if you find that their members are likely to be the subject of discrimination by LACCD in the future.

**Authority:** *Nat'l Federation of the Blind v. Target, Corp.*, 582 F. Supp. 2d 1185, 1191-92 (N.D. Cal. 2007).

**Joint Proposed Jury Instruction No. 15**

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for either Ms. Mason or Mr. Payan on either of their claims, you must determine that plaintiff's damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by Defendant.

In determining the measure of damages, you should consider:

1.    The nature and extent of the injuries;

2.    The mental and emotional pain and suffering experienced;

3.    The reasonable value of earnings and earning capacity lost up to the present time;

4.    The reasonable value of earnings and earning capacity that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

Neither the NFB nor the NFB of California is seeking damages.

**Authority**: Ninth Circuit Pattern Jury Instructions Civil, No. 5.1 & 5.2.

**Joint Proposed Jury Instruction No. 16**

**DAMAGES ARISING IN THE FUTURE – DISCOUNT TO**
**PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money that may be caused by future inflation.

**Authority:** Model Civil Jury Instruction for the District Courts of the Ninth Circuit, Civil Instruction No. 5.4; *Monsessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 449-42 (1988); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 508-09 (9th Cir. 2000).

Patricia Barbosa (SBN 125685)
pbarbosa@barbosagrp.com
**Barbosa Group**
8092 Warner Avenue
Huntington Beach, California 92647
Phone: (714) 465-9486

Sharon Krevor-Weisbaum
skw@browngold.com
Joseph B. Espo
jbe@browngold.com
Jean M. Zachariasiewicz
jmz@browngold.com
**BROWN, GOLDSTEIN & LEVY LLP**
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
Phone: (410) 962-1030

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

ROY PAYAN, PORTIA MASON, THE
NATIONAL FEDERATION OF THE
BLIND, INC., and THE NATIONAL
FEDERATION OF THE BLIND OF
CALIFORNIA, INC.,

              Plaintiffs,

vs.

LOS ANGELES COMMUNITY
COLLEGE DISTRICT,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:17-cv-01697-SVW(SKx)
**Civil Rights**

**[PROPOSED] PLAINTIFFS'
JURY INSTRUCTIONS**

Hearing Date: May 6, 2019
Time: 3:00 p.m.
Location: 350 W. 1st Street, Los
Angeles, CA 90012
Courtroom 10A

**Trial Date: May 14, 2019**

1   Plaintiffs hereby submit their Revised [Proposed] Jury Instructions.

2   **Plaintiffs' Proposed Jury Instruction No. 17**

3   **EQUAL OPPORTUNITY**

4   Both Title II of the ADA and Section 504 of the Rehabilitation Act require that

5   the District provide Mr. Payan and Ms. Mason with an opportunity equal to that

6   offered to sighted students to participate in and receive the benefits of the programs

7   and services offered by the District.

8

9   <u>**Authority**</u>: 28 C.F.R. § 35.130(b)(1)(ii); 34 C.F.R. § 104.4(b)(1)(ii).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*PAYAN & MASON v. LACCD*, Case No.:  2:17-cv-01697- SVW(SKx)
REVISED PROPOSED JURY INSTRUCTIONS AND VERDICT SHEETS

1

**Defendant's Position Regarding Instruction Entitled "Equal Opportunity"**

2
3
4

Defendant maintains that Plaintiffs' proposed instruction strays from the statutory language of 28 C.F.R. § 35.130(b)(1)(ii), and should be replaced with the following:

5
6
7
8
9

> Both Title II of the ADA and Section 504 of the
> Rehabilitation Act require that the District afford a qualified
> individual with a disability an opportunity to participate in
> or benefit from the aid, benefit, or service that is equal to
> that afforded others.

10
11
12

Defendant contends its proposed instruction mirrors the statutory language of 28 C.F.R. § 35.130(b)(1)(ii) *without change*, and more clearly expresses the issue to the jury.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Plaintiffs' Response to Proposed Jury Instruction No. 17</u>**

**"Equal Opportunity"**

Plaintiffs' proposed instruction is accurate because LACCD must provide Mr. Payan and Ms. Mason with equal opportunity.  By virtue of being accepted for enrollment at LACCD, Mr. Payan and Ms. Mason are "qualified individuals with a disability," as that term is defined by Title II and Section 504.  *See* 42 U.S.C.A. § 12131(2) (defining "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."); 34 C.F.R. § 104.3 (defining "qualified handicapped person" as "a handicapped person who meets the academic and technical standards requisite to admission or participation in the recipient's education program or activity."). Further, in previous filings with the Court Defendant has admitted that Mr. Payan and Ms. Mason are qualified individuals with disabilities.  *See* Dkt. 57-1 at 6, Fact No. 4. Thus, the instruction need not include that term, which only serves to make the instruction more complicated.  Instead, the jury should be instructed in plain English on the meaning of "equal opportunity" under the law, which is accurate as presented in Plaintiffs' instruction.

**Plaintiffs' Proposed Jury Instruction No. 18**

**INTENT NOT REQUIRED FOR FINDING OF VIOLATION OF TITLE II**

**OF THE ADA OR SECTION 504**

Plaintiffs do not need to prove intentional discrimination or ill-will for a finding of a violation of Title II of the ADA or Section 504 of the Rehabilitation Act.

**Authority**: 42 U.S.C. §§ 12131–12134; 29 U.S.C. § 794(b)(2)(B); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of Reh'g* (Oct. 11, 2001); *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *Updike v. Multnomah Cty.*, 870 F.3d 939, 950–51 (9th Cir. 2017).

**Defendant's Position regarding Instruction entitled "Intent Not Required for Finding of Violation of Title II The ADA or Section 504"**

Defendant maintains that this instruction should not be given to the jury because the jury does not decide whether or not a violation of the law has occurred -- the Court resolves issues of law and the jury makes fact findings.

Defendants understand why Plaintiffs desire this instruction (i.e. because Plaintiffs can obtain injunctive relief even if discrimination unintentional) but the instruction will only confuse the jury as phrased. Moreover, a later instruction (on which the parties only have slight verbiage disputes) instructs the jury that "[i]n order to award damages…you must find that Defendant intentionally discriminated…." Accordingly, the proposed instruction by plaintiff will likely only serve to confuse the jury – who does not make the decision about injunctive relief anyway.

Finally, the instruction is unnecessary because the verdict form will ultimately ask two questions (the answers to which will govern the available relief): (1) did the District discriminate against [named plaintiff]; and (2) If you concluded that the District Discriminated against [named plaintiff], was that discrimination intentional. Because the jury will be answering these two questions of *fact*, it is unnecessary to offer them an instruction that tells them what constitutes a violation of *the law*. It will only serve to confuse the jury.

For this reason, Defendant requests this instruction be omitted entirely.

**Plaintiffs' Response to Proposed Jury Instruction No. 18**

**Intent Not Required for Finding of Violation**

**of Title II of the ADA or Section 504**

Defendant's position is incorrect. It is the province of the jury to decide the factual question of whether or not Defendant discriminated against Plaintiffs and violated Title II and Section 504. Because determining whether or not Defendant violated Title II and Section 504 is the first step in the chain in determining intent and therefore damages, it is appropriate to instruct the jury on this issue. Where a case presents both legal and equitable issues, "any legal issues for which a trial by jury is timely and properly demanded [must] be submitted to a jury." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 473 (1962). Here, the jury must decide the legal issue of Defendant's liability under Title II and Section 504, before it can determine whether Defendant acted with intent and is liable for damages. The instruction is proper.

**Plaintiffs' Proposed Revised Jury Instruction No. 19**

**VIOLATION ESTABLISHED**

I made a determination that Defendant violated its obligations under the Americans with Disabilities Act and the Rehabilitation Act by failing to provide blind students with meaningful access to its website and library databases.

You must accept this determination.

**Authority:** *Payan, et al. v. Los Angeles Community College District*, Order Granting in Part Plaintiffs' Second Renewed Motion for Partial Summary Judgment as to Liability, April 23, 2019 (Dkt. 183)

---

*PAYAN & MASON v. LACCD*, Case No.: 2:17-cv-01697- SVW(SKx)
REVISED PROPOSED JURY INSTRUCTIONS AND VERDICT SHEETS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiffs' Proposed Jury Instruction No. 20**

**DAMAGES AVAILABLE FOR VIOLATIONS OF**

**TITLE II OF THE ADA AND SECTION 504**

Although you do not need to have found intent to find a violation of Title II of the ADA or Section 504 of the Rehabilitation Act, in order to award damages to either Mr. Payan or Ms. Mason, you must find that Defendant intentionally discriminated against him or her. Therefore, if you find in favor of either individual Plaintiff and against the Defendant on liability, you must then decide the issue of that Plaintiffs' damages.

In order to prove the factor of intentional discrimination, the individual Plaintiff must show by a preponderance of the evidence that Defendant demonstrated an intentional or willful violation of the law, or a deliberate indifference toward the individual Plaintiffs' rights under the law.  This does not mean that a Plaintiff must show that Defendant intended to discriminate, or that it harbored some ill-will towards Plaintiffs or blind individuals in general.

In cases like this, intentional or willful discrimination is shown by an intentional, or willful, violation of the law. That is, where a public entity is on notice that its failure to provide equal access to its services may violate the law and intentionally opts to provide a lesser or no service it may be found to have intentionally violated the law.

Either Plaintiff also may prevail if he or she proves that LACCD was deliberately indifferent to its obligations. One way to show such deliberate indifference is to prove, by a preponderance of the evidence, that Defendant had knowledge that harm to a federally-protected right was likely, and Defendant failed to act upon that likelihood.

1  **Authority**:  42 U.S.C. §§ 12131–12134; 29 U.S.C. § 794(b)(2)(B); *Duvall v. Cty. of*

2  *Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of Reh'g* (Oct. 11,

3  2001); *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th

4  Cir. 2016); *Updike v. Multnomah Cty.*, 870 F.3d 939, 950–51 (9th Cir. 2017).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendant's Position regarding Instruction entitled "Damages Available**

**for Violations of Title II of the ADA and Section 504"**

Defendant generally agrees with the entirety of Plaintiffs' proposed instruction, but challenges inclusion of the first sentence. Below is the Plaintiffs' proposed instruction with the Defendant's proposed omissions and additions. Omissions are expressed by double-strikethrough font, and additions are expressed in bold/italics/underlined.

~~Although you do not need to have found intent to find a~~
~~violation of Title II of the ADA or Section 504 of the~~
~~Rehabilitation Act, i~~n order to award damages to either
Mr. Payan or Ms. Mason, you must first find that Defendant
intentionally discriminated against that individual.
Therefore, if you find in favor of an individual Plaintiff and
against the Defendant on liability, you must then decide the
issue of that Plaintiffs' damages.
In order to prove the factor of intentional discrimination, the
individual Plaintiff must show by a preponderance of the
evidence that Defendant demonstrated an intentional or
willful violation of the law, or a deliberate indifference
toward the individual Plaintiffs' rights under the law.  This
does not mean that a Plaintiff must show that Defendant
intended to discriminate, or that it harbored some ill-will
towards Plaintiffs or blind individuals in general.
In cases like this, intentional or willful discrimination is
shown by an intentional, or willful, violation of the law.
That is, where a public entity is on notice that its failure to

1  provide equal access to its services may violate the law and

2  intentionally opts to provide a lesser or no service it may be

3  found to have intentionally violated the law.

4  Either Plaintiff also may prevail if he or she proves that

5  LACCD was deliberately indifferent to its obligations. One

6  way to show such deliberate indifference is to prove, by a

7  preponderance of the evidence, that the Defendant had

8  knowledge that harm to a federally-protected right was

9  likely, and Defendant failed to act upon that likelihood.

Defendant's concern with the double-strikethrough language is identical to the

concern as stated with respect to the prior instruction -- it will only serve to confuse

the jury. The verdict form will ultimately ask two questions in this regard (the

answers to which will govern the available relief): (1) did the District discriminate

against [named plaintiff]; and (2) If you concluded that the District Discriminated

against [named plaintiff], was the discrimination intentional. Because the jury will be

answering these two questions of *fact*, it is unnecessary to offer them the statement

"[a]lthough you do not need to have found intent to find a violation…"

Further, the jury does not decide whether or not a violation of the law has occurred --

the Court resolves issues of law and the jury makes fact findings. The double-

strikethrough language above is a representation of what constitutes violation of the

law and need not be presented to the jury.

**Plaintiffs' Response to Proposed Jury Instruction No. 20**

**Damages Available for Violations of Title II of The ADA and Section 504**

Plaintiffs' response is identical to their response to Defendant's objection to the previous instruction. It is the province of the jury to decide the factual question of whether or not Defendant discriminated against Plaintiffs and, and therefore violated the law. Because determining whether or not Defendant violated Title II and Section 504 is the first step in the chain in determining intent and therefore damages, it is appropriate to instruct the jury on this issue. Where a case presents both legal and equitable issues, "any legal issues for which a trial by jury is timely and properly demanded [must] be submitted to a jury." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 473 (1962). Here, the jury must decide the legal issue of Defendant's liability under Title II and Section 504 before it can determine whether Defendant acted with intent and is liable for damages. The instruction is proper.

1   Richard E. Morton (Bar No. 54188)
      *rmorton@hbblaw.com*
2   Yvette Davis (Bar No. 165777)
      *ydavis@hbblaw.com*
3   HAIGHT BROWN & BONESTEEL LLP
    2050 Main Street, Suite 600
4   Irvine, California 92614
    Telephone:  714.426.4600
5   Facsimile:  714.754.0826

6   Attorneys for Defendant
    LOS ANGELES COMMUNITY COLLEGE DISTRICT

7
                    **UNITED STATES DISTRICT COURT**
8
                   **CENTRAL DISTRICT OF CALIFORNIA**
9

10

11   ROY PAYAN; PORTIA MASON;            Case No. 2:17-cv-01697 SVW(SKx)
     THE NATIONAL FEDERATION; OF         **[Civil Rights]**
12   THE BLIND, INC.; and THE
     NATIONAL FEDERATION OF THE          **DEFENDANT'S PROPOSED JURY**
13   BLIND OF CALIFORNIA, INC.,          **INSTRUCTIONS IN DISPUTE AND**
                                         **PARTIES' POSITIONS**
14              Plaintiffs,              **REGARDING SAME**

15        v.

16   LOS ANGELES COMMUNITY
     COLLEGE DISTRICT,                   Hearing Date: May 6, 2019
17                                       Time: 3:00 p.m.
                Defendant.               Location: 350 W. 1st Street, Los
18                                       Angeles, CA 90012
                                         Courtroom 10A
19

20                                       **Trial Date: May 14, 2019**

21

22

23        The proposed instructions are set forth below, with the Parties' respective

24   arguments regarding each appearing thereafter.

25

26

27
                                         _____
28                                       *PAYAN & MASON v. LACCD*, Case No.:  2:17-cv-01697- SVW(SKx)
                                         REVISED PROPOSED JURY INSTRUCTIONS AND VERDICT SHEETS

                                         35

**Defendant's Proposed Jury Instruction No. 21**

**ADA AND REHABILITATION ACT OF 1973 ACTIONS—REASONABLE ACCOMMODATION**

To establish the defendant's duty to provide a reasonable accommodation, the plaintiffs must prove, by a preponderance of the evidence, both of the following elements:

1. the plaintiffs requested an accommodation from the defendant due to a disability.

or

1. the defendant knew, or had reason to know that:

(a) the plaintiffs have a disability;

(b) the plaintiffs were experiencing problems because of the disability; and

(c) the disability prevented the plaintiffs from requesting a reasonable accommodation.

and

2. the defendant could have made a reasonable accommodation that would have enabled the plaintiffs to perform the essential functions of their position as students.

Under the ADA and Rehabilitation Act of 1973, accommodations by the defendant may include, but are not limited to:

(1) modifying or adjusting an application process to enable a qualified applicant with a disability to be considered for the position;

(2) making existing facilities used by students readily accessible to and usable by individuals with disabilities;

(3) part-time or modified schedule;

1

(4) acquisition or modifications of examinations, training materials or policies;

2

(5) provision of qualified readers and interpreters; or

3

(6) other similar accommodations for individuals with plaintiffs' disabilities.

4

It is for you to determine whether the accommodations requested by the

5

plaintiffs are reasonable.

6

A reasonable accommodation does not include changing or eliminating any

7

essential function of the position, shifting any of the essential functions of the subject

8

position to others, or creating a new position for the disabled student.

9

If the plaintiffs reject a reasonable accommodation that could enable the

10

plaintiffs to perform the essential functions of the position, the plaintiffs cannot be

11

considered qualified for the position.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEFENDANT'S RATIONALE FOR GIVING THIS INSTRUCTION**

This instruction models the language of the Ninth Circuit's Model Instruction No. 12.7, applicable to Title I actions under the Americans with Disabilities Act (with slight modifications). Based on the meet and confer efforts between counsel, Defendant understands Plaintiffs argument to be that the "Reasonable accommodation is not the standard" in this Title II case. For the following reasons, Defendant believes that argument is inaccurate.

In a lengthy comparison between Title II of the Americans with Disabilities Act and the Rehabilitation Act of 1973, a law review article explained how the Courts and legislature have interpreted the phrase "reasonable accommodation – it notes:

> A reasonable accommodation test applies in employment covered by title II, ***and this test is intended to be the same as that applied in the regulations for sections 501, 503, and 504 of the Rehabilitation Act.*** Indeed, the title II legislative history regarding reasonable accommodation in employment specifically mentions the obligation of a large state agency to employ readers for blind caseworkers, an accommodation that was required in a case decided under section 504. Like the section 504 regulations, the title I employment regulations (made applicable to most title II entities) bar practices that have a disparate negative impact on employment of persons with disabilities unless the employer establishes business necessity. As with section 504, discriminatory preemployment inquiries and medical screening practices are barred.

> An even closer harmony exists for program accessibility. ***The title II regulation on accessibility is not only consistent with the parallel section 504 regulation, the first part of it is virtually identical.*** Not only must each program be accessible as a whole, but covered entities also must give priority to methods of accessibility that provide persons with disabilities the most integrated setting appropriate to obtain full benefits from the program. This standard was drawn from section 504 interpretations that rejected the idea that separate but equal services were permissible, reasoning that they perpetuate the seeming invisibility of persons with disabilities. Surcharges are generally prohibited under title II, as they are under section 504.68.

Mark C. Weber, *Disability Discrimination by State and Local Government:  The Relationship Between Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act* (1995) 36 Wm. & Mary L. Rev. 1089, 1100-1102

In support of the position that the "reasonable accommodation:" test is "intended to be the same as that applied in the regulations for sections 501, 503, and 504 of the Rehabilitation Act, the article cites 28 C.F.R. § 35.140 and legislative history. The case it references is *Nelson v. Thornburgh*, 567 F.Supp. 369 (E.D. Pa. 1983), aff'd, 721 F2d 146 (3d Cir. 1984).

Further, Plaintiffs' ADA claim alleges a violation of 42 U.S.C. § 12132 – numerous case decisions applying this statute have discussed and applied the "reasonable accommodation" standard. For example, in *Mczaczyj v. State of N.Y.*, 956 F.Supp. 403, 408 (W.D. NY 1997), the Court noted:

> "Defendants [a state college] correctly note that educational institutions are not required to 'lower or effect substantial modifications of standards to accommodate a handicapped person.' The Supreme Court has repeatedly instructed that although applicable educational institutions are required to make reasonable modifications in the nature of their programs to accommodate the handicapped, they are not required to make fundamental or substantial modifications." Given that there is no genuine dispute over the question that plaintiff is disabled, that his disability would prevent him from physically attending the residency, or that defendants are covered under the provisions of the ADA, ***the only remaining issue in dispute is whether plaintiff's requested accommodation to attend the residency via speaker telephone is reasonable or would constitute a fundamental modification or substantial modification of the program.*** [emphasis added][citations omitted].

In *First Step, Inc. v. City of New London*, 247 F.Supp.2d 135 (D.Conn.2003), the Court held that a city zoning commission was obligated under the ADA and the Rehabilitation Act to allow nonprofit corporation which served mentally ill clients to drive its van down driveway at proposed site for corporation's relocation, ***as a***

---

*PAYAN & MASON v. LACCD*, Case No.:  2:17-cv-01697- SVW(SKx)
REVISED PROPOSED JURY INSTRUCTIONS AND VERDICT SHEETS

*reasonable accommodation*, and refusal to do so demonstrated discrimination based on disability; though driveway was narrow, driveway was wide enough for vans to pass with several inches to spare on either side, and permitting such use of vans would not impose cost on city or undermine its regulatory scheme.

In *Henrietta D. v. Giuliani*, 119 F.Supp.2d 181 (E.D.N.Y.2000), the Court held that once it is determined that benefits under public program are provided to all, government is required by Title II of ADA and Rehabilitation Act make reasonable accommodations required to ensure that disabled individuals have meaningful access to those benefits; mere equality of treatment is not enough.

For these reasons, Defendant respectfully requests this instruction be given to the jury.

| INSTRUCTION SOURCE | PRECEDENTIAL SUPPORT OR STATUTE |
|---|---|
| Model Civil Jury Instruction for the District Courts of the Ninth Circuit, Civil Instruction No. 12.7 | 42 U.S.C. § 12111(9);<br><br>28 C.F.R. 35.130(b)(7)<br><br>28 C.F.R. § 35.140<br><br>29 C.F.R. §§ 1630.2(o)(1)(i), (3), 1630.9(d);<br><br>*U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 405-06 (2002);<br><br>*Nelson v. Thornburgh*, 567 F.Supp. 369 (E.D. Pa. 1983), aff'd, 721 F2d 146 (3d Cir. 1984)<br><br>Mark C. Weber, *Disability Discrimination by State and Local Government: The Relationship Between Section 504 of the Rehabilitation Act* |

1

2

3

4

5

6

7

8

| | *and Title II of the Americans with Disabilities Act* (1995) 36 Wm. & Mary L. Rev. 1089, 1100-1102 <br><br> *Henrietta D. v. Giuliani*, 119 F.Supp.2d 181 (E.D.N.Y.2000) <br><br> *First Step, Inc. v. City of New London*, 247 F.Supp.2d 135 (D.Conn.2003) <br><br> *Mczaczyj v. State of N.Y.*, 956 F.Supp. 403, 408 (W.D. NY 1997) |
| --- | --- |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PLAINTIFFS' RATIONALE AGAINST GIVING THIS INSTRUCTION**

2   Defendant's proposed instruction 21 is an incorrect statement of the law

3   regarding Title II and Section 504 as applicable to this case. Neither Title II nor

4   Section 504 has a reasonable accommodation regulation. "Reasonable

5   accommodations" in the education context, as discussed by the Ninth Circuit, are part

6   of a determination of whether a public entity denied a student "meaningful access" to

7   the benefits of the school programs under Title II. *A.G. v. Paradise Valley Unified*

8   *Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016). As used by LACCD,

9   reasonable accommodation imports employment-specific Section 504 regulations to

10   add inapplicable elements in the education context. Rehabilitation Act statutes and

11   regulations related to employment should only be used to interpret Title I of the

12   ADA, not Title II. *See Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1181

13   (9th Cir. 1999) ("Congress has linked the Rehabilitation Act to Title I, but not Title

14   II, of the ADA."). The employment regulations and standards used in Title I and

15   Rehabilitation Act cases are not part of the applicable statutes and regulations under

16   which Plaintiffs have brought their claims. Under Title II and Section 504, LACCD

17   must offer Plaintiffs equal opportunity to benefit from its programs and services and

18   equally effective communication to that offered to sighted students.

19   LACCD's use of the employment standard, requiring plaintiffs to prove they

20   can "perform the essential functions of their position as students," has been rejected

21   by the Ninth Circuit. In *Zukle v. Regent of Univ. of California*, 166 F. 3d 1046-47

22   (9th Cir. 1999), the court held that a plaintiff under Title II had to demonstrate she

23   met the "essential eligibility requirements" to be a student. Plaintiffs Roy Payan and

24   Portia Mason were accepted as students by LACCD and remain eligible to attend

25   classes. They have shown they met the eligibility requirements to be students at

26   LACCD colleges.

27

28

Since the publication of the law review article quoted by Defendant, the Ninth Circuit has held that litigants asserting employment discrimination claims against public-entity employers cannot bring those claims under Title II. *See Zimmerman v. Oregon Dep't of Justice*, at 1178 ("[W]hen viewed as a whole, the text, context and structure of the ADA show unambiguously that Congress did not intend for Title II to apply to employment.").

Similarly, Defendant relies on out-of-Circuit district court cases that are inapplicable to Plaintiffs' claims. In *Zimmerman*, the Ninth Circuit analyzed the differences between Titles I and II of the ADA, including the fact that "in Title I, 'reasonable accommodation' addresses specifically the needs of the disabled *in the workplace* [while] Title II does not contain a similar definition." *Id*. at 1177.  Instead, the jury should be instructed on the relevant standards in Title II and Section 504 that govern Defendant's conduct, which affirmatively require it to provide disabled students an equal opportunity to participate and benefit from its programs and services, and equally effective communication as that offered to other students. *See* 28 C.F.R. § 35.160(a)-(b); 34 C.F.R. § 104.4(b)(1)(ii)-(iii).

Under Ninth Circuit precedent, Plaintiffs can prove Defendant discriminated against them (i.e., that they have been denied equal opportunity to participation in or enjoy the benefits of Defendant's programs or services) by demonstrating that Defendant violated a specific regulation promulgated for their benefit under Title II or Section 504. *See K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1102 (9th Cir. 2013) ("Consequently, in determining whether K.M. and D.H. were denied meaningful access to the school's benefits and services, we are guided by the specific standards of the Title II effective communications regulation."); *A.G.*, 815 F.3d at 1204 ("We have held that a plaintiff may establish denial of 'meaningful access' under section 504 and Title II by showing there was a violation of one of the

1  regulations implementing section 504, if such violation denied the plaintiff

2  meaningful access to a public benefit." (internal quotation marks and citation

3  omitted)). Title II and Section 504 both have regulations requiring that Defendant

4  provide Plaintiffs with equal opportunity and communication that is equally effective

5  to that provided to sighted students.

6  Accordingly, Defendant's instruction should not be given, and instead the jury

7  should be instructed on the legal standards that actually apply to Plaintiffs' claims.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendant's Proposed Jury Instruction No. 22**

**DUTY TO MITIGATE DAMAGES**

The plaintiffs have a duty to use reasonable efforts to mitigate their damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiffs failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

## **DEFENDANT'S RATIONALE FOR GIVING THIS INSTRUCTION**

Under Title II of the Americans with Disabilities Act, § 12133 provides:

The remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title.

29 U.S.C. § 794a provides:

(a)(1) The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e-5(f) through (k)) (and the application of section 706(e)(3) (42 U.S.C. 2000e-5(e)(3)) to claims of discrimination in compensation), shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint. In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefor or other appropriate relief in order to achieve an equitable and appropriate remedy.

(2) The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) (and in subsection (e)(3) of section 706 of such Act (42 U.S.C. 2000e-5), applied to claims of discrimination in compensation) shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

(b) In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Notably, Title I of the Americans with Disabilities Act contains a similar incorporation of statutory remedies at 42 U.S.C. § 12117.

In this case, it is anticipated that Plaintiffs' retained vocational expert will attempt to opine that as a result of the alleged discrimination, the individual plaintiffs

suffered lost two years of income for the jobs they would have had if they had graduated their programs and obtained jobs in the relevant fields. To the extent such testimony is admitted, Defendant maintains that the individual plaintiffs have a duty to mitigate those lost income damages (i.e. because they could have obtained alternative employment at an equal or lesser salary.)

First, the duty to mitigate has been held to exist in *Title I,* Americans with Disabilities Act claims. *See Picinich v. United Parcel Service*, 583 F.Supp.2d 336 (N.D.N.Y.2008); *Brown v. Smith*, 827 F.3d 609 (7th Cir. 2015); *E.E.O.C. v. Western Trading Co., Inc.*, 291 F.R.D. 615 (D.Colo.2013);   *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F.Supp.3d 1269 (D.Kan.2016).

Second, counsel for Defendant has not located any statute or case law which stands for the proposition that a plaintiff pursuing Title II claim does *not* have a duty to mitigate.

Third, if the Plaintiffs' expert is permitted to testify about what the individual plaintiffs could have earned in yearly salary with the degree they were seeking, the Defendant should have the opportunity to seek to elicit testimony about the salaries Plaintiffs could have attained without the degrees they sought, during that same two year period for which income was allegedly lost. This instruction will provide the jury the information it needs to consider such evidence.

| SOURCE | PRECEDENTIAL SUPPORT OR STATUTE |
|---|---|
| Model Civil Jury Instruction for the District Courts of the Ninth Circuit, Civil Instruction No. 5.3 | 42 U.S.C. § 12117; <br><br> 42 U.S.C.A. § 12133; <br><br> 29 U.S.C. § 794a ; <br><br> *Picinich v. United Parcel Service*, 583 F.Supp.2d 336 (N.D.N.Y.2008); |

1

2

3

4

5

6

7

|  | *Brown v. Smith*, 827 F.3d 609 (7th Cir. 2015); |
|  | *E.E.O.C. v. Western Trading Co., Inc.*, 291 F.R.D. 615 (D.Colo.2013); |
|  | *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F.Supp.3d 1269 (D.Kan.2016) |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

### PLAINTIFFS RATIONALE AGAINST
### DEFENDANT'S PROPOSED INSTRUCTION 22

3    Defendant does not state the purpose of its inclusion of a long quotation from

4  29 U.S.C. § 794a in support of an instruction on the duty to mitigate. Pursuant to that

5  statute, the remedies, procedures, and rights set forth in Title VI of the Civil Rights

6  Act of 1964, 42 U.S.C. 2000d *et seq.*, govern claims brought under 29 U.S.C. § 794,

7  which statute governs Plaintiffs' claim under Section 504. None of the referenced

8  sections of Title VI speak to a duty to mitigate. Defendant's statement regarding Title

9  I's incorporation of statutory remedies via 42 U.S.C. § 12117 is similarly unavailing,

10  because Title I incorporates the remedies of Title VII, not Title VI. *See Walsh v.*

11  *Nevada Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006)

12  ("Furthermore, Title I of the ADA invokes the same "powers, remedies and

13  procedures" as those set forth in Title VII." (citing 42 U.S.C. § 12117(a) (adopting 42

14  U.S.C. § 2000e–4—2000e–9).)

15    Defendant's rationale is notable for what it does not say: Defendant has been

16  unable to locate a case stating that there **is** a duty to mitigate damages in a Title II or

17  Section 504 case. This defense does not apply in this context, where Plaintiffs claim

18  that Defendant has not provided them with equal opportunity to access its programs

19  and services and has not communicated with them in an equally effective manner.

20  There is nothing Plaintiffs could have done to mitigate their inability to obtain the

21  benefits of an education on an equal basis. The fact that Plaintiffs may be able to

22  obtain *some* employment *somewhere* does not relieve Defendant of its obligation to

23  provide them with the same opportunity as sighted students to enroll in the classes

24  they wish to take and pursue the careers they wish to have. Further, as the testimony

25  will show, Mr. Payan has been continuously enrolled at LACC, but the inaccessibility

26  of Defendant's programs and services has delayed him in completing his degree.

27

28

1  Defendant's instruction implies that Mr. Payan should have acquiesced to
2  Defendant's discrimination, abandoned his full-time studies, and obtained some type
3  of employment. It is simply not Plaintiffs' responsibility to mitigate the effects of
4  Defendant's discrimination. Such a requirement would turn the policies of the ADA
5  and the Rehabilitation Act on their heads. *See* 42 U.S.C. § 12101(b)(1) (stating that it
6  is the purpose of the ADA, in part, "to provide a clear and comprehensive national
7  mandate for the elimination of discrimination against individuals with disabilities");
8  29 U.S.C. § 701(c)(1) ("It is the policy of the United States that all programs,
9  projects, and activities receiving assistance under this chapter shall be carried out in a
10 manner consistent with the principles of…respect for individual dignity, personal
11 responsibility, self-determination, and pursuit of meaningful careers, based on
12 informed choice, of individuals with disabilities[.]").
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Patricia Barbosa (SBN 125685)
pbarbosa@barbosagrp.com
**Barbosa Group**
8092 Warner Avenue
Huntington Beach, California 92647
Phone: (714) 465-9486

Sharon Krevor-Weisbaum
skw@browngold.com
Joseph B. Espo
jbe@browngold.com
Jean M. Zachariasiewicz
jmz@browngold.com
**BROWN, GOLDSTEIN & LEVY LLP**
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
Phone: (410) 962-1030

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, PORTIA MASON, THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br> Defendant. | Case No.: 2:17-cv-01697-SVW(SKx) <br><br> **Civil Rights** <br><br> **PLAINTIFFS' PROPOSED VERDICT SHEET** <br><br> Hearing Date: May 6, 2019 <br> Time: 3:00 p.m. <br> Location: 350 W. 1st Street, Los Angeles, CA 90012 <br> Courtroom 10A <br><br> **Trial Date: May 14, 2019** |

# PLAINTIFFS' PROPOSED VERDICT SHEET

**Plaintiff Roy Payan**

## First Claim

1.   Do you find by a preponderance of the evidence that Defendant Los Angeles Community College District failed to provide Plaintiff Roy Payan with meaningful access to its programs and services by not providing him with an equal opportunity to access its services, programs, and activities as compared to sighted students?

Yes _____          No _____

## Second Claim

2.   Do you find by a preponderance of the evidence that Defendant Los Angeles Community College District failed to provide Plaintiff Roy Payan with meaningful access to its programs and services by not providing him with communication that was equally effective to the communication that it provided to sighted students?

Yes _____          No _____

## Third Claim

3.   Do you find by a preponderance of the evidence that Defendant Los Angeles Community College District failed to provide Plaintiff Roy Payan with meaningful access to its programs and services by not reasonably modifying its policies, practices, and procedures to accommodate his disability?

Yes _____          No _____

**If you answered "Yes" to one or more of the above questions (Question Nos. 1, 2, or 3), proceed to Question No. 4.   If you answered "No" to all three questions (Question Nos. 1, 2, and 3), do not answer Question No. 4 and proceed to Question No. 5.**

4.      Do you find by a preponderance of the evidence that Defendant Los Angeles Community College District's failure to provide Plaintiff Roy Payan with equal access to its services, programs, and activities and/or equally effective communication and/or reasonable modifications to its policies, practices, and procedures resulted from its deliberate indifference to Mr. Payan's rights?

Yes _____                              No _____

5.      The Court has already made a legal determination that Defendant Los Angeles Community College District violated its obligation to provide Plaintiff Roy Payan with the same meaningful access as that offered to sighted students to participate in its programs and services related to his math classes.  Do you find by a preponderance of the evidence that Defendant Los Angeles Community District's violation resulted from its deliberate indifference to Mr. Payan's rights?

Yes _____                              No _____

**If you answered "Yes" to either Question No. 4 or No. 5, proceed to Question No. 6.  If you answered "No" to both Question No. 5 and No. 6, do not answer Question No. 6 and proceed to Question No. 7.**

6.    What are Plaintiff Roy Payan's damages for his lost wages and emotional distress?

$ _____

**Plaintiff Portia Mason**

<u>**First Claim**</u>

7.    Do you find by a preponderance of the evidence that Defendant Los Angeles Community College District failed to provide Plaintiff Portia Mason with meaningful access to its programs and services by not providing her with an equal opportunity to access its services, programs, and activities as compared to sighted students?

Yes _____                                   No _____

<u>**Second Claim**</u>

8.    Do you find by a preponderance of the evidence that Defendant Los Angeles Community College District failed to provide Plaintiff Portia Mason with meaningful access to its programs and services by not providing her with communication that was equally effective to the communication that it provided to sighted students?

Yes _____                                   No _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Third Claim

9.      Do you find by a preponderance of the evidence that Defendant Los Angeles Community College District failed to provide Plaintiff Portia Mason with meaningful access to its programs and services by not reasonably modifying its policies, practices, and procedures to accommodate her disability?

Yes _____              No _____

**If you answered "Yes" to one or more of the above questions (Question Nos. 7, 8, or 9,) proceed to Question No. 10.  If you answered "No" to all three questions (Question Nos. 7, 8, and 9), do not answer Question No. 10 and No. 11 and proceed to Question No. 12.**

10.      Do you find by a preponderance of the evidence that Defendant Los Angeles Community College District's failure to provide Plaintiff Portia Mason with equal access to its services, programs, and activities and/or equally effective communication and/or reasonable modifications to its policies, practices and procedures resulted from its deliberate indifference to Ms. Mason's rights?

Yes _____              No _____

**If you answered "Yes" to Question No. 10, proceed to Question No. 11.  If you answered "No" to Question No. 10, do not answer Question No. 11 and proceed to Question No. 12.**

11.     What are Plaintiff Portia Mason's damages for her lost wages and emotional distress?

$ _____

**Plaintiffs National Federation of the Blind, Inc. ("NFB") and National Federation of the Blind of California, Inc. ("NFB of California")**

## First Claim

12.     Do you find by a preponderance of the evidence that Plaintiffs NFB or NFB of California had to divert their resources to combat discrimination of Defendant Los Angeles Community College District?

Yes _____                              No _____

## Second Claim

13.     Do you find by a preponderance of the evidence that individual members of Plaintiffs NFB and the NFB of California are likely to be the subject of discrimination by Defendant Los Angeles Community College District in the future?

Yes _____                              No _____

_____
Foreperson

_____
Date

1   Richard E. Morton (Bar No. 54188)
      rmorton@hbblaw.com
2   Yvette Davis (Bar No. 165777)
      ydavis@hbblaw.com
3   HAIGHT BROWN & BONESTEEL LLP
    2050 Main Street, Suite 600
4   Irvine, California 92614
    Telephone:  714.426.4600
5   Facsimile:  714.754.0826

6   *Attorneys for Defendant*

7              **IN THE UNITED STATES DISTRICT COURT**

8          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9
    ROY PAYAN, PORTIA MASON, THE       )   Case No.: 2:17-cv-01697-SVW(SKx)
10  NATIONAL FEDERATION OF THE        )
    BLIND, INC., and THE NATIONAL     )   **Civil Rights**
11  FEDERATION OF THE BLIND OF        )
    CALIFORNIA, INC.,                 )   **DEFENDANT'S PROPOSED**
12                                    )   **VERDICT SHEET**
                    Plaintiffs,       )
13                                    )   Hearing Date: May 6, 2019
    vs.                               )   Time: 3:00 p.m.
14                                    )   Location: 350 W. 1ˢᵗ Street, Los
    LOS ANGELES COMMUNITY             )   Angeles, CA 90012
15  COLLEGE DISTRICT,                 )   Courtroom 10A
                                      )
16                  Defendant.        )
                                      )   **Trial Date: May 14, 2019**
17                                    )
                                      )
18                                    )
                                      )
19  _____  )

20

21

22

23

24

25

26

27

28  _____
                       *PAYAN & MASON v. LACCD*, Case No.:  2:17-cv-01697- SVW(SKx)
                    REVISED PROPOSED JURY INSTRUCTIONS AND VERDICT SHEETS
                                      57

## **DEFENDANT'S PROPOSED VERDICT SHEET**

**Plaintiff, Roy Payan**

1.     The Court has already determined that Defendant Los Angeles Community College District violated its obligation to provide Plaintiff Roy Payan with the same meaningful access as that offered to sighted students to participate in its programs and services related to his math classes. Do you find by a preponderance of the evidence that Defendant Los Angeles Community District's violation resulted from its deliberate indifference to Mr. Payan's rights?

Yes _____                    No _____

**If you answered "Yes" to Question No. 1, proceed to Question No. 2. If you answered "No" to Question No. 1, do not answer Question No. 2 and proceed to Question No. 3.**

2.     What are Plaintiff Roy Payan's damages for his:

$ _____     Lost wages

$ _____     Emotional distress

**Plaintiff, Portia Mason**

<u>**First Claim**</u>

3.     Do you find by a preponderance of the evidence that Defendant Los Angeles Community College District failed to provide Plaintiff Portia Mason with meaningful access to its programs and services by not providing her with an equal opportunity to access its services, programs, and activities as compared to sighted students?

Yes _____                              No _____

<u>**Second Claim**</u>

4.     Do you find by a preponderance of the evidence that Defendant Los Angeles Community College District failed to provide Plaintiff Portia Mason with meaningful access to its programs and services by not providing her with communication that was equally effective to the communication that it provided to sighted students?

Yes _____                              No _____

<u>**Third Claim**</u>

5.     Do you find by a preponderance of the evidence that Defendant Los Angeles Community College District failed to provide Plaintiff Portia Mason with meaningful access to its programs and services by not reasonably modifying its policies, practices, and procedures to accommodate her disability?

Yes _____                              No _____

**If you answered "Yes" to one or more of the above questions (Question Nos. 7, 8, or 9,) proceed to Question No. 10. If you answered "No" to all three questions (Question Nos. 7, 8, and 9), do not answer Question No. 10 and No. 11 and proceed to Question No. 12.**

6.     Do you find by a preponderance of the evidence that Defendant Los Angeles Community College District's failure to provide Plaintiff Portia Mason with equal access to its services, programs, and activities and/or equally effective communication and/or reasonable modifications to its policies, practices and procedures resulted from its deliberate indifference to Ms. Mason's rights?

Yes _____                         No _____

**If you answered "Yes" to Question No. 10, proceed to Question No. 11. If you answered "No" to Question No. 10, do not answer Question No. 11 and proceed to Question No. 12.**

7.     What are Plaintiff Portia Mason's damages for her:

$ _____     Lost wages

$ _____     Emotional distress

**Plaintiffs National Federation of the Blind, Inc. ("NFB") and National Federation of the Blind of California, Inc. ("NFB of California")**

### First Claim

8.      Do you find by a preponderance of the evidence that Plaintiffs NFB or NFB of California had to divert their resources to combat discrimination of Defendant Los Angeles Community College District?

Yes _____                              No _____

### Second Claim

9.      Do you find by a preponderance of the evidence that individual members of Plaintiffs NFB and the NFB of California will be the subject of discrimination by Defendant Los Angeles Community College District in the future?

Yes _____                              No _____

_____
Foreperson

_____
Date

_____

1    Dated:  May 2, 2019                    **BARBOSA GROUP**

2                                           P Barbosa
                                            _____
3                                           Patricia Barbosa

4

5                                           **BROWN GOLDSTEIN & LEVY, LLP**

6
                                            Norenh B. Emmons
7                                           _____

8                                           Sharon Krevor-Weisbaum
                                            Joseph B. Espo
9                                           Jean M. Zachariasiewicz

10
                                            *Attorneys for Plaintiffs*
11

12                                          **HAIGHT BROWN & BONESTEEL LLP**

13
                                                    /s/ Richard E. Morton
14                                          _____
                                            Richard E. Morton, Esquire
15                                          Yvette Davis, Esquire
                                            2050 Main Street, Suite 600
16                                          Irvine, California 92614
                                            Telephone:  (714) 426-4600
17                                          Facsimile:  (714) 754-0826
                                            rmorton@hbblaw.com
18                                          ydavis@hbblaw.com
19
                                            *Attorneys for Defendant Los Angeles*
20                                          *Community College District*

21

22

23

24

25

26

27

28
                                    ────────────────────────────────────
                                    *PAYAN & MASON v. LACCD*, Case No.:  2:17-cv-01697- SVW(SKx)
                                    REVISED PROPOSED JURY INSTRUCTIONS AND VERDICT SHEETS

                                                    62

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2019, a copy of the foregoing Parties' Joint Proposed Jury Instructions and Verdict Sheets was sent, by the Court's e-filing system, to:

Richard E. Morton, Esquire
Yvette Davis, Esquire
Haight Brown & Bonesteel LLP
2050 Main Street, Suite 600
Irvine, California 92614
Telephone:  (714) 426-4600
Facsimile:  (714) 754-0826
rmorton@hbblaw.com
ydavis@hbblaw.com

*Attorneys for Defendant Los Angeles*
*Community College District*

Joseph B. Espo

---

*PAYAN & MASON v. LACCD*, Case No.:  2:17-cv-01697- SVW(SKx)
REVISED PROPOSED JURY INSTRUCTIONS AND VERDICT SHEETS

63