# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, PORTIA MASON, THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br> Defendant. | Case No.: 2:17-cv-01697-SVW(SKx) <br> **Civil Rights** <br><br> **[PROPOSED] PERMANENT INJUNCTION** <br><br> Trial Date: May 14, 2019 |

# [PROPOSED] PERMANENT INJUNCTION

Upon consideration of Plaintiffs' Motion for Permanent Injunction, the Response thereto, and the Court having granted partial summary judgment to Plaintiffs and found that Los Angeles Community College District ("LACCD") violated Title II of the ADA, and Section 504 of the Rehabilitation Act of 1973, it is this _____ day of _____, 2019, by the Court ORDERED that:

Plaintiffs Motion for Permanent Injunction is hereby GRANTED, and the Court hereby ENTERS, DECREES, AND ORDERS the following:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12188(b). Venue is appropriate in this District pursuant to 28 U.S.C. § 1391.

## II. BACKGROUND

2. On April 23, 2019, the Court granted partial summary judgment to the Plaintiffs, Roy Payan, Portia Mason, the National Federation of the Blind ("NFB"), and the National Federation of the Blind of California, Inc. ("NFBCA"), finding that the Defendant, Los Angeles Community College District ("LACCD"), violated Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. The Court now enters this Permanent Injunction and Decree.

3. LACCD is a comprehensive two-year nonprofit publicly-supported educational institution with nine campuses in Los Angeles and Los Angeles County, California, that awards associate degrees and offers continuing education. LACCD is governed by a Board of Trustees pursuant to California statutory authority. LACCD is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131, and 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA and its implementing regulations, 28 C.F.R. Part 35. LACCD is also a "recipient" of "federal financial

assistance" within the meaning of Section 504, 29 U.S.C. § 794, and 34 C.F.R. § 104, and is therefore subject to Section 504 and the relevant implementing regulations, 34 C.F.R. Part 104.

## III. DEFINITIONS

4. "Accessible," as it pertains to electronic information technology, means that a blind user can acquire the same information, engage in the same interactions, and enjoy the same services as a sighted person in an equally effective and equally integrated manner, with substantially equivalent ease of use. As it pertains to course-related books, handouts, assignments, presentations, and any other instructional materials, "accessible" means providing such materials to blind students in a format usable to them, at the same time as, or earlier than, they are provided to their non-disabled peers.

5. "Information Technology" means any equipment or interconnected system or subsystem of equipment that is used in the automatic acquisition, storage, manipulation, management, movement, control, display, switching, interchange, transmission, or reception of data or information. The term Information Technology includes computers, ancillary equipment, software, firmware and similar procedures, services (including support services), and related resources.

6. "Electronic and Information Technology" or "EIT" includes information technology and also any equipment or interconnected system or subsystem of equipment that is used in the creation, conversion, or duplication of data or information. The term Electronic and Information Technology includes, but is not limited to, telecommunications products (such as telephones), information kiosks, internet and intranet websites, electronic books and electronic book reading systems, search engines and databases, course management systems, instructional technology

*PAYAN, et. al v. LACCD*, Case No.: 2:17-cv-01697- SVW(SKx)
PROPOSED PERMANENT INJUNCTION

and multimedia, and office equipment such as classroom audio systems, including microphones, copiers, and fax machines.

## IV. ACTIONS TO BE UNDERTAKEN BY LACCD

### A. Alternate Media Production Policy

7. Within one (1) year of the effective day of this Decree, LACCD shall ensure compliance with the following provisions of the Alternate Media Production Policy:

    a. "All instructional resources or materials purchased or leased from a third-party provider or created or substantially modified 'in-house' must be accessible to [blind students] . . . The Dean of Educational Technology will review all instructional equipment purchase requisitions and contract requests to ensure compliance with federal and state regulations regarding the purchasing and leasing of instructional materials."

    b. "The instructional resources or materials used in each course will be reviewed and revised as necessary when the course undergoes curriculum review pursuant to Title V every six years as part of the accreditation process. In the event that a student with a disability enrolls in a course before this review is completed, the college will be responsible for acting in a timely manner to make instructional materials or resources used in the course accessible[.]"

### B. Instructional Resources

8. LACCD shall timely make available print textbooks in the alternate accessible format requested by a blind student, including Braille or an electronic format satisfying the ePub3 standard, together with tactile graphics or high resolution magnification, as appropriate, for nontextual information. The process for requesting

---

*PAYAN, et. al v. LACCD*, Case No.: 2:17-cv-01697- SVW(SKx)
PROPOSED PERMANENT INJUNCTION

an alternate format for a textbook shall include an accessible form that can be independently completed by a blind student. LACCD shall continue to recommend students register early if they need accessible books, but LACCD will not condition the provision of accessible information upon such early registration. Before providing an electronic textbook to a student, LACCD shall verify that it is accessible.

9. Tactile graphics must comply with the Braille Authority of North America's "Guidelines and Standards for Tactile Graphics" and be proofed by a qualified proofreader.

**C. Reporting**

10. LACCD will provide a report to the Court, the NFB, and counsel for the Plaintiffs setting out the progress being made with regard to obligations set forth in this Decree on the following schedule: 6 months after entry of the Decree; 12 months after entry of the Decree; and annually thereafter for the duration of the Decree.

**D. Relief to Mr. Payan**

11. Within ten (10) days of the effective date of this Decree, LACCD shall purge from Mr. Payan's transcript any reference to the Spring 2017 Statistics course in which he received a failing grade.

**V.   ENFORCEMENT AND TERM**

12. If it appears to LACCD that a deadline contained in this Decree will prove difficult to meet because of unforeseen circumstances, LACCD shall notify the NFB and counsel for the Plaintiffs that it wishes to modify the Decree; and the Parties, fully taking into account the requirements of the ADA and the needs of students with disabilities, shall attempt to determine whether to seek a modification from this Court.

13. If the Plaintiffs believe that this Consent Decree or any portion of it has been violated, they shall give notice (including reasonable particulars) of such violation to LACCD. LACCD must respond to such notice as soon as practicable but no later than 15 days thereafter. The Plaintiffs and LACCD shall negotiate in good faith in an attempt to resolve any dispute relating to the alleged violation; if the Parties are unable to reach a mutually acceptable resolution, the Plaintiffs may seek court enforcement of compliance with this Decree. Nothing in this Decree, however, shall prevent the Plaintiffs from filing a separate lawsuit against LACCD for any violations or potential violations of the ADA or any other federal or state law, other than the violations alleged in the Plaintiffs' Amended Complaint in the above-titled action, and other than all claims, demands, obligations, damages, including punitive damages, liabilities, causes of action and rights, in law or in equity, known and unknown, that Plaintiffs may have against the Defendant, its officers, agents, representatives and employees (present and former), and its respective successors and assigns, heirs, executors, and personal or legal representatives, based upon any act, event, or omission relating to accessibility issues occurring before the execution of this Consent Decree including, but not limited to, any events related to, arising from, or in connection with Plaintiff's' interactions with LACCD.

14. LACCD shall reimburse the NFB at a reasonable hourly rate for the time the NFB spends in monitoring this Decree. If the parties are unable to agree on the amount they may submit the issue for decision by the Court.

15. The Court shall retain continuing jurisdiction of this case for purposes of enforcement of this Injunction. This Injunction shall become effective as of the date of the Court's entry of it and shall remain in effect for five (5) years from that date.

16. All notices and reports that LACCD is required to send to counsel for the Plaintiffs under this Consent Decree shall be sent by e-mail to Joseph B. Espo at jbe@browngold.com and Patricia Barbosa at PBarbosa@Barbosagrp.com.

**SO ORDERED** this ___ day of _____ 2019.

_____
Honorable Stephen V. Wilson
United States District Judge for the
Central District of California