1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED
CLERK, U.S. DISTRICT COURT

JUN 2 0 2019

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Roy Payan, Portia Mason, The National
Federation of the Blind, Inc., and The
National Federation of the Blind of
California, Inc.

        Plaintiffs,

    vs.

Los Angeles Community College District,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 17-CV-1697-SVW (SK)

COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.  A copy of these instructions will be sent with you to the jury room when you deliberate. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

The plaintiff has the burden of proof by a preponderance of the evidence.  When a party has the burden of proof by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

6

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

7

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

You have heard testimony from Peter Bossley who testified to opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

The Court has previously made legal determinations that Defendant violated the Americans with Disabilities Act and the Rehabilitation Act. In making these legal determinations, the Court analyzed whether Defendant deprived Plaintiffs of meaningful access to the services and programs Defendant offers to all students, including those without disabilities. The Court identified the following four violations:

(1) Defendant discriminated against Plaintiff Roy Payan on account of his disability by failing to provide Mr. Payan with a reasonable accommodation to give Mr. Payan meaningful access to course materials in the math classes in which Mr. Payan enrolled. The Court found that the MyMathLab software program was inaccessible to Mr. Payan, and that the accommodation Defendant offered to Mr. Payan, which was to convert equivalent assignments from a math textbook into an accessible format, was untimely;

(2) Defendant discriminated against Plaintiff Portia Mason on account of her disability by failing to provide Ms. Mason with a reasonable accommodation to give Ms. Mason meaningful access to the course handbook used in Professor Blythe Daniel's abnormal psychology class. The Court found that Ms. Mason could not access the hardcopy version of the handbook outside of class and that the accommodation Defendant offered to Ms. Mason, which was to provide Ms. Mason with access to the handbook via the Victor Reader Stream program, was insufficient because Ms. Mason could not navigate the course handbook on the Victor Reader Stream in an effective manner;

11

(3) Defendant discriminated against Plaintiffs on account of their disability by failing to provide blind students with a reasonable accommodation to give blind students meaningful access to Defendant's website for Los Angeles City College. The Court found that the PeopleSoft program, which was used on the school website for students to access grades and transcripts, enroll for classes, and learn about campus events, was inaccessible through the JAWS program, and that Defendant failed to provide blind students with an accommodation that would allow blind students to access the PeopleSoft program independently in an effective manner when compared to sighted students; and

(4) Defendant discriminated against Plaintiffs on account of their disability by failing to provide blind students with a reasonable accommodation to give blind students meaningful access to library databases made available for student use. The Court found that some of the documents on the library databases were inaccessible through the JAWS program, and that Defendant failed to provide blind students with an accommodation that would allow blind students to access those documents in an effective manner when compared to sighted students.

You must accept these determinations as I have stated them.

In light of what I just told you, the issue before you today is whether Defendant's violations of the Americans with Disabilities Act and the Rehabilitation Act I have just explained to you were intentional. I will now define the meaning of "intentional" as it is used in the context of this case.

To prove intentional disability discrimination, the plaintiff must show by a preponderance of the evidence that Defendant intentionally violated the law or demonstrated a deliberate indifference to the plaintiff's rights under the law. This does not mean that the plaintiff must show that Defendant intended to discriminate, or that Defendant harbored some ill-will towards the plaintiff or blind individuals in general.

Intentional discrimination is established if you find that Defendant was on notice that it was required to take action to provide the plaintiff with an accommodation that gives the plaintiff meaningful access to the benefits of the educational services offered to sighted students, and that Defendant's failure to accommodate the plaintiff in any of the ways I have previously told you was done intentionally.

Defendant can also be found to have intentionally discriminated against either of the plaintiffs if Defendant was deliberately indifferent to, or consciously disregarded, its obligations under the applicable laws for any of Defendant's violations as I have previously explained them to you. To show that Defendant was deliberately indifferent, the plaintiff must prove by a preponderance of the evidence the following elements:

(1) Defendant had knowledge that harm to the plaintiff's federally-protected right was likely; and

(2) Defendant failed to act upon that likelihood in a manner that was deliberately indifferent.

14

When evaluating whether Defendant was deliberately indifferent in violating the law in any of the ways I have previously told you, you may find that Defendant had notice of the substantial likelihood that the plaintiff's rights would be violated if the plaintiff alerted Defendant of the need for a reasonable accommodation to allow the plaintiff to access the program or service at issue. If the plaintiff notified Defendant of the need for an accommodation, Defendant was required to undertake an investigation to determine what constitutes a reasonable accommodation. If you find that Defendant failed to provide the plaintiff with a reasonable accommodation without conducting an investigation in response to a complaint from the plaintiff, then you may find that Defendant was deliberately indifferent in failing to accommodate the plaintiff.

If the plaintiff did not make a request for an accommodation regarding one of Defendant's violations that I have previously explained to you, you may find that Defendant had notice of the plaintiff's need for accommodation if the plaintiff's need for accommodation was plainly obvious. If you find that the plaintiff's need for an accommodation was plainly obvious, and if you find that Defendant failed to take any action to accommodate the plaintiff or offered an accommodation that was obviously insufficient to accommodate the needs of the plaintiff, then you may find that Defendant was deliberately indifferent in failing to accommodate the plaintiff.

When evaluating whether Defendant was deliberately indifferent, you must keep in mind that deliberate indifference does not occur where Defendant simply overlooked its duty to act, or where the plaintiff's complaint about access to a particular program or service was merely the result of events taking their normal course. A finding of deliberate indifference requires that Defendant's failure to act was the result of conduct that is more than negligent, and involves and element of deliberateness. Deliberate indifference does not exist if Defendant's failure to act was merely the result of bureaucratic slippage.

Additionally, when evaluating whether Defendant intentionally discriminated or was deliberately indifferent, you may consider whether Defendant has taken subsequent corrective actions to avoid future discrimination against blind students in the ways I have previously told you.

I now want to clarify these instructions to ensure that you understand your duties in this case. The issue before you is not whether Defendant intentionally discriminated against blind students enrolled at Los Angeles City College in ways other than the four violations I have explained to you. Neither is the issue whether Defendant was deliberately indifferent toward blind students generally, or whether Defendant was generally responsive to the needs of blind students. I have allowed into this case evidence that is substantially broader than the four violations at issue only as circumstantial evidence of whether Defendant's four violations were committed intentionally or with deliberate indifference. This circumstantial evidence is not to be considered in terms of whether Defendant violated the law in ways other than the four violations I have explained to you.

16

If you find that Defendant violated the law either intentionally or with deliberate indifference in any of the ways I have previously told you, you may award damages to either or both plaintiffs.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by Defendant's violation.

In determining the measure of damages, you should consider the mental or emotional pain and suffering experienced by the plaintiff.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

Neither the National Federation of the Blind nor the National Federation of the Blind of California is seeking damages. You should consider only the damages of the individual plaintiffs, Roy Payan and Portia Mason, in making a determination on damages.

17

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

18

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

19

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.