Patricia Barbosa (SBN 125685)
pbarbosa@barbosagrp.com
**BARBOSA GROUP**
8092 Warner Avenue
Huntington Beach, California 92647
Phone: (714) 465-9486

Sharon Krevor-Weisbaum
skw@browngold.com
Joseph B. Espo
jbe@browngold.com
Jean M. Zachariasiewicz
jmz@browngold.com
**BROWN, GOLDSTEIN & LEVY LLP**
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
Phone: (410) 962-1030

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, PORTIA MASON, THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br> Defendant. | Case No.: 2:17-cv-01697-SVW(SKx) <br> **Civil Rights** <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PERMANENT INJUNCTION, FOR AMENDMENT OF THE ENTERED JUDGMENT, AND FOR ENTRY OF FINAL JUDGMENT** |

# INTRODUCTION

Plaintiffs previously filed a Motion for Permanent Injunction, Dkt. 259, which addressed the Court's summary judgment finding that Defendant Los Angeles Community College District ("LACCD") violated the ADA and Rehabilitation Act by providing inaccessible course materials to Plaintiff Payan in his math classes. Following the subsequent bench trial, the Court determined that LACCD violated the ADA and Rehabilitation Act in several other respects. Dkt. 267. Accordingly, Plaintiffs now seek entry of a permanent injunction that (in addition to addressing the previously found violation) encompasses and remedies the additional violations, amendment of the judgment entered on the jury verdict, and entry of a final judgment in favor of all plaintiffs.

# FACTS AND PROCEDURAL HISTORY

In its April 23, 2019 Order, the Court found as a matter of law that LACCD denied Plaintiff Payan meaningful access to his course materials in the math classes in which he was enrolled. Dkt. 183. In accordance with the Court's instruction, Plaintiffs filed a Motion for Permanent Injunction, along with a proposed Permanent Injunction to remedy that specific finding of discrimination. Dkts. 259, 259-2.

The parties proceeded to a two-day bench trial on May 14 and 15, 2019. On May 21, 2019, the Court issued its Findings of Fact and Conclusions of Law. Dkt. 267. In that Order, and relevant to Plaintiffs' instant request for injunctive relief, the Court held that "LACCD violated Title II [of the ADA, 42 U.S.C. § 12131, *et seq.*] and Section 504 [of the Rehabilitation Act, 29 U.S.C. § 794] by discriminating against Plaintiffs through (1) the inaccessible handbook issued in Professor Daniel's course, (2) the inaccessible LACC website [including the

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PERMANENT INJUNCTION, FOR AMENDMENT OF THE ENTERED JUDGMENT, AND FOR ENTRY OF FINAL JUDGMENT

2

1  PeopleSoft Student Information System], and (3) the inaccessible LACC library
2  databases." *Id.* at 20.
3      First, the Court found that Plaintiff Portia Mason was not provided with an
4  accessible handbook in Professor Daniel's Abnormal Psychology course.
5  Specifically, the Court determined that Ms. Mason was provided with a paper copy
6  of the handbook without a corresponding digital version that was compatible with
7  a JAWS screen reader. *Id.* at 8, 16–17. Without an accessible handbook,
8  Ms. Mason was deprived of a key instructional resource both inside and outside of
9  the classroom. As a result, the Court determined that Ms. Mason was deprived of
10 meaningful access within the meaning of the ADA and Title II. The Court further
11 found that reasonable modifications existed to avoid this discrimination—namely,
12 LACCD "could have ensured that Mason receive an accessible version of
13 Professor Daniel's handbook at the same time as sighted students received a hard-
14 copy of the handbook." *Id.* at 17.
15     Second, the Court found that LACCD "discriminated against Plaintiffs by
16 utilizing the LACC website in a manner that only sighted students could access."
17 *Id.* at 18; *see also* Dkt. 183 at 18–20. The website is a "service" offered to
18 students. As the Court explained, making its accessibility "contingent upon third
19 party assistance does not allow blind students to manage their education
20 independently in the same manner as sighted students." Dkt. 267 at 18–19.
21 Relying on the testimony of Plaintiffs' expert Peter Bossley, the Court also found
22 that reasonable methods existed to make the website, and the PeopleSoft program
23 embedded within the website, accessible to JAWS users. *Id.* at 18.
24     Third, and similarly, the Court found that LACCD discriminated against
25 Plaintiffs by offering inaccessible library databases. *Id.* at 19. As a result of the
26
27     *PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
    PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR
28     PERMANENT INJUNCTION, FOR AMENDMENT OF THE ENTERED JUDGMENT,
    AND FOR ENTRY OF FINAL JUDGMENT

inaccessible databases, Plaintiffs were unable to access documents needed for their courses, thus denying them the meaningful access to which they are entitled. *Id.* As for reasonable modifications, the Court noted that requiring LACCD to cease using inaccessible databases would be a reasonable modification. *Id.* at 20.

The parties had a jury trial from June 18 through June 20, 2019, on the question of deliberate indifference and damages. On June 24, 2019, Judgment was entered on the Jury Verdict. Dkt. 322. Plaintiffs now file this Motion for a permanent injunction, to amend the entered judgment, and to enter a final judgment to include their requested injunctive relief.

## ARGUMENT

### I. PLAINTIFFS ARE ENTITLED TO A PERMANENT INJUNCTION

Given that the Court held in its Findings of Fact and Conclusions of Law that LACCD discriminated against Plaintiffs in multiple respects and in violation of the ADA and Rehabilitation Act, and because the behavior is ongoing, Plaintiffs are entitled to injunctive relief. In the earlier-filed Motion for Permanent Injunction (concerning the Court's liability finding at the summary judgment stage), Plaintiffs cited the caselaw establishing their entitlement to injunctive relief. Dkt. 259-1 at 5–8.

That same caselaw applies here. As noted in the previous filing, the Ninth Circuit has held that "[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provided for injunctive relief." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175–76 (9th Cir. 2010). Because the Court has already found a violation of the ADA, which expressly provides for injunctive relief,

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PERMANENT INJUNCTION, FOR AMENDMENT OF THE ENTERED JUDGMENT, AND FOR ENTRY OF FINAL JUDGMENT

4

42 U.S.C. § 12188(a)(1), the Court need not consider the injunctive relief factors. In accordance with Ninth Circuit precedent, this Court and many others in the District have ordered injunctive relief in ADA cases absent a discussion of the traditional injunctive relief factors. *See* Dkt. 259-1 at 5 (collecting cases). In any event, even if the traditional injunctive relief factors do apply here, Plaintiffs satisfy the traditional test and are entitled to a permanent injunction. *See id.* at 6–8; *see also Enyart v. Nat'l Conference of Bar Examiners*, 630 F.3d 1153 (9th Cir. 2011).

## II.    THE RELIEF TO BE ENTERED

Plaintiffs previously set forth the legal standard governing the appropriate scope of injunctive relief. Dkt. 259-1 at 8–9. Most critically, in the context of ADA cases, the Ninth Circuit has explained that a plaintiff "need not have personally encountered all the barriers . . . in order to seek an injunction to remove those barriers." *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *see also Clement v. California Dep't of Corrections*, 364 F.3d 1148, 1153 (9th Cir. 2004) (affirming a system-wide injunction because "it would be inefficient and unnecessary for prisoners in each California state prison to separately challenge the same [] policy").

As noted, Plaintiffs previously submitted a proposed permanent injunction to remedy the discrimination identified by the Court in its April 23, 2019 summary judgment order. *See* Dkt. 259-2. Plaintiffs now seek further injunctive relief to address the additional violations identified in the Court's Findings of Fact and Conclusion of Law and to remedy the underlying conduct, testified to at trial, that led to those violations. To that end, Plaintiffs attach to this Motion a new version

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PERMANENT INJUNCTION, FOR AMENDMENT OF THE ENTERED JUDGMENT, AND FOR ENTRY OF FINAL JUDGMENT

5

of the proposed injunction that includes all of the terms previously proposed, along with some additional terms to correct the new violations found.[1]

As for the additional relief sought in connection with the instant Motion, Plaintiffs initially request that the Court enter an injunction requiring the reasonable modifications that the Court identified in its Findings of Fact and Conclusions of Law (as well as its summary judgment order).

First, with respect to the denial of an accessible handbook to Plaintiff Mason in Professor Daniel's class, Plaintiffs renew their request that LACCD provide its blind students with accessible versions of course materials at the same time as sighted students receive those course materials. As before, Plaintiffs request that LACCD enforce its already-adopted Alternate Media Production Policy, Dkt. 259-2 at 4, which the Court identified as a reasonable modification in its summary judgment order, Dkt. 183 at 16.

The injunction should not be limited to the single textbook in Professor Daniel's psychology class. The Ninth Circuit has explained that a plaintiff need not personally experience every barrier to obtain an injunction as to the same accessibility violation. *Pickern*, 293 F.3d at 1138. Consistent with this principle, the Court should require LACCD to provide accessible textbooks and accessible classroom handouts at the same time they are provided to sighted students in all classes in which blind students are enrolled. Failure to do so will force blind students to bring a new lawsuit each and every time they encounter inaccessible

---

[1] Plaintiffs' are conscious of the Court's stated preference for short injunctions. In this case, however, brevity is unable to secure the systemic change required at LACCD.

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PERMANENT INJUNCTION, FOR AMENDMENT OF THE ENTERED JUDGMENT, AND FOR ENTRY OF FINAL JUDGMENT

6

1  course materials, leading to an approach that is "inefficient," "impractical," and
2  inconsistent with the mandate of the ADA. *Id.*
3        Indeed, the Court has previously opined that requiring instructors to make
4  educational text books available to blind students at the same time as sighted
5  students was feasible and an affirmative obligation under Title II and Section 504.
6  Formatting text books for accessibility for blind students would not fundamentally
7  alter the nature of the course. *See* Dkt. 183 at 17-18.
8        Second, the injunction should require LACCD to make its and its constituent
9  colleges' websites accessible to blind students. Plaintiffs' expert, Peter Bossley,
10 tested the LACCD website against accepted industry standards for digital
11 accessibility (Web Content Accessibility Guidelines ("WCAG") 2.0 Level AA)
12 and identified numerous deficiencies. *See* Dkt. 114. Mr. Bossley also identified
13 reasonable ways in which the website and the PeopleSoft program can be made
14 accessible. Dkt. 267 at 18. Plaintiffs' expert Jon Gunderson tested the LACC
15 website and found accessibility barriers in it, as well. Dkt. 117, ¶ 30. Defendant
16 produced no evidence to rebut either expert's conclusions. As a result, as outlined
17 in the proposed permanent injunction, Plaintiffs propose that LACCD be required
18 to make its websites accessible to blind users in accordance with WCAG 2.1 Level
19 AA standards, the current standard as testified to by Mr. Gunderson at the May 14,
20 2019 bench trial (Dec. of Joseph B. Espo, ¶ 2, and Att. 1 thereto at 86:3-7). To the
21 extent instructors use non-LACCD websites to communicate with their students,
22 those websites, too, should be made accessible or the instructors should cease their
23 use.
24       Third, the Court should enjoin LACCD from using inaccessible library
25 databases. Because LACCD is currently disadvantaging blind students by

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PERMANENT INJUNCTION, FOR AMENDMENT OF THE ENTERED JUDGMENT, AND FOR ENTRY OF FINAL JUDGMENT

7

providing inaccessible library databases, LACCD should be required to avoid such databases, which the Court previously found to be a reasonable modification. Dkt. 267 at 20. Moreover, because a plaintiff need not personally encounter every single barrier, LACCD should cease using not only inaccessible library databases, but any inaccessible student-facing technology and software. Plaintiffs have proposed a term to that effect in the attached permanent injunction.

As evidenced by the Court's findings in its summary judgment and trial orders, LACCD has discriminated against Plaintiffs (and other blind students) in a myriad of ways, not limited to any particular program, service, class, or professor. Based on the Court's findings, LACCD violated the ADA and Rehabilitation Act by failing to provide blind students with accessible educational materials inside and outside of the classroom; accessible websites and software, such as course registration software; and accessible library databases. Notwithstanding its stated policies, these violations demonstrate that LACCD failed to take seriously its obligations to comply with the ADA and Rehabilitation Act. Indeed, as apparent from undisputed evidence in the record, the violations identified by the Court are not one-off occurrences. For instance, just as Plaintiff Mason was denied an accessible handbook in her psychology class, Plaintiff Payan was deprived of accessible course materials in his math courses (as the Court previously found), and deprived of accessible class handouts prior to class in his philosophy and history courses, *see* Dkt. 269, ¶¶ 21, 45. And just as blind students at LACCD are unable to "access the benefits of the MyMathLab program," Dkt. 183 at 10, they are unable to access the benefits of other educational technologies such as the course registration software and the library databases.

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PERMANENT INJUNCTION, FOR AMENDMENT OF THE ENTERED JUDGMENT, AND FOR ENTRY OF FINAL JUDGMENT

8

Given this wide-ranging lack of compliance, Plaintiffs seek the inclusion of measures that are necessary to fully remedy the discrimination faced by blind students at LACCD.  As set forth in the proposed injunction, Plaintiffs specifically propose training of faculty and staff as to basic principles of accessibility and equal treatment of blind students; an audit of student-facing technology and systems; and the assistance of a third-party consultant to ensure that LACCD remedies its violations and meets its legal obligations moving forward.  Such relief is supported in Dr. Gunderson's bench-trial testimony declaration submitted at Dkt. 117 and in Mr. Bossley's testimony declaration at Dkt. 114.

Training of faculty and staff is critical because a minimum level of understanding is needed for compliance with the Media Policy (*e.g.*, faculty and staff need to understand the meaning of the term accessibility, how blind students access written material, etc.).[2]  The audit is necessary so that the full scope of deficiencies in technologies such as the website, the library databases, and MyMathLab can be identified and remedied; for instance, LACCD needs to first

---

[2] The need for training is evident from the record.  Even though the Media Policy references a "Dean of Educational Technology," not one of LACCD's designee witnesses could identify any such person, and in fact the position has not been filled since 2007 at the latest, as the Court noted. Dkt. 183 at 16.  And Jorge Mata, LACCD's Chief Information Officer for Information Technology, testified that there is no mandatory training on the creation and/or use of accessible content for professors who use learning management software.  *See* Dkt. 48-27, Ex. A-26, Mata Dep. 73:17-74:8.  There also is testimony that instructors simply refuse to comply with the terms of accommodation letters presented by students and that OSS abets such refusal by making sure students with disabilities are not assigned to classes taught by those instructors, instead of requiring the instructors to comply with the law.  *See* Dkt. 48-17, Robert Dominick Dep. 33:8:19; Dominick Dep., *Alhidir v. Los Angeles Community College District*, 41:1-44:2 (submitted in bench trial).

*PAYAN, et al. v. LACCD*, Case No.:  2:17-cv-01697 SVW(SKx)
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PERMANENT INJUNCTION, FOR AMENDMENT OF THE ENTERED JUDGMENT, AND FOR ENTRY OF FINAL JUDGMENT

9

determine which pages of the website are inaccessible before it is able to fix them. Given that LACCD has failed in the past to follow its own policies, a third-party consultant is necessary to ensure compliance and it will also provide a mechanism for Plaintiffs and the Court to enforce the terms of the injunction and adjudicate any violations, respectively.

These measures reinforce one another and are designed to ensure that blind students will truly be able to access resources and services in a timely manner. By addressing various aspects of LACCD's programs as they relate to blind students and containing benchmarks to track LACCD's progress, these measures will fully remedy widespread barriers to equal educational opportunities for blind students. Importantly, the proposed measures will not "invite easy evasion" by LACCD. *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105,1116 (9th Cir. 2012) (internal quotation marks and citation omitted). By contrast, if only limited measures are imposed, blind students at LACCD will be forced to separately (and inefficiently) litigate each and every accessibility barrier they encounter.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant their Motion for Permanent Injunction, enter the proposed injunction, amend the judgment entered on the jury verdict to include their requested injunctive relief, and enter a final judgment.

Respectfully submitted,

Dated: July 1, 2019

**BARBOSA GROUP**

*P Barbosa*
_____
Patricia Barbosa

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PERMANENT INJUNCTION, FOR AMENDMENT OF THE ENTERED JUDGMENT, AND FOR ENTRY OF FINAL JUDGMENT

10

|    |    |
|----|----|
| 1  |                     **BROWN GOLDSTEIN & LEVY, LLP** |
| 2  | *[signature]* |
| 3  | Sharon Krevor-Weisbaum<br>Joseph B. Espo<br>Jean M. Zachariasiewicz |
| 4  | *Attorneys for Plaintiffs* |
| 5  |    |
| 6  |    |
| 7  |    |
| 8  |    |
| 9  |    |
| 10 |    |
| 11 |    |
| 12 |    |
| 13 |    |
| 14 |    |
| 15 |    |
| 16 |    |
| 17 |    |
| 18 |    |
| 19 |    |
| 20 |    |
| 21 |    |
| 22 |    |
| 23 |    |
| 24 |    |
| 25 |    |
| 26 |    |
| 27 | *PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx) |
| 28 | PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PERMANENT INJUNCTION, FOR AMENDMENT OF THE ENTERED JUDGMENT, AND FOR ENTRY OF FINAL JUDGMENT |