


**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ROY PAYAN, PORTIA MASON, THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC.,

Plaintiffs,

vs.

LOS ANGELES COMMUNITY COLLEGE DISTRICT,

Defendant.

Case No.: 2:17-cv-01697-SVW-SK

**PERMANENT INJUNCTION AND FINAL JUDGMENT**

Upon consideration of Plaintiffs' Motion for Permanent Injunction, Dkt. 325, and the opposition filed by Defendant Los Angeles Community College District ("LACCD"), Dkt. 327, regarding the Findings of Fact and Conclusions of Law, Dkt. 267, in which the Court held that LACCD violated Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.* (the "ADA" or "Title II"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), the Court ENTERS, DECREES, AND ORDERS the following:

1. Within one year of the date of this Order, LACCD shall ensure compliance with the Alternate Media Production Policy, Dkt. 48-21 (the "Alternate Media Policy"), in effect at Los Angeles Community College ("LACC"), for all courses offered at LACC and for all other educational resources made available to students at LACC;

2. Within one year of the date of this Order, LACCD shall evaluate LACC's integrated library system website and all library databases available to students enrolled at LACC to determine whether the library resources are fully accessible to blind students. LACCD shall either (a) discontinue the use of any inaccessible library databases, inaccessible documents contained in library databases, or other inaccessible library resources available to students enrolled at LACC or (b) establish alternative means of providing access to the equivalent benefits of the inaccessible library resources to blind students in a timely manner, *i.e.*, prior to or at the same time sighted students are provided access to those library resources, including outside of the classroom;

3. Within three months of the date of this Order, LACCD shall appoint or designate an individual as the Dean of Educational Technology for LACC, with responsibilities as established in the Alternate Media Policy and in other official policies or regulations established by LACCD in effect at LACC. The Dean of Educational Technology at LACC must be proficient in accessibility under the ADA. Instructors at LACC, and OSS staff, shall consult with the Dean of Educational Technology as necessary to ensure (a) the preparation and furnishing of classroom materials to blind students in an accessible format in a timely manner, *i.e.*, prior to or at the same time that sighted students receive the equivalent materials, including outside of the classroom, (b) the timely conversion of any inaccessible instructional materials into a format accessible to blind students, or providing alternative means of access to the equivalent benefits of inaccessible instructional materials in a timely manner; (c) the timely accommodation of blind students pursuant to the terms of their accommodation letters, (d) timely responses to requests for reasonable accommodations sought by blind students, and (e) compliance with the Alternate Media Policy;

4. Within one year of the date of this Order, LACCD shall ensure that the LACCD website, the LACC website, and all other educational or instructional websites available to students enrolled at LACC, including all educational resources or embedded programs on those websites (such as PeopleSoft) made available to LACC students, are accessible to blind students in accordance with WCAG 2.1 Level AA standards;

5. LACCD shall assess all educational resources or other technological programs considered for acquisition and use at LACC, including resources that are purchased or licensed from third party vendors, for accessibility to blind students prior to their acquisition. If any resources considered for acquisition are determined to be inaccessible to blind students enrolled at LACC, LACCD shall either (a) decline to acquire the resources or (b) acquire the inaccessible technology but establish alternative means of providing access to the equivalent benefits of the inaccessible resources to blind students in a timely manner, *i.e.*, prior to or at the same time sighted students are provided access to those resources, including outside of the classroom;

6. In all cases, for each of the requirements imposed above, LACCD shall not be required to take any particular action if doing so amounts to an undue financial or administrative burden or would result in the fundamental alteration in a program, service, or activity at LACC, consistent with 28 C.F.R. §§ 35.130(b)(7) and 35.164;

7. Within 30 days of the date of this Order, LACCD shall disseminate this Order to all instructors and administrators at LACCD;

8. The Court shall retain jurisdiction over the enforcement of this Order. If Plaintiffs believe that LACCD has violated any portion of this Order, Plaintiffs shall give notice of such alleged violation to LACCD, and LACCD must respond in writing to such notice no later than 15 days after receipt. The parties shall meet and confer consistent with the Federal Rules of Civil Procedure, and if the parties are unable to resolve a dispute over LACCD's alleged violation of this Order, then (1) Plaintiffs may move this Court to seek enforcement of the Order, or alternatively, (2) LACCD may file a motion for relief to seek a finding that Plaintiffs' requested course of action constitutes an undue burden or fundamental alteration under 28 C.F.R. §§ 35.130(b)(7) and 35.164;

9. This Order shall become effective as of the date the Order is signed and entered in the above-captioned case, and the Order shall remain in effect for a period of three years from the effective date;

10. Pursuant to the jury verdict entered in this case on June 20, 2019, see Dkt. 320, judgment is entered in favor of Plaintiff Portia Mason against LACCD in the amount of $0, and judgment is entered in favor of Plaintiff Roy Payan against LACCD in the amount of $40,000.00, with interest thereon at the legal rate as provided by law;

11. Pursuant to the Court's findings of liability in the Findings of Fact and Conclusions of Law, Dkt. 267, judgment is entered in favor of Plaintiffs National Federation of the Blind, Inc. and National Federation of the Blind of California, Inc. against LACCD;

12. Plaintiffs are deemed the prevailing party pursuant to 42 U.S.C. § 12205 and shall be entitled to recover their reasonable attorneys' fees and costs incurred in this action. Plaintiffs are ordered to file a motion for attorneys' fees within 21 days of the date of this Order, consistent with the parties' stipulation, Dkt. 326; and

13. This Order shall be deemed a final judgment pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Date: 7/22/19

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE