UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | October 27, 2021 |
| Title | Roy Payan, et al. v. Los Angeles Community College District | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   SUMMARY OF DISPOSITION OF APPEAL; SCHEDULING ORDER

    Before the Court are Plaintiffs Roy Payan, Portia Mason, the National Federation of the Blind, Inc. (the "NFB"), and the National Federation of the Blind of California, Inc. (the "NFBCA") and Defendant Los Angeles Community College District ("LACCD").   Plaintiffs bring a number of disability discrimination claims under Title II of the Americans with Disabilities Act (the "ADA" or "Title II"), 42 U.S.C. §§ 12131 *et seq.*, and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794.

    The litigation in this case began in March 2017.   Plaintiffs moved for summary judgment several times, ultimately reframing their claims as disparate impact claims.   *See* Dkt. 48, 158.   This Court granted summary judgment on certain claims and required the unresolved claims to proceed to a bench and jury trials.   Dkt. 183.

    After these trials, this Court entered a permanent injunction and final judgment in Plaintiffs' favor on July 22, 2019.   Dkt. 330.   On August 24, 2021, the United States Court of Appeals for the Ninth Circuit issued a published opinion and an unpublished memorandum disposition resolving various issues on appeal.   *See* Dkt. 401–02.

    In its published opinion, the Court of Appeals reversed, vacated, and remanded the case for further proceedings, instructing this Court to reconsider Plaintiffs' individual claims under either a disparate impact framework or the individual failure to accommodate framework, depending on the nature of the specific claim.   Dkt. 401.   Specifically, the Court of Appeals held that this Court erred in failing to consider certain of Plaintiffs' claims under a failure to accommodate framework.

                                                                                                                                                                             :

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01697-SVW-SK | Date | October 27, 2021 |
|---|---|---|---|
| Title | Roy Payan, et al. v. Los Angeles Community College District | | |

The Court of Appeals discussed a number of other issues in its memorandum disposition. Dkt. 402. The Court summarizes these issues as follows:

1. LACCD sought judicial notice of a number of exhibits not presented to this Court. The Court of Appeals declined to notice these exhibits.

2. LACCD challenged this Court's determination that NFB and NFB-CA have standing in this case. The Court of Appeals concluded that both entities to have standing to sue.

3. LACCD argued that this Court improperly weighed disputed issues of fact and applied an incorrect burden-shifting framework on summary judgment. The Court of Appeals stated that "LACCD's specific arguments are not supported by the record and do not establish error in the district court's partial grant of summary judgment." However, the Court of Appeals instructed this Court to reconsider relevant disability law on summary judgment based on the guidance found in the published opinion.

4. LACCD argued that the Court's failure to rule on LACCD's *Daubert* motions was an abuse of discretion. The Court of Appeals agreed and instructed this Court to complete the appropriate *Daubert* inquiry on remand.[1]

5. LACCD claimed that the Court erred in permitting Plaintiffs to pursue money damages for their deliberate indifference claims. The Court of Appeals disagreed and held that such damages are recoverable.

6. LACCD contended the district court's bench trial findings were clearly erroneous. The Court of Appeals declined to address many of these claims, but noted that this Court "erred in holding LACCD liable for accessibility barriers in the LACC library research databases based on "self-evident principles," despite making an explicit finding that Plaintiffs failed to carry their burden of proof to show that reasonable modifications existed to remedy these accessibility barriers."

7. LACCD asserted that the permanent injunction was overly broad. The Court of Appeals agreed. The Court of Appeals stated, for example, that the injunction's provisions regarding

---

[1] The Court of Appeals stated that this Court did not abuse its discretion in determining that LACCD's expert submitted a sham affidavit.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01697-SVW-SK | Date | October 27, 2021 |
|---|---|---|---|
| Title | Roy Payan, et al. v. Los Angeles Community College District | | |

the library databases were an abuse of discretion because "Plaintiffs failed to meet their burden of proof regarding the existence of reasonable modifications to those databases."

8. Plaintiffs argued on cross-appeal that this Court erred in denying Plaintiffs a jury trial on issues of liability. The Court of Appeals agreed, stating, "Because the individual plaintiffs sought money damages on their disability discrimination claims, they were entitled to a jury trial on these claims under the Seventh Amendment." Accordingly, the Court of Appeals instructed this Court to permit Plaintiffs to try their disability discrimination claims to a jury.

Plaintiffs and Defendant are hereby ORDERED to submit memoranda of no more than twenty-five (25) pages describing their positions. The memoranda are to include a statement of the issues capable for resolution via motion practice and those remaining for jury trial. Keeping in mind the published opinion of the Court of Appeals, the parties are to identify which claims should be tried under a failure to accommodate framework versus a disparate impact framework. The memoranda are to be submitted by November 17, 2021.

**IT IS SO ORDERED.**

Initials of Preparer   PMC