1  Patricia Barbosa (SBN 125685)
   pbarbosa@barbosagrp.com
2  **BARBOSA GROUP**
   606 Lake Street, #9
3  Huntington Beach, California 92648
   Phone: (714) 465-9486
4
   Sharon Krevor-Weisbaum
5  skw@browngold.com
   Joseph B. Espo
6  jbe@browngold.com
   Jean M. Zachariasiewicz
7  jmz@browngold.com
   **BROWN, GOLDSTEIN & LEVY LLP**
8  120 East Baltimore Street, Suite 2500
   Baltimore, Maryland 21202
9  Phone: (410) 962-1030

10 *Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, PORTIA MASON, THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br> Defendant. | Case No.: 2:17-cv-01697-SVW(SKx) <br> **Civil Rights** <br><br> **PLAINTIFFS' MEMORANDUM REGARDING ISSUES FOR DECISION ON REMAND** |

# INTRODUCTION

Plaintiffs Roy Payan, Portia Mason, National Federation of the Blind, Inc., and the National Federation of the Blind of California ("Plaintiffs") file this Memorandum in response to the Court's Order of October 27, 2021, directing the parties to set forth their respective positions on issues to be decided following remand from the Ninth Circuit Court of Appeals.

# FACTS

This lawsuit arises from Defendant's persistent failure to provide blind students with meaningful access to its programs and services. *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 738 (9th Cir. 2021) ("If a public entity's practices or procedures deny people with disabilities meaningful access to its programs or services, causing a disparate impact, then the public entity is required to make reasonable modifications to it practices or procedures."). At summary judgment and trial, LACCD was found to have failed to meet its obligations under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"). On July 22, 2019, this Court entered a judgment in Plaintiffs' favor and granted their request for injunctive relief. ECF No. 330.

On August 24, 2021, the Ninth Circuit Court of Appeals vacated the judgment, in part, and remanded the case for a new trial on Plaintiffs' claims. *Payan*, 11 F.4th at 740; *Payan v. Los Angeles Cmty. Coll. Dist.*, Nos. 19-56111, 19-56146, 2021 WL 3743307 at *3 (9th Cir. Aug. 24, 2021).

# ARGUMENT

I.  **Framework for Issues on Remand.**

The Court of Appeals directed this Court to "reconsider Plaintiffs' individual claims under either the disparate impact framework or the individual failure to accommodate framework, depending on the nature of the specific claim, and to

permit Plaintiffs to introduce evidence to support these claims under either framework." *Payan*, 11 F.4th at 740. On remand, the Court will need to address the accessibility of the following websites, platforms, and materials: (1) PeopleSoft, LACCD's district-wide student information system; (2) LACC's library databases, including JSTOR; (3) LACCD's district-wide website; (4) LACC's website; (5) online learning platforms used in LACC classes like MyMathLab and Etudes; and (6) print materials used in Mr. Payan's and Ms. Mason's classes. ECF No. 48-2 at 20 ¶ 56 ("In his philosophy class, the professor refused to provide Mr. Payan with in-class handouts in a digital format so Mr. Payan had no way to follow along in class"); *id.* at 26 ¶ 82 ("Ms. Mason never received in-class handouts in advance of class so that she could have them converted to an accessible format that would allow her to follow along in class like her sighted peers."). In addition, the Court will need to consider LACC's practices of: (1) requiring students to use inaccessible textbooks; (2) failing to provide individualized and accessible accommodation letters that identify reasonable accommodations for specific classes; and, (3) failing to follow blind students' accommodation letters with regard to class assignments and testing.[1] *E.g.*, ECF No. 48-2 at 12 ¶ 31 ("OSS only gets involved after an issue with accessibility arises with a purchase and . . . OSS does not advise departments regarding the accessibility of textbooks or technology."); *id.* at 21 ¶ 60 ("OSS caused Mr. Payan to fall behind by failing to timely provide him with accessible chapters of his math textbook."); *id.* at 23 ¶ 68 (In the Fall 2016 semester, "Mr. Payan continued

---

[1] Mr. Payan and Ms. Mason were both discriminated against when their instructors failed to follow their accommodation letters regarding class assignments, and the Office of Support Services failed to follow them regarding testing. Specifically, Mr. Payan did not receive accommodations he was entitled to in French I, Philosophy I, Math 124A, Math 124B, and General Psychology. Ms. Mason did not receive the accommodations she was entitled to in Introduction to Psychology and Abnormal Psychology.

to have accessibility issues with the textbook [in Math 124B]."). Almost all of these issues were specifically addressed in Plaintiffs' summary judgment briefing, which the Ninth Circuit directed this Court to reconsider in light of its ruling. *Payan*, 2021 WL 3743307 at *2.

The Court of Appeals recognized that "[a] disability discrimination claim may be based on 'one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation.'" *Payan*, 11 F.4th at 738 (quoting *Davis v. Shah*, 821 F.3d 231, 260 (2d Cir. 2016)). Many of the issues in this case can and should be analyzed under more than one theory. For example, LACCD's practice of employing inaccessible software and websites is facially neutral but has a disparate impact on blind users. *Id.* at 739. At the same time, because LACCD maintained, ECF No. 48-2 at 6-9 ¶¶ 11-14, 16-17, but ignored, *id.* at 8, 9-10 ¶¶ 15, 18-21, guidelines and policies that were intended to ensure blind students and potential students can access its websites and technology, LACCD is liable under a disparate treatment theory because it acted with deliberate indifference to the rights of those individuals. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (citing *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998)). Other issues like LACCD's failure to follow Mr. Payan's and Ms. Mason's accommodation letters straddle the line between disparate treatment and failure to provide reasonable accommodations. The Court at summary judgment, or the jury at trial, should analyze the following issues according to the theories of liability identified below:[2]

---

[2] Even where Plaintiffs have only identified disparate treatment and disparate impact as the applicable theories of liability, a failure to accommodate theory may also apply if the evidence shows that LACCD observed the disparate impact of its policies and practices and failed to make reasonable modifications to them that would allow blind students and prospective students to receive the full benefit of its programs and services.

(1) Accessibility of PeopleSoft – disparate treatment and disparate impact;

(2) Accessibility of LACC's library databases – disparate treatment and disparate impact;

(3) Accessibility of LACCD's district-wide website – disparate treatment and disparate impact;

(4) Accessibility of LACC's website – disparate treatment and disparate impact;

(5) Accessibility of online learning platforms like MyMathLab and Etudes – disparate treatment, disparate impact, and failure to accommodate (by Mr. Payan);

(6) Accessibility of print materials used in Mr. Payan's and Ms. Mason's classes – disparate treatment and failure to accommodate;[3]

(7) LACC's practice of requiring students to use inaccessible textbooks – disparate treatment, disparate impact, and failure to accommodate (by Mr. Payan and Ms. Mason);

(8) LACC's failure to require instructors to select textbooks in time for accessible versions to be available at the start of the semester – disparate impact;

(9) OSS's persistent inability or unwillingness to meet the needs of its blind students, including its practice of providing them with accommodations letters that are not individualized or accessible – disparate treatment and failure to accommodate (by Mr. Payan and Ms. Mason);

(10) LACC's practice of failing to follow blind students' accommodation letters regarding in-class work and testing procedures, including, for

---

[3] The Court of Appeals noted that LACC has a general Alternate Media Production Policy ("AMPP") requiring that all instructional materials be made accessible to students. *Payan*, 11 F4th at 732-33. Evidence in the first trial showed that the policy was not followed. *Id.*

*PAYAN, et al. v. LACCD*, Case No.:  2:17-cv-01697 SVW(SKx)
PLAINTIFFS' MEMORANDUM REGARDING ISSUES FOR DECISION ON REMAND

5

example, a professor's refusal to allow Mr. Payan to use an audio recorder during class even though his accommodation letter specifically permitted it – disparate treatment, disparate impact, and failure to accommodate (by Mr. Payan and Ms. Mason);

(11) The refusal by several professors to permit Mr. Payan to take certain classes because he is blind – disparate treatment; and,

(12) LACC's admitted practice of steering blind students away from certain professors who are unwilling to provide required reasonable accommodations – disparate treatment and failure to accommodate.

## II. Issues for Resolution via Motion Practice or at Trial.

The Court of Appeals remanded this case with instructions for this Court to reconsider its grant of partial summary judgment in Plaintiffs' favor, ECF No. 183, consistent with the Court of Appeals' published opinion. *Payan*, 2021 WL 3743307 at *2. Plaintiffs request that the Court order the parties to propose a briefing schedule so the parties can fully set out their arguments on issues that are appropriate for consideration at summary judgment. The Court of Appeals also directed this Court to perform a *Daubert* analysis with respect to Plaintiffs' experts, Peter Bossley and John Gunderson. *Id.* Because the Court of Appeals did not provide any substantive guidance on the *Daubert* motions, they should be decided on the briefs already submitted. *See* ECF 70, 92, & 101 (briefing on Bossley Motion in Limine); 69, 91, 102 (briefing on Gunderson Motion in Limine). If the Court denies Plaintiffs' motion for summary judgment, the case should be scheduled for trial on both liability and damages. If the Court grants Plaintiffs' motion for summary judgment, the case should be scheduled for trial only on the question of damages.

## III. Injunctive Relief

After liability has been determined, the Court should, if needed, schedule a brief period of discovery to address Plaintiffs' request for injunctive relief. The

parties, and their experts, should be permitted to explore any modifications or changes that have been made to LACCD's websites, library databases, online learning platforms, and its policies and practices since the end of the first trial. Following any discovery period, the Court should consider Plaintiffs' claim for injunctive relief either on the briefing submitted by the parties or on the record at an evidentiary hearing. Bifurcating the issues in this manner is appropriate for three reasons. First, it will limit the potential for the jury to hear irrelevant evidence. Second, it will allow the parties to try the matter on the record that has already been established before it becomes stale and the recollections of the relevant witnesses fade. Finally, it will conserve the parties' and the Court's resources in the event that LACCD prevails at the liability phase, which would make consideration of injunctive relief unnecessary.

## CONCLUSION

For the foregoing reasons the Court should order the parties to propose a summary judgment briefing schedule.

Respectfully submitted,

Dated: November 17, 2021

**BARBOSA GROUP**

*/s/ P. Barbosa*
Patricia Barbosa

**BROWN GOLDSTEIN & LEVY, LLP**

*/s/ Sharon B. Krevor-Weisbaum*
Sharon Krevor-Weisbaum
Joseph B. Espo
Jean M. Zachariasiewicz

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2021, copies of the foregoing Plaintiffs' Memorandum Regarding Issues for Decision on Remand were delivered by the Court's e-filing system to:

    Richard E. Morton, Esquire
    Yvette Davis, Esquire
    Bruce Cleeland, Esquire
    HAIGHT BROWN & BONESTEEL LLP
    2050 Main Street, Suite 600
    Irvine, California  92614
    rmorton@hbblaw.com
    ydavis@hbblaw.com
    bcleeland@hbblaw.com

    and

    Pilar Morin, Esquire
    David A. Urban, Esquire
    Kate S. Im, Esquire
    LIEBERT CASSIDY WHITMORE
    A Professional Law Corporation
    6033 West Century Boulevard, 5th Floor
    Los Angeles, California  90045
    pmorin@lcwlegal.com
    durban@lcwlegal.com
    kim@lcwlegal.com

    *Attorneys for Defendant Los Angeles Community College District*

    /s/ Joseph B. Espo
    Joseph B. Espo