Richard E. Morton, Bar No. 54188
rmorton@hbblaw.com
Yvette Davis, Bar No. 165777
ydavis@hbblaw.com
HAIGHT BROWN & BONESTEEL LLP
2050 Main Street, Suite 600
Irvine, California 92614
Telephone: 714.426.4600
Facsimile: 714.754.0826

Pilar Morin, Bar No. 192882
pmorin@lcwlegal.com
David A. Urban, Bar No. 159633
durban@lcwlegal.com
Meredith G. Karasch, Bar No. 228233
mkarasch@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone: 310.981.2000
Facsimile: 310.337.0837

Attorneys for Defendant
LOS ANGELES COMMUNITY COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN; PORTIA MASON; NATIONAL FEDERATION OF THE BLIND; NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, , <br><br> Plaintiff, <br><br> v. <br><br> LOS ANGELES COMMUNITY COLLEGE, <br><br> Defendant. | Case No.: 2:17-CV-01697-SVW-SK <br><br> Complaint Filed: March 2, 2017 <br> FAC Filed: March 31, 2017 <br><br> **DEFENDANT LOS ANGELES COMMUNITY COLLEGE DISTRICT'S RESPONSE TO MINUTE ORDER OF OCTOBER 27, 2021** <br><br> Trial Date: N/A |

On October 27, 2021, this Court issued a minute order asking for the parties to describe their respective positions on the litigation, and to include a list of issues to be resolved by motion practice and those reserved for jury trial. This Court has asked the parties to identify which claims are to be tried under an alleged failure to accommodate framework and which under a disparate impact framework. Defendant Los Angeles Community College District (the "District") responds as follows.

## I. THE CASE SHOULD BE STAYED

As a preliminary matter, proceedings in this case, including any motion practice and additional discovery, should be stayed. An important issue going forward is whether certain claims should be adjudicated through a reasonable accommodation or disparate impact theory. The District plans to file a petition for writ of certiorari in the United States Supreme Court on or before December 15, 2021 asking that the Court determine whether a private cause of action exists under a disparate impact theory under the statutes at issue here, in particular Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act. *See Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 740-44 (9th Cir. 2021) (Lee, J., dissenting) (describing reasons disparate impact theory is unavailable).

The United States Supreme Court has recently demonstrated it has an interest in deciding if plaintiffs can assert disparate impact claims under Section 504 of the Rehabilitation Act. The Court this term granted a petition for writ of certiorari in *CVS Pharmacy Inc. v. Doe*, No. 20-1374 to decide whether a disparate impact theory is available to plaintiffs under Section 504 and a particular provision of the Affordable Care Act. Even though the *CVS* case was fully briefed and set for oral argument on December 7, 2021, the parties stipulated to dismiss the appeal, and the Court on November 12, 2021 granted the request for dismissal. The issue of whether a disparate impact theory can be asserted under statutes like those at issue here, however, clearly constitutes one of that the Court should address, and the

District will explain this in its petition. The Supreme Court will either deny the petition, or grant it and issue a decision, before its current term ends, so a stay will probably not last longer than spring 2022, i.e., only five or six more months.

Accordingly, this litigation should be stayed until the U.S. Supreme Court rules on a petition for writ of certiorari in this matter, and if a petition is granted then until the Court renders its decision. If a disparate impact theory is unavailable to Plaintiffs, in this case, it will substantially impact how this case is litigated.

## II. MATTERS TO BE ADJUDICATED BY MOTION AND JURY TRIAL

The following responds to this Court's question about which matters should be adjudicated by motion and which by jury trial.

1. The District plans to assert *Daubert* motions as to Plaintiffs' experts John Gunderson and Peter Bossley.

2. The District wishes to designate two experts to replace its prior expert (whose declaration was excluded), and expects it would be efficient to hear any *Daubert* or other challenges Plaintiffs have to the testimony of those experts at the same time as the District's *Daubert* challenges to Plaintiffs' experts.

3. The District plans to assert motions for summary judgment and in the alternative partial summary judgment as to each of Plaintiffs' claims for relief and each set of factual allegations. Plaintiffs may wish to renew their motions for partial summary judgment on liability. The District recommends that this Court expand the page limit for motions for summary judgment given the complexity of this case, or in the alternative that this Court authorize separate motions for summary judgment on different types of factual allegations – for example different motions for websites and PeopleSoft, the library databases, purchase of instructional materials, Payan's classroom experiences, and Mason's classroom experiences respectively. Any material factual issues that are dispositive to Plaintiffs' causes of action that are not resolved by these motions should be resolved by the jury.

3

4. The District wishes to assert the same motions *in limine* prior to the jury trial of this matter as it did previously for the bench trial and jury trial; the District wishes to have the right to expand the list of such motions at the appropriate time prior to trial.

5. For discovery and trial preparation, the case should start basically at the beginning, including among other things new initial disclosures and opportunity for further discovery, as well as new pre-trial preparation including the parties' submitting revised proposed jury instructions. Additional depositions will likely be necessary, including depositions of Plaintiffs Mason and Payan to determine any extent to which their allegations have changed. The District asks that this Court manage additional deposition and other discovery at the appropriate time through motion practice. For efficiency and fairness, this Court should require the parties, before further discovery, to exchange lists of specific potential witnesses.

6. An important issue on appeal was the extent to which access to resources "at the same time or prior" access by sighted students constituted a proper basis for imposing liability. The District asks to brief this issue in a motion *in limine*, or other appropriate type of motion as determined by this Court, at an early point in this matter so that the parties can tailor their briefing, evidence, and argument accordingly. The Ninth Circuit did not rule on this issue.

7. An important issue on appeal was the extent to which recourse to a request-driven process for a particular resource automatically led to a finding of liability. The District asks to brief this issue in a motion *in limine*, or other appropriate type of motion as determined by this Court, at an early point in this matter so that the parties can tailor their briefing, evidence, and argument accordingly. The Ninth Circuit did not rule on this issue.

### III. THEORIES OF LIABILITY

The following responds to this Court's question about theories of liability to assert. The Ninth Circuit identified the following claims as ones to be tried under a

4

disparate impact theory (i.e., it described them as "true disparate impact claims"):

1. Operation of web portal through PeopleSoft program and alleged accessibility issues with screen reading software.

2. Allegations regarding District and College websites.

3. Allegations of facially neutral practices of selecting classroom materials from third parties and supposedly evaluating accessibility through a complaint-driven process. *Payan*, 11 F.4th at 739.

The Ninth Circuit identified the following as claims to be adjudicated as "failure to accommodate" claims:

1. "Payan's experience of being unable to timely receive his math textbook in e-text format."

2. "Mason's experience with only being provided a paper copy of her psychology classroom handouts," including the Abnormal Psychology handbook.

3. "[A]lleged failures to provide test-taking accommodations" to Plaintiffs or an in-class notetaker. *Id.* at 739-40.

The following additional items should be tried as failure to accommodate claims:

4. Payan's experience with MyMathLab as an instructional resource in his Math 124A class.

5. Any allegations as to the Canvas and Etudes instructional programs.

6. Any additional allegations as to allegedly inaccessible in-class handouts or Powerpoint slides.

7. Payan's alleged obstacles in being admitted into certain math classes.[1]

8. Payan's alleged disability discrimination encountered in history and philosophy courses because the professors allegedly would not provide him with

---

[1] The following are derived from Plaintiffs' briefing on appeal as matters allegedly not allowed by this Court to be asserted. The Ninth Circuit did not rule on the issue. Defendants reserve the right to argue the allegations should be excluded from this case.

9866749.2 LO130-061

accessible copies of in-class handouts at the same time they were provided to sighted students.

9. Payan's alleged disability discrimination in a statistics course because the professor supposedly would not allow him initially to use an audio recorder.

If Plaintiffs raise other factual allegations, we will address the appropriate theory of liability at the proper time. The District is available to respond to any further questions this Court has on case management issues.

Dated: November 17, 2021                    HAIGHT BROWN BONESTEEL

By: _____
Richard E. Morton
Yvette Davis
Attorneys for Defendant
LOS ANGELES COMMUNITY
COLLEGE DISTRICT

Dated: November 17, 2021                    LIEBERT CASSIDY WHITMORE

By: _____
Pilar Morin
David A. Urban
Meredith G. Karasch
Attorneys for Defendant
LOS ANGELES COMMUNITY
COLLEGE DISTRICT

6

DEFENDANT'S RESPONSE TO MINUTE ORDER

9866749.2 LO130-061