Patricia Barbosa (SBN 125685)
pbarbosa@barbosagrp.com
**BARBOSA GROUP**
606 Lake Street, #9
Huntington Beach, California 92648
Phone: (714) 465-9486

Sharon Krevor-Weisbaum
skw@browngold.com
Joseph B. Espo
jbe@browngold.com
**BROWN, GOLDSTEIN & LEVY LLP**
120 East Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Phone: (410) 962-1030

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, PORTIA MASON, THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>LOS ANGELES COMMUNITY COLLEGE DISTRICT,<br><br>Defendant. | Case No.: 2:17-cv-01697-SVW(SKx)<br>**Civil Rights**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT STAY OF PROCEEDINGS AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Hearing Date: January 24, 2022<br>Time: 1:30 p.m.<br>Location: 350 W. 1st Street<br>Los Angeles, CA 90012<br>Courtroom 10A |

1    Plaintiffs Roy Payan, Portia Mason, National Federation of the Blind, Inc., and

2    National Federation of the Blind of California, Inc. ("Plaintiffs") respectfully move

3    the Court to lift the stay it entered in this case on November 22, 2021, and to grant

4    them leave to file a Second Amended Complaint that strikes the second count of their

5    Amended Complaint.  In support of this request, Plaintiffs state as follows:

6    1.    On August 24, 2021, the Ninth Circuit Court of Appeals vacated this

7    Court's 2019 judgment in favor of Plaintiffs and remanded the case for a new trial on

8    Plaintiffs' claims. *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 740 (9th Cir.

9    Aug. 24, 2021); *Payan v. Los Angeles Cmty. Coll. Dist.*, Nos. 19-56111, 19-56146,

10   2021 WL 3743307 at *3 (9th Cir. Aug. 24, 2021).

11   2.    On November 22, 2021, in response to Defendant's representation that it

12   intends to petition the United States Supreme Court for a writ of certiorari, the Court

13   issued a stay in this matter pending Defendant's filing of the petition. ECF No. 408.

14   3.    Just as "the power to stay proceedings is incidental to the power inherent

15   in every court to control the disposition of the causes on its docket with economy of

16   time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299

17   U.S. 248, 254 (1936), so too is the power to lift a stay. *Thomas v. Home Depot USA

18   Inc.*, 2007 WL 2140917, at *1 (N.D. Cal. Jul. 25, 2007) ("The power to grant a stay

19   includes the inherent power and discretion to lift that stay."); *Canady v. Erbe

20   Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D. D.C. 2002) ("The same court that

21   imposes a stay of litigation has the inherent power and discretion to lift the stay.").

22   Lifting the stay in this case is appropriate because Plaintiffs wish to amend their

23   complaint to strike their claim under Section 504 of the Rehabilitation Act of 1973,

24   29 U.S.C. § 794, *et seq.* and to bring their allegations (which were pleaded nearly five

25   years ago) current. *See* Ex. 1 (Second Amended Complaint); Ex. 2 (Second Amended

26

27

28

1  Complaint – Redline). Doing so will promote economies of time and effort for the
2  parties and the Court.[1]

3        4.     Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give
4  leave [to amend] when justice so requires." "Courts may decline to grant leave to
5  amend only where the opposing party puts forward 'strong evidence' of undue
6  prejudice, or bad faith or dilatory motive on the part of the moving party." *Savinovich*
7  *v. Subaru of Am., Inc.*, Case No. 2:19-CV-07587-ODW (MAAx), 2020 WL 208811,
8  *1 (C.D. Cal. Jan. 13, 2020) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
9  Defendant cannot provide any evidence of prejudice, bad faith, or dilatory motive (let
10  alone, "strong evidence") because granting Plaintiffs' request would reduce the time
11  required to resolve Plaintiffs' claims, which have been pending since 2017 and have
12  already been the subject of two trials. Plaintiffs' requested amendment will narrow
13  and sharpen the issues before the Court and will not limit Plaintiffs' remedies or
14  Defendant's affirmative defenses. As one court has observed in a similar context:
15  "[D]efendants usually do not want to be accused of [wrongdoing]. One would
16  accordingly think a defendant would be happy to have [] claims against it dismissed."
17  *Mansu v. Kennedy*, No. CIV 08-2012 WBS DAD, 2008 WL 5411938, *2 (E.D. Cal.
18  Dec. 24, 2008).

19        5.     Because the Court has not set a schedule for proceedings on remand, no
20  other deadlines will be impacted by granting Plaintiffs' request.

21        6.     This Motion is brought in compliance with Local Rule 7-3; counsel
22  conferred, as required, on December 7, 2021.

23        7.     A proposed order is attached.

24        WHEREFORE, Plaintiffs respectfully request that the Court:

25  _____

26  [1] Recognizing that the Court has not determined how this case will proceed on
27  remand, Plaintiffs' Second Amended Complaint does not contain allegations of new or additional harm that occurred since the filing of the Amended Complaint.

28

1         A. Exercise its discretion and lift the stay that it imposed on November 22,

2    2021;

3         B. Allow Plaintiffs leave to file their Second Amended Complaint to bring

4    their factual allegations current and strike their claim under Section 504 of the

5    Rehabilitation Act of 1973;

6         C. Direct the Clerk to docket Plaintiffs' Second Amended Complaint,

7    attached hereto as Ex. 1; and,

8         D. Grant any such other and further relief as the Court deems just and proper.

9                        Respectfully submitted,

10   Dated:  December 15, 2021         **BARBOSA GROUP**

11

12                       Patricia Barbosa

13

14                       **BROWN GOLDSTEIN & LEVY, LLP**

15

16                       Sharon Krevor-Weisbaum

17                       Joseph B. Espo

18                       *Attorneys for Plaintiffs*

19

20

21

22

23

24

25

26

27

28

*PAYAN, et al. v. LACCD*, Case No.:  2:17-cv-01697 SVW(SKx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION TO LIFT STAY AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, copies of the foregoing Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Lift Stay and for Leave to File Second Amended Complaint were delivered by the Court's e-filing system to:

Richard E. Morton, Esquire
Yvette Davis, Esquire
HAIGHT BROWN & BONESTEEL LLP
2050 Main Street, Suite 600
Irvine, California  92614
rmorton@hbblaw.com
ydavis@hbblaw.com

*and*

Pilar Morin, Esquire
David A. Urban, Esquire
Meredith G. Karasch, Esquire
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California  90045
pmorin@lcwlegal.com
durban@lcwlegal.com
mkarasch@lcwlegal.com

*Attorneys for Defendant Los Angeles*
*Community College District*

Joseph B. Espo