Patricia Barbosa (SBN 125685)
pbarbosa@barbosagrp.com
**BARBOSA GROUP**
606 Lake Street, #9
Huntington Beach, California 92648
Phone: (714) 465-9486

Sharon Krevor-Weisbaum
skw@browngold.com
Joseph B. Espo
jbe@browngold.com
Kevin D. Docherty
kdocherty@browngold.com
**BROWN, GOLDSTEIN & LEVY LLP**
120 East Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Phone: (410) 962-1030

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, PORTIA MASON, THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC., <br><br>                     Plaintiffs, <br><br> vs. <br><br> LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br>                     Defendant. | Case No.: 2:17-cv-01697-SVW(SKx) <br> **Civil Rights** <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO LIFT STAY OF PROCEEDINGS AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> Hearing Date: January 24, 2022 <br> Time: 1:30 p.m. <br> Location: 350 W. 1st Street <br> Los Angeles, CA 90012 <br> Courtroom 10A |

Plaintiffs Roy Payan, Portia Mason, National Federation of the Blind, Inc., and National Federation of the Blind of California, Inc. ("Plaintiffs") have asked the Court to lift the stay that it imposed while Defendant, Los Angeles Community College District, petitions the United States Supreme Court for a writ of certiorari, and for leave to amend their Complaint to strike their claim under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Bizarrely, Defendant opposes Plaintiffs' request and instead advocates a course of action that would further delay resolution of this case, filed in March, 2017. ECF-1.

1. Defendant argues that Plaintiffs have not pointed to any "Rule or standard for the motion to lift the stay" other than the Court's inherent power to do so. Opp'n at 5. That is because no such rule applies in these circumstances. Rather, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). Lifting the stay to grant the limited relief Plaintiffs seek is appropriate to move these already lengthy proceedings forward.[1]

2. "There is a presumption in favor of granting leave to amend unless the Court finds a compelling reason not to, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility of amendment." *Gonzalez v. Gov't Emps.' Ins. Co. Inc.*, No. 2:20-CV-11722-RGK-KS, 2021 WL 5009727, at *2 (C.D. Cal. Sept. 8, 2021) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendant bears the "heavy burden" of overcoming that presumption. *Bentley v.*

---

[1] Because there is no circuit split with respect to whether Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 – 12165, provides plaintiffs with a private right of action under a disparate impact theory, there is no basis for the Court to maintain the stay on the grounds stated in its November 22, 2021, Order. None of the cases cited in that Order involved claims under Title II.

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO LIFT STAY
OF PROCEEDINGS AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

2

*Arizona Dep't of Child Safety*, No. CV-17-00966-PHX-DJH, 2018 WL 8262769, at *1 (D. Ariz. Nov. 7, 2018). It has not done so.

      3.      Defendant's only complaint is that the merit of its petition to the Supreme Court for a writ of certiorari may be weakened if it cannot raise whether § 504 provides a private right of action under a disparate impact theory as an issue for the Court. Opp'n at 6. But frustrating a party's ambition to have its case heard by the Supreme Court is not the type of prejudice contemplated by Rule 15. *See Gonzalez v.* 2021 WL 5009727, at *2.

      4.      Contrary to Defendant's claim, the issue it seeks to have the Supreme Court clarify is not "critical for the re-trial of this case." Opp'n at 3. Whether § 504 provides a private right of action under a disparate impact theory is moot since Plaintiffs no longer wish to pursue a claim under § 504 and "[a] federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it." *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am., Div. 998 v. Wisconsin Emp. Rels. Bd.*, 340 U.S. 416, 418 (1951); *see also Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982). ("We do not sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before us.").

      5.      Defendant suggests that Plaintiffs may change their position and seek to reassert their claim under § 504 because they are only seeking leave to amend and not to dismiss with prejudice. Opp'n at 6. Plaintiffs will not do so,[2] but the Federal Rules of Civil Procedure do not provide a vehicle for a plaintiff to dismiss only part of their claims. *See* Fed. R. Civ P. 41 (addressing dismissal of an "action"); *Star Fabrics, Inc. v. Monroe & Main, Inc.*, No. CV 14-7125-MWF(EX), 2015 WL 12811249, at *2

---

[2] Because any amendment to the Complaint requires leave of court, Fed. R. Civ. P. 15, the court would have the ability to prevent Plaintiffs from repleading their § 504 claim in any event.

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO LIFT STAY
OF PROCEEDINGS AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

3

(C.D. Cal. Jan. 30, 2015) ("Under Ninth Circuit law a motion to dismiss a single claim, rather than the entire action, is appropriately considered as a request to amend under Federal Rule of Civil Procedure 15."); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) ("[A] plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint."). Amending their complaint to strike their claim under § 504 is Plaintiffs' only option.

6. Because Defendant has not met its burden to overcome the presumption in favor of allowing Plaintiffs to amend their complaint, Plaintiffs' motion should be granted.

Respectfully submitted,

Dated: January 7, 2022

**BARBOSA GROUP**

_____
Patricia Barbosa

**BROWN GOLDSTEIN & LEVY, LLP**

_____
Sharon Krevor-Weisbaum
Joseph B. Espo
Kevin D. Docherty

*Attorneys for Plaintiffs*

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO LIFT STAY
OF PROCEEDINGS AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

4

# CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2022, copies of the foregoing, Plaintiffs' Reply in Support of Their Motion to Lift Stay and for Leave to File Second Amended Complaint were delivered by the Court's e-filing system to:

>Richard E. Morton, Esquire
>Yvette Davis, Esquire
>HAIGHT BROWN & BONESTEEL LLP
>2050 Main Street, Suite 600
>Irvine, California 92614
>rmorton@hbblaw.com
>ydavis@hbblaw.com

and

>Pilar Morin, Esquire
>David A. Urban, Esquire
>Meredith G. Karasch, Esquire
>LIEBERT CASSIDY WHITMORE
>A Professional Law Corporation
>6033 West Century Boulevard, 5th Floor
>Los Angeles, California 90045
>pmorin@lcwlegal.com
>durban@lcwlegal.com
>mkarasch@lcwlegal.com

*Attorneys for Defendant Los Angeles Community College District*

_____
Joseph B. Espo

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO LIFT STAY
OF PROCEEDINGS AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

5