Patricia Barbosa (SBN 125685)
pbarbosa@barbosagrp.com
**BARBOSA GROUP**
606 Lake Street, #9
Huntington Beach, California 92648
Phone: (714) 465-9486

Sharon Krevor-Weisbaum
skw@browngold.com
Jessica P. Weber
jweber@browngold.com
Kevin D. Docherty
kdocherty@browngold.com
**BROWN GOLDSTEIN & LEVY LLP**
120 East Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Phone: (410) 962-1030

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, PORTIA MASON, THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br> Defendant. | Case No.: 2:17-cv-01697-SVW(SKx) <br> **Civil Rights** <br><br> **PLAINTIFFS' MEMORANDUM REGARDING ROADMAP FOR RETRIAL** |

Pursuant to the Court's order of June 28, 2022, and the discussion held on the record at the Status Conference earlier that day, Plaintiffs Roy Payan, Portia Mason, National Federation of the Blind, Inc., and the National Federation of the Blind of California ("Plaintiffs"), file the following "roadmap" for the retrial of this case.

1. This lawsuit arises from Defendant's persistent failure to provide blind students with an equal opportunity to access to its programs and services. *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 738 (9th Cir. 2021) ("Ninth Cir. Op.") ("If a public entity's practices or procedures deny people with disabilities meaningful access to its programs or services, causing a disparate impact, then the public entity is required to make reasonable modifications to it practices or procedures."). In 2019, this Court entered a judgment in Plaintiffs' favor on their claims that Defendant had violated (and was violating) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"). ECF No. 330.

2. On August 24, 2021, the Ninth Circuit Court of Appeals vacated the judgment, in part, and remanded the case for retrial.[1] *Payan*, 11 F.4th at 740; *Payan v. Los Angeles Cmty. Coll. Dist.*, Nos. 19-56111, 19-56146, 2021 WL 3743307 at *3 (9th Cir. Aug. 24, 2021) ("Ninth Cir. Mem."). The Ninth Circuit held that Plaintiffs should have been permitted to try all elements of their claims to a jury. Ninth Cir. Mem. ¶ 8. It also held that Plaintiffs' claims should not have been limited to a disparate impact theory when, according to the Ninth Circuit, they should have been permitted to argue (and present evidence) that Defendant discriminated against them under other theories, like failure to accommodate. Ninth Cir. Op. at 23. The result of

---

[1] By remanding for retrial only, the Ninth Circuit never suggested that discovery be reopened to afford Defendant a second chance at strengthening weak defenses, as it now requests, ECF No. 407. Defendant's request to reopen discovery, two years after it was completed, is unnecessary, inefficient, and a waste of both the parties' and the Court's resources and the Court should deny it.

the Ninth Circuit's decision is that on retrial, Plaintiffs have more ways to prevail on their discrimination claims using the discovery that has already been completed.

3. With one exception, the Ninth Circuit's instructions effectively take the parties and this Court back in time to early May 2019, after the Court's decision on Plaintiffs' Motion for Partial Summary Judgment and before the bench trial. That one exception is Mr. Payan's claim regarding lack of access to his math classes. Because judgment on this claim resulted from the Court's ruling on Plaintiffs' Second Renewed Motion for Partial Summary Judgment and the jury's verdict in June 2019, there is no need to retry any portion of this claim.

4. At summary judgment, this Court held that LACCD discriminated against Mr. Payan by denying him meaningful access to his math classes (via MyMathLab and inaccessible textbook assignments) and that reasonable modifications were available to present that discrimination. ECF No. 183 at 18. Then, in June 2019, the jury found that LACCD's discrimination was intentional and awarded Mr. Payan $40,000 in damages. ECF No. 320. Neither the Ninth Circuit's opinion nor its memorandum identifies or suggests any error in that outcome. Indeed, requiring Mr. Payan to retry those issues would run counter to the Ninth Circuit's holding, which affirmed (a) that Plaintiffs can prevail on a disparate impact theory and (b) that Plaintiffs are entitled to a jury trial. Ninth Cir. Op. at 23. Because nothing about Mr. Payan's math class claim was decided during the May 2019 bench trial, this Court should leave the judgment in his favor intact.

5. For all of Plaintiffs' other claims, Plaintiffs propose that further proceedings be bifurcated. In the first phase (Phase I) Plaintiffs propose that the parties proceed to a jury trial using the existing record to determine: (a) liability (*i.e.*, whether Defendant denied Plaintiffs an equal opportunity to access its programs or services and whether reasonable modifications existed that would have allowed them access); (b) whether Defendant acted intentionally or with deliberate indifference

when it denied Plaintiffs access to its programs and services; and (c) Plaintiffs' damages. If Plaintiffs prevail on those issues, Plaintiffs propose that the second phase (Phase II) consist of a brief period of discovery limited to the current state of access for blind students to determine the nature and extent of the injunctive relief required, followed by briefing and/or an evidentiary hearing on Plaintiffs' request for injunctive relief.

6. At summary judgment, this Court made several findings, none of which were disturbed by the Ninth Circuit's decision. Ninth Cir. Mem. ¶ 3. After ruling on Plaintiffs' motion, this Court identified the issues that were left to be decided. ECF No. 208. Those issues should now be presented to a jury:[2]

    a. Whether reasonable modifications exist that would remedy the discrimination against blind students regarding the LACC website (disparate treatment and disparate impact).

    b. Whether reasonable modifications exist that would remedy the discrimination against blind students regarding LACC library databases (disparate treatment and disparate impact).

    c. Whether LACCD discriminated against blind students by failing to provide Mr. Payan meaningful access to his psychology course due to the inaccessible Etudes program and, if so, whether reasonable modifications exist to

---

[2] To the extent that the Court finds it necessary to determine which theories of discrimination (disparate treatment, disparate impact, and/or failure to accommodate) might apply to these issues, Plaintiffs have identified them in parentheses here. However, these labels are frequently more confusing than necessary. 28 C.F.R. § 35.130 provides a clear and concise summary of conduct that is prohibited under Title II. 28 C.F.R. § 35.160(a)(1) requires Defendant to ensure that its communication with blind students is "as effective as communications with others" and § 35.160(b)(1) requires Defendant to provide "auxiliary aids and services" to ensure that blind students have an equal opportunity to participate in, and enjoy the benefits of, its programs and services. These are the standards against which Defendant's conduct should be measured.

remedy that discrimination (disparate treatment, disparate impact, and failure to accommodate).

       d.     Whether LACCD discriminated against blind students by failing to provide Mr. Payan and/or Ms. Mason with meaningful access to their courses through inaccessible in-class handouts or PowerPoint slides and, if so, whether reasonable modifications exist to remedy that discrimination (disparate treatment and failure to accommodate).

7.     In addition, Plaintiffs should be permitted to present evidence that Defendant violated Title II in the following ways, each of which is a specific outgrowth of the discrimination that Plaintiffs alleged in their Complaint, *see* ECF No. 17 ¶ 115:

       a.     By failing to require instructors to select textbooks in time for accessible versions to be available at the start of the semester (disparate treatment, disparate impact, and failure to accommodate).

       b.     Through OSS's persistent inability or unwillingness to meet the needs of blind students, including its practice of providing them with accommodation letters that are not individualized or accessible (disparate treatment, disparate impact, and failure to accommodate).

       c.     Failing to follow blind students' accommodation letters regarding in-class work and testing procedures, including, for example, a professor's refusal to allow Mr. Payan to audio record his class even though Mr. Payan's accommodation letter specifically permitted it (disparate treatment, disparate impact, and failure to accommodate).

       d.     The refusal by several professors to permit Mr. Payan to take certain classes because he is blind (disparate treatment, disparate impact, and failure to accommodate).

    e. LACC's admitted practice of steering blind students away from certain professors who are unwilling to provide reasonable accommodations (disparate treatment, disparate impact, and failure to accommodate).

  8. The jury should consider Defendant's conduct under as many theories of discrimination as possible, but, as noted in footnote 2 above, such categorization is ultimately unnecessary given the clear and concise summary of prohibited conduct under Title II enumerated in 28 C.F.R. §§ 35.130 and 35.160. If there are issues about which theories apply, those issues are properly addressed in crafting the jury instructions at the appropriate time, after the record has been developed at trial.

  9. The Ninth Circuit also directed this Court to rule on Defendant's *Daubert* motions. Ninth Cir. Mem. ¶ 4. Plaintiffs' understanding of the record is that this Court implicitly denied them by allowing Plaintiffs' experts to testify at trial. Regardless, because the motions have been fully briefed, the Court can formally rule on the papers as filed and there is no need for additional submissions from the parties.

  10. Finally, Plaintiffs moved for leave to amend their complaint in December 2021, to dismiss the Section 504 claims under the Rehabilitation Act. ECF No. 414. Plaintiffs respectfully request that the Court grant their motion now and accept their Second Amended Complaint, ECF No. 414-2, as the operative complaint going forward.

Respectfully submitted,

Dated:  July 21, 2022    **BARBOSA GROUP**

*/s/ P. Barbosa*
Patricia Barbosa

|    |    |
|----|----|
| 1  | **BROWN GOLDSTEIN & LEVY LLP** |
| 2  |    |
| 3  |    |
| 4  | _____ |
| 5  | Sharon Krevor-Weisbaum<br>Jessica P. Weber |
| 6  | Kevin D. Docherty |
| 7  | *Attorneys for Plaintiffs* |

# CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2022, copies of the foregoing Plaintiffs' Memorandum Regarding Roadmap for Retrial were delivered by the Court's e-filing system to:

Richard E. Morton, Esquire
Yvette Davis, Esquire
Bruce Cleeland, Esquire
HAIGHT BROWN & BONESTEEL LLP
2050 Main Street, Suite 600
Irvine, California 92614
rmorton@hbblaw.com
ydavis@hbblaw.com
bcleeland@hbblaw.com

and

Pilar Morin, Esquire
David A. Urban, Esquire
Kate S. Im, Esquire
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
pmorin@lcwlegal.com
durban@lcwlegal.com
kim@lcwlegal.com

*Attorneys for Defendant Los Angeles Community College District*

Kevin D. Docherty

---

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' MEMORANDUM REGARDING ROADMAP FOR RETRIAL

8