Richard E. Morton, Bar No. 54188
    rmorton@hbblaw.com
Yvette Davis, Bar No. 165777
    ydavis@hbblaw.com
HAIGHT BROWN & BONESTEEL LLP
2030 Main Street, Suite 1525
Irvine, California 92614
Telephone: (714) 426-4600
Facsimile: (714) 754-0826

Pilar Morin, Bar No. 192882
    pmorin@lcwlegal.com
David A. Urban, Bar No. 159633
    durban@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:  310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendant LOS ANGELES COMMUNITY
COLLEGE DISTRICT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN; PORTIA MASON; THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC., ,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>LOS ANGELES COMMUNITY COLLEGE DISTRICT and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No.:  2:17-cv-01697-SVW(SKx)<br><br>Complaint Filed: December 22, 2021<br><br>**RESPONSE BY DEFENDANT LOS ANGELES COMMUNITY COLLEGE DISTRICT TO PLAINTIFFS' MEMORANDUM REGARDING ROADMAP FOR RETRIAL**<br><br>FAC Filed: December 22, 2021<br>SAC Filed: December 22, 2021 |

1

LA42-0000025
14258914.1

1   Defendant Los Angeles Community College District (the "District") submits
2   the following response to the Plaintiffs' Memorandum Regarding Roadmap for
3   Retrial, filed July 21, 2022 [Dckt. 432] ("Roadmap Memorandum").  Plaintiffs'
4   Memorandum addresses issues to be addressed on re-trial but does not set forth a
5   particular timeline or schedule.  In response, the District recommends that this
6   Court order the following schedule for the case, much of which incorporates
7   Plaintiffs' recommendations as to procedural matters, but does not include all of
8   what Plaintiffs recommend.

9   The District continues to make it a high-level priority to ensure that its
10  students with disabilities, including sight-impairments, have access to its programs
11  and services so that they can obtain the educational benefits the District offers and
12  to thrive as part of the District's community.

13  **I.      PROPOSED CASE SCHEDULE**

14  **A.      INITIAL WITNESS DISCLOSURES – TRIAL**

15  This Court should issue a scheduling order that sets forth the procedures
16  described in the following sub-sections.  First, within 20 days of the order, the
17  parties will file a list of the expected fact witnesses they will call at trial and their
18  expected testimony.  Each side will have an informal limit of ten (10) such
19  witnesses, which is generally close to the number of witnesses called in the
20  previous trial.  The disclosures will specify what additional documents or other
21  written or recorded non-expert evidence the parties plan to present at trial that goes
22  beyond what was presented at the last trial.

23  Plaintiffs will need to confirm as part of this process that none of their
24  witnesses will testify as to events or matters outside the scope of their prior
25  deposition or that took place after that witness's deposition.  If matters will go
26  beyond that witness's deposition in either of these ways, the other side will have an
27  opportunity to take their deposition.  If a party seeks to rely on testimony of any
28

2

LA42-0000025
14258914.1

witness who did not testify or have their deposition taken in the last trial, the other side will have an opportunity to take the deposition of that witness.

## B. ADDITIONAL FACT DISCOVERY

After the parties file their initial disclosures, they will meet-and-confer on what additional deposition discovery should take place under the parameters set forth above.[1]  It will also address any disagreements as to how the parties plan to address any additional evidence each side plans to introduce (e.g., whether introduction of such evidence warrants further discovery, etc.)  Any disputes as to such discovery shall be presented to the Court for resolution in form similar to that for Federal Rule of Civil Procedure 37 Joint Stipulation.  This document will be submitted to the Court within 30 days of the filing of the initial disclosures referenced above.  The parties will have 90 days after the Court rules on the discovery issues addressed in the Joint Stipulation in which to complete fact discovery (and before this time may commence fact discovery that they agree must take place).

## C. DESIGNATION OF EXPERT WITNESSES

Within 10 days after the close of discovery referenced in the last paragraph, the parties will have an opportunity to designate expert witnesses.  The District's further litigation of this matter has confirmed it needs for its defense to designate among others an expert witness on website and electronic resource accessibility. The District expects to designate two experts (in addition to Rick Clinton, who

---

[1] Plaintiffs argue in footnote 1 of their Roadmap Memorandum that the Ninth Circuit in deciding the appeal in this case "never suggested that discovery be reopened . . . ."  (Roadmap Memorandum at 2 n.1.)  But nor did the Ninth Circuit ever rule out further discovery.  Indeed, if further discovery is warranted for a fair trial of this matter, so that neither side can argue they were deprived of evidence they could need, then this Court should order such discovery.  The District's proposed schedule set forth above attempts to keep further discovery to a minimum and to allow this Court the opportunity to regulate it appropriately to conserve the resources of the parties and the Court.

3

LA42-0000025
14258914.1

1   remains as a rebuttal expert on, among other things, the math lab educational

2   resources).  This Court may need to formulate injunctive relief at the conclusion of

3   the case for the benefit not just of the parties but for a broader educational

4   community.  If this Court does not allow the District to designate additional

5   experts, the jury and this Court will need to reach results without the benefit of

6   complete expert advice from one side, on issues that can involve technical expertise

7   and complex issues, ranging from the nature of conversion of digital resources to

8   construction of websites that meet technical accessibility standards such as the Web

9   Content Accessibility Guidelines ("WCAG").  Contributions by a complete set of

10   experts from both sides will allow for better decision making for the benefit of the

11   educational community.   In addition, the Ninth Circuit's decision in this matter has

12   confirmed that Plaintiffs may seek to establish liability not just on a disparate

13   impact standard but also for some allegations on a theory of reasonable

14   accommodation, and this change in scope of the case also confirms that the District

15   needs to designate several experts for trial.  Each side will have the statutory time

16   limit in which to submit a counter-designation.  (Finally, Plaintiffs seeking to add

17   further factual allegations to case, as described in pages 5-6 of their Roadmap

18   Memorandum, warrants an updated expert designation, if such new factual

19   allegations are even allowed despite their changing the case on re-trial.)

20       **D.    EXPERT DISCOVERY**

21       Within 40 days after each side's counter-designation, the parties will conduct

22   expert discovery of the experts designated.

23       **E.    CROSS-MOTIONS FOR SUMMARY JUDGMENT OR**

24             **SUMMARY ADJUDICATION OF ISSUES**

25       Within 20 days after expert discovery closes, the parties will submit a

26   proposed plan to this Court for submission of cross-motions for summary judgment

27   and summary adjudication of issues.  Given the complexity of the case, the parties

28

4

Response to Plaintiffs' Memorandum re: Roadmap for Retrial

LA42-0000025
14258914.1

will meet-and-confer on a proposal to this Court to submit more than one such motion per side, each subject to the normal page limit, but addressing different issues in the case (e.g., library resources, website, accessibility, etc.).  The parties will be cognizant of the need to conserve judicial resources and will develop their plan for motions with considerations for efficient case management.

After the Court approves the proposal or modifies it, the parties will submit their motions within 30 days.

In their Roadmap Memorandum, Plaintiffs argue that the Ninth Circuit's decision did not reach this Court's ruling on particular motions for summary adjudication and that this Court should therefore leave the rulings on those motions intact.  The argument lacks merit to the extent Plaintiffs argued those motions under a disparate impact theory whereas the Ninth Circuit directed that different theories of liability may be appropriate.  Moreover, even under a disparate-impact theory, the District needs to opportunity to demonstrate how those rulings were in error because they rest on two premises that appear compelled to flow from the existence of disparate impact liability, but are flawed, in particular, (1) that sight-impaired students must have access to resources "at the same time or prior to" access by sighted students, and (2) that a request-driven process for a disabled person to access a particular resource automatically leads to a finding of liability.  The Ninth Circuit did not have an opportunity to address the flaws in these premises, but the District would present them to the Ninth Circuit, if necessary, following re-trial. This Court should have an opportunity to address these legal issues first, and its doing so may well affect the summary adjudication rulings.[2]

_____

[2] Plaintiffs argue that this Court should leave in place the finding of liability, based on Plaintiff's summary adjudication motions, as to Plaintiff Roy Payan's "lack of access to his math classes." (Roadmap Memorandum at 3.)  This is because the Ninth Circuit's decision supposedly did not affect this determination. (*Id.*)  The contention lacks merit because the Ninth Circuit vacated the judgment in this matter and this Court has the ability to reconsider its rulings on summary adjudication.  In

5

LA42-0000025
14258914.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## F.   PRE-TRIAL CONFERENCE

After the Court rules on the parties' the motions for summary judgment or summary adjudication, the parties will participate in a Federal Rule of Civil Procedure 16 pre-trial conference.

This Court should hear *Daubert* motions and motions *in limine* in the normal course, in connection with the pre-trial conference.  Plaintiffs, in their Roadmap Memorandum, ask that this Court simply rule on the existing motions or consider them to be already decided.  This would be in error since the procedures described above, including additional discovery and consideration of important legal issues concerning liability, may well undercut or strengthen the bases for the various pre-trial motions.  The District in any event requests that this Court afford the parties the opportunity to present argument on these motions.

## G.   JURY TRIAL ON LIABILITY AND DAMAGES

If the case is not resolved on summary judgment, the case will be heard by a jury.  The parties will participate in a re-trial of the case on all issues not resolved by motions for summary adjudication.

## H.   LIMITED DISCOVERY RELEVANT TO INJUNCTIVE

addition, Plaintiff Payan's access to math classes was tried on a disparate impact theory whereas the Ninth Circuit held that, for example, "Payan's experience of being unable to timely receive his math textbook in e-text format" should have been tried under a reasonable accommodation theory.  *Payan v. Los Angeles Community College District*, 11 F.4th 729, 739-40 (9th Cir. 2021).  Finally, the District plans to present legal argument that the MyMathLab finding and other summary judgment findings in the cases rested on an interpretation of disparate impact liability that was flawed and resulted in erroneous rulings.  For this reason among others, this Court should not consider any of its prior summary adjudication rulings as established and should instead consider new motions for summary judgment based on correct and current case law and facts as developed by the record of the case to be re-tried.  Accordingly, for these reasons as well, this Court should reject the arguments at pages 3 and 4-5 of the Roadmap Memorandum that this Court should treat certain summary adjudication rulings as established for re-trial.

6

LA42-0000025
14258914.1

1    **RELIEF AND SECOND PHASE OF TRIAL**

2    The parties will, after the jury trial, participate in very limited discovery

3    authorized by this Court on the issue of injunctive relief.  The parties should have

4    the opportunity to brief for this Court what discovery is appropriate.  It may be that

5    none is, given that the scope of injunctive relief rests on the trier of fact's decisions

6    as to liability.  The decisions of liability, if any, may demonstrate no discovery is

7    warranted.  (This section's recommendation is consistent with the Roadmap

8    Memorandum's suggestion that trial be bifurcated and that this Court conduct a

9    short second phase of trial as a bench trial on the nature of injunctive relief, if any is

10   warranted.)

11   **I.      BRIEFING ON AND ISSUANCE OF INJUNCTIVE RELIEF**

12   The parties will then participate in briefing on the issue of injunctive relief,

13   including reference to relevant evidence.

14   **II.   THEORIES OF LIABILITY**

15   The following responds to this Court's questions about theories of liability to

16   assert.  This is the same response provided in the District's response to the Court's

17   Minute Order of October 27, 2021.  (Dckt. 407.)  The Ninth Circuit identified the

18   following claims as ones to be tried under a disparate impact theory (i.e., it

19   described them as "true disparate impact claims"):

20   1.      Operation of web portal through PeopleSoft program and alleged

21   accessibility issues with screen reading software.

22   2.      Allegations regarding District and College websites.

23   3.      Allegations of facially neutral practices of selecting classroom

24   materials from third parties and supposedly evaluating accessibility through a

25   complaint-driven process.  *Payan v. Los Angeles Community College District*, 11

26   F.4th 729, 739 (9th Cir. 2021).

27   The Ninth Circuit identified the following as claims to be adjudicated as

28

Response to Plaintiffs' Memorandum re: Roadmap for Retrial

LA42-0000025
14258914.1

"failure to accommodate" claims:

1.      "Payan's experience of being unable to timely receive his math textbook in e-text format."

2.      "Mason's experience with only being provided a paper copy of her psychology classroom handouts," including the Abnormal Psychology handbook.

3.      "[A]lleged failures to provide test-taking accommodations" to Plaintiffs or an in-class notetaker.  *Id.* at 739-40.

The following additional items should be tried as failure to accommodate claims:

1.      Payan's experience with MyMathLab as an instructional resource in his Math 124A class.

2.      Any allegations as to the Canvas and Etudes instructional programs.

3.      Any additional allegations as to allegedly inaccessible in-class handouts or Powerpoint slides.

4.      Payan's alleged obstacles in being admitted into certain math classes.[3]

5.      Payan's alleged disability discrimination encountered in history and philosophy courses because the professors allegedly would not provide him with accessible copies of in-class handouts at the same time they were provided to sighted students.

6.      Payan's alleged disability discrimination in a statistics course because the professor supposedly would not allow him initially to use an audio recorder.

## III.    ADDITIONAL MATTERS

Plaintiffs' Roadmap Memorandum argues that Plaintiffs should be permitted to assert at trial numerous new factual theories that are supposedly an "outgrowth"

---

[3] The following are derived from Plaintiffs' briefing on appeal as matters allegedly not allowed by this Court to be asserted.  The Ninth Circuit did not rule on the issue.  Defendants reserve the right to argue the allegations, and others, should be excluded from this case.

Response to Plaintiffs' Memorandum re: Roadmap for Retrial

LA42-0000025
14258914.1

1  of claims in their complaint on file.  (Roadmap Memorandum at 5-6.)  This Court

2  should not allow Plaintiffs to assert such theories.  Since neither discovery nor

3  motion practice has addressed such theories, the District would suffer prejudice as a

4  result of their introduction.  Plaintiffs had the opportunity to plead and present such

5  allegations in the litigation up to the first trial and they did not.  Introduction of new

6  factual theories would improperly expand the scope of the case on remand from the

7  Court of Appeals.  If the new theories are allowed (and they should not be), the

8  District should be provided the opportunity to take discovery on them.[4]

9        The District does not oppose Plaintiffs' motion to leave to file the proposed

10  Second Amended Complaint, but reserves the right to engage in discovery and

11  motion practice on new allegations.  (Dckt. 414.)

Dated:  July 28, 2022                                    HAIGHT BROWN & BONESTEEL
                                                                   LLP


                                             By: _____
                                                     Richard E. Morton
                                                     Yvette Davis
                                                     Attorneys for Defendant LOS
                                                     ANGELES COMMUNITY
                                                     COLLEGE DISTRICT

---

[4] Among other things, the District denies it had a practice of "steering blind students away from certain professors" and Plaintiffs do not demonstrate where the District has supposedly "admitted" this.  (See Roadmap Memorandum at 6.)

9

LA42-0000025
14258914.1

1    Dated:  July 28, 2022                    LIEBERT CASSIDY WHITMORE

2

3

4                                   By:   /s/ Pilar Morin
                                          Pilar Morin
5                                         David A. Urban
                                          Attorneys for Defendant LOS
6                                         ANGELES COMMUNITY
                                          COLLEGE DISTRICT
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          10
                          Response to Plaintiffs' Memorandum re: Roadmap for Retrial

LA42-0000025
14258914.1

1

## PROOF OF SERVICE

2

Payan; Mason; The National Federation of the Blind, et al. v. LACCD, et al.

3

USDC Case No. 2:17-cv-01697-SVW-(SKx)

4

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

5

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business

6

address is 2030 Main St, Suite 1525, Irvine, CA 92614.

7

On July 28, 2022, I served true copies of the following document(s) described as **RESPONSE BY DEFENDANT LOS ANGELES COMMUNITY**

8

**COLLEGE DISTRICT TO PLAINTIFFS' MEMORANDUM REGARDING ROADMAP FOR RETRIAL** on the interested parties in this action as follows:

9

**SEE ATTACHED SERVICE LIST**

10

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically

11

filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the

12

CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

13

I declare under penalty of perjury under the laws of the United States of

14

America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15

Executed on July 28, 2022, at Irvine, California.

16

17

18

Cindy Mulder

19

20

21

22

23

24

25

26

27

28

Response to Plaintiffs' Memorandum re: Roadmap for Retrial

# SERVICE LIST

*Payan; Mason; The National Federation of the Blind, et al. v. LACCD, et al.*

USDC Case No. 2:17-cv-01697-SVW-(SKx)

| | |
|---|---|
| Patricia Barbosa<br>Ayman Mourad<br>BARBOSA GROUP<br>8092 Warner Avenue<br>Huntington Beach, California 92647 | Attorneys for Plaintiffs<br>*ROY PAYAN; PORTIA MASON; THE NATIONAL FEDERATION OF THE BLIND, INC.; THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC.*<br><br>Telephone: (714) 465-9486<br>Facsimile: (866) 907-3235<br>Email: pbarbosa@barbosagrp.com<br>Email: amourad@barbosagrp.com<br>Email: arm@lanzonemorgan.com |
| Sharon Krevor-Weisbaum<br>Jean M. Zachariasiewicz<br>BROWN, GOLDSTEIN & LEVY LLP<br>120 E. Baltimore Street<br>Suite 1700<br>Baltimore, Maryland 21202 | Attorneys for Plaintiffs<br>*ROY PAYAN; PORTIA MASON; THE NATIONAL FEDERATION OF THE BLIND, INC.; THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC.*<br><br>Telephone: (410) 962-1030<br>Facsimile:<br>Email: skw@browngold.com<br>Email: jmz@browngold.com |

Response to Plaintiffs' Memorandum re: Roadmap for Retrial

LA42-0000025
14258914.1