Patricia Barbosa (SBN 125685)
pbarbosa@barbosagrp.com
**BARBOSA GROUP**
606 Lake Street, #9
Huntington Beach, California 92648
Phone: (714) 465-9486

Sharon Krevor-Weisbaum
skw@browngold.com
Kevin D. Docherty
kdocherty@browngold.com
Jessica P. Weber
jweber@browngold.com
**BROWN, GOLDSTEIN & LEVY LLP**
120 East Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Phone: (410) 962-1030

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, PORTIA MASON, THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC., <br><br>　　　　Plaintiffs, <br><br>v. <br><br>LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br>　　　　Defendant. | Case No.: 2:17-cv-01697-SVW(SKx) <br>**Civil Rights** <br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ROADMAP FOR RETRIAL** |

1       Plaintiffs Roy Payan, Portia Mason, National Federation of the Blind, Inc., and the National Federation of the Blind of California ("Plaintiffs"), file the following reply in support of their "roadmap" for the retrial of this case.

      1.    Defendant's goal is to drag these proceedings out for as long as possible. Nothing in the Ninth Circuit's opinion gives Defendant permission to redo discovery in its entirety simply because it wishes it had done a better job trying this case the first time. Defendant's simple rejoinder, "nor did the Ninth Circuit ever rule out further discovery," Def.'s Resp. Brief at 3, n.1 (ECF No. 433), is insufficient to justify the extreme delay and waste of resources that it is proposing. Following the deadlines set out in Defendant's response brief, the retrial of this case would not occur for at least 270 days (assuming the Court issues same-day rulings for two submissions and trial commences the same day Defendant files its requested multiple summary judgment motions), which would be enormously prejudicial to Plaintiffs, who have already been waiting more than five years for Defendant to meet its obligations under the Americans with Disabilities Act. Furthermore, Defendant's proposal would cause the parties to expend significant unnecessary resources on discovery designed only to give Defendant a second, unwarranted chance to build a better defense.

      2.    Nonetheless, the parties do appear to agree on two items that should guide the Court as it sets a path forward. The parties agree that further proceedings should be bifurcated, Def's Resp. Brief at 7, with Phase I addressing the issue of liability and being tried to a jury, and Phase II addressing injunctive relief and being determined by the Court. The parties also agree that there may be a need for limited

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ROADMAP FOR RETRIAL

2

discovery between Phase I and Phase II to assist the Court in crafting appropriate injunctive relief.[1] *Id.* at 4.

3. On the issue of liability, however, there is no reason to allow Defendant to do now, what it failed to do during the previous discovery period.[2] *See id.* at 3 ("The District's further litigation of this matter has confirmed it needs for its defense to designate among others an expert witness on website and electronic resource accessibility."). This case can, and should, be retried on the voluminous record that was previously developed.

4. Defendant's entire framework appears to flow from the incorrect premise that "the Ninth Circuit vacated the judgment in this matter." *Id.* at 5 n.2. In reality, the Ninth Circuit only vacated the judgment "in part." And, as a result, this Court should not undo what it properly decided previously, including its decision on Plaintiffs' motion for partial summary judgment. *See* ECF No. 432 ¶¶ 3-4 (explaining why this Court's judgment in Mr. Payan's favor remains in place).

5. Defendant offers two general reasons for its lengthy proposal. Neither has merit. First, Defendant argues that it should be permitted to name additional experts because (a) the issues regarding conversion of digital resources and construction of websites are complex, and (b) "Plaintiffs may seek to establish liability not just on a disparate impact standard but also for some allegations on a

---

[1] Defendant also does not oppose the docketing of Plaintiffs' Second Amended Complaint. Def's Resp. Brief at 9. Defendant says that it is reserving the right to engage in discovery and motion practice on new allegations in the complaint, but that is not a reason to delay the retrial of this case. Plaintiffs' Second Amended Complaint strikes their Section 504 claim and adjusts language to bring certain descriptions current. It does not make any new allegations regarding discrimination by Defendant.

[2] Notably, neither party argued to the Ninth Circuit that there was any error in this Court's discovery rulings, or that they were deprived of discovery in any way.

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ROADMAP FOR RETRIAL

3

theory of reasonable accommodation."[3] Def's Resp. Brief at 4. But Defendant previously designated two experts on the issues of document accessibility and website construction; it chose not to call them. Ex. A (Def.'s Expert Disclosure from Oct. 2, 2017). And the fact that Plaintiffs may argue for liability under a theory other than disparate impact should not come as a surprise. All theories of liability were in play throughout the previous discovery period. Indeed, Defendant's entire argument in opposition to Plaintiff's Renewed Motion for Partial Summary Judgment was that Plaintiffs failed to meet their burden under a reasonable accommodation theory. *See* ECF No. 162. If Defendant believed it needed an expert (or experts) to address the issue of reasonable accommodations, it had ample time to make that designation.[4]

6. Second, Defendant argues that it needs an opportunity to demonstrate how this Court's previous rulings on summary judgment were erroneous. Def's Resp. Brief at 5. But because the time for Defendant to do so has long since passed, Defendant has waived these objections, rendering them an inappropriate basis for delaying retrial. *See Kesselring v. F/T Arctic Hero*, 95 F.3d 23, 24 (9th Cir. 1996) ("Since appellant failed to raise this issue in its first appeal, it is waived."); *Munoz v. County of Imperial*, 667 F.2d 811, 817 (9th Cir. 1982) ("We need not and do not consider a new contention that could have been but was not raised on the prior appeal."). Furthermore, by failing to move for summary judgment on any issue before this case was first tried, Defendant has waived its right to move for summary judgment now—let alone to file multiple summary judgment briefs each addressing

---

[3] Defendant has not proffered what its "several experts," Resp. Br. at 4, will testify to. More generally, Defendant has not made a proffer about any evidence that it believes it needs to retry this case that it was unable to gather previously. Defendant's failure to identify any specifics is perhaps the best evidence that its strategy is simply to delay these proceedings.

[4] Defendant attempted to offer one of its experts, Gaier Detrich, on the issue of reasonable accommodations, *see* ECF No. 54-20, but never called her at trial.

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ROADMAP FOR RETRIAL

4

different issues as it now requests. *See* Fed. R. Civ. P. 56(b) (rendering summary judgment motions filed more than 30 days after the close of discovery untimely, unless the court sets a different schedule). Defendant's attempt to move for summary judgment now, after previously opting not to, is yet another example of its unwarranted attempt to use the Ninth Circuit's remand—intended to benefit Plaintiffs—as a second chance to try to strengthen its failed defense.

7. Defendant also argues that Plaintiffs should be prohibited from asserting certain facts at the retrial. Defendant suggests that Plaintiffs failed to "plead and present such allegations" before the first trial. Def's Resp. Brief at 9. But each of the facts that Plaintiffs have proffered, ECF No. 432 ¶ 7, is a specific example (expounded upon in discovery) of the discrimination Plaintiffs alleged in their First Amended Complaint:

> LACCD's actions constitute intentional discrimination on the basis of a disability in violation of the ADA, in that LACCD: (1) has failed to maintain policies and procedures to ensure compliance with Title II, specifically policies that provide equal access and effective communication to individuals with disabilities; (2) has failed to ensure that communications with blind students, specifically Mr. Payan and Ms. Mason, are as effective as communications with non-disabled peers; (3) has failed to provide auxiliary aids and services or to modify policies and procedures to prevent discrimination; (4) has failed to provide reasonable modifications of policies, practices, and procedures; (5) has purchased and deployed new equipment and software that is inaccessible to blind students, including Mr. Payan and Ms. Mason, after the effective date of the ADA; (6) has failed to provide educational opportunities and educational information in a manner that is timely, equally effective, and equally integrated; and (7) has otherwise discriminated against blind students, including Mr. Payan and Ms. Mason.

ECF No. 17, ¶ 115.

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ROADMAP FOR RETRIAL

5

8.  Defendant attempts to invent new evidentiary rules in proposing that witness testimony at retrial be limited to matters within "the scope of their prior deposition." ECF No. 433 at 2. Defendant's failure to ask certain questions at depositions, however, is not grounds for excluding witness testimony that is otherwise properly disclosed pursuant to discovery requests. No special, time-consuming procedure is required for determining whether witness testimony matches deposition testimony. Once pretrial disclosures are made, the parties are free to file motions in *limine* or otherwise object to any testimony or other evidence not properly disclosed in discovery.

9.  Plaintiffs stand by the parties' joint request that this case will be ready for retrial on liability by January 2023.[5] ECF No. 421 at 2. Plaintiffs suggest the Court set the following pre-trial deadlines:

| | |
|---|---|
| Pre-Trial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(3) | October 17, 2022 |
| Memorandum of Contentions of Fact and Law, Joint Witness List, Joint Exhibit List and Short Statement of the Case | November 4, 2022 |

---

[5] Notably, Defendant's proposal in its response to Plaintiff's roadmap is entirely at odds with its prior representation in May 2022, that this case would be ready to be retried in January 2023. (ECF No. 421). The unnecessary discovery it now claims to need prior to retrial, even if begun this past May, would have meant no trial before late February 2023. If the additional discovery Defendant requests commenced today, the earliest possible trial date would not be until May 1, 2023—a full four years after this case was first tried.

*PAYAN, et al. v. LACCD*, Case No.:  2:17-cv-01697 SVW(SKx)
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ROADMAP FOR RETRIAL

| Motions in *Limine* | November 4, 2022 |
|---|---|
| | Opposition: November 18, 2022 |
| | Reply: December 2, 2022 |
| Joint Jury Instructions | December 19, 2022 |
| Final Pre-Trial Order | January 9, 2022 |
| Pre-Trial Conference | One to Two Weeks Before Trial |
| Trial Brief | One Week Before Trial |
| Special Verdict Forms | First Day of Trial |
| Jury Trial | TBD |

Dated: August 2, 2022

Respectfully submitted,

**BARBOSA GROUP**

_____
Patricia Barbosa

**BROWN GOLDSTEIN & LEVY, LLP**

_____
Sharon Krevor-Weisbaum
Kevin D. Docherty
Jessica P. Weber

*Attorneys for Plaintiffs*

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ROADMAP FOR RETRIAL

7

# CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2022, copies of the foregoing Plaintiffs' Reply Memorandum in Support of Roadmap for Retrial were delivered by the Court's e-filing system to:

Richard E. Morton, Esquire
Yvette Davis, Esquire
Bruce Cleeland, Esquire
HAIGHT BROWN & BONESTEEL LLP
2050 Main Street, Suite 600
Irvine, California 92614
rmorton@hbblaw.com
ydavis@hbblaw.com
bcleeland@hbblaw.com

and

Pilar Morin, Esquire
David A. Urban, Esquire
Kate S. Im, Esquire
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
pmorin@lcwlegal.com
durban@lcwlegal.com
kim@lcwlegal.com

*Attorneys for Defendant Los Angeles Community College District*

_____
Kevin D. Docherty

*PAYAN, et al. v. LACCD*, Case No.: 2:17-cv-01697 SVW(SKx)
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ROADMAP FOR RETRIAL

8