UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | August 10, 2021 |
| Title | Roy Payan, et al v. Los Angeles Community College District, et al | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER REGARDING FURTHER PROCEEDINGS

    At the status conference on August 8, 2022, the Court discussed with the parties how further proceedings in this case should unfold in light of the Ninth Circuit's reversal and remand. *See* Dkts. 401-404. At the hearing, the Court indicated that the parties should submit proposed jury instructions to help clarify the issues in the case. The Court now issues this order to further illuminate how it intends to proceed and what proposed instructions the parties should lodge.

    *First*, the Court rejects Defendants' suggestion that discovery be re-opened in this case. *See* Dkt. 433 at 2-4. Nothing in the Ninth Circuit's opinion or memorandum suggested that further discovery needed to occur in this case. The primary error identified by the Ninth Circuit was its view that this Court had inappropriately limited the Plaintiffs to a "disparate impact" theory and not letting Plaintiffs pursue a "failure to make reasonable accommodation" theory. *See* Dkt. 401 at 18-23. However, this Court only so limited Plaintiffs in its order reconsidering Plaintiffs' motion for summary judgment for a third time, which occurred in January 2019 – almost two years into the case. *See* Dkt. 167 at 2; *see also* Dkt. 1.[1] The parties had ample opportunity before that order to conduct discovery and develop the facts

---

[1] The Court denied Plaintiffs' original motion in the hearing in January 2018. Dkt. 66 It later permitted Plaintiff to renew that motion, however the Court denied the renewed motion because Plaintiffs had failed to provide evidence that Defendants had notice of Plaintiffs' need for accommodations or what reasonable accommodations existed. Dkt. 155 at 22-24. However, the Court again permitted Plaintiffs to renew their motion and put forth such evidence. Plaintiffs did so, and it was only then that the Court limited Plaintiffs to a disparate impact theory, since, in the Court's view at the time, Plaintiffs had abandoned the failure to accommodate framework by again failing to identify what notice Defendants had and what accommodations were available, instead focusing on policies, practices, and procedures. Dkt. 167 at 1-2, 5-6.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01697-SVW-SK | Date | August 10, 2021 |
|---|---|---|---|
| Title | Roy Payan, et al v. Los Angeles Community College District, et al | | |

that would be relevant to a failure to accommodate theory.

*Second*, the Court also rejects Defendants' suggestion that they be permitted to designate new experts and that new expert discovery take place. *See* Dkt. 433 at 4. Defendants' position is based on two reasons. First, Defendant suggests that "to formulate injunctive relief," the Court may need additional expert evidence regarding accessibility of websites and electronic resources. *Id.* at 3-4. However, as discussed further below, the Court will adopt the suggestion of both parties to bifurcate this case and leave the scope of any injunctive relief for a later day. Limited discovery can occur before the second phase on injunctive relief, including Defendants' designation of such experts at that time.

Defendants also suggest that they need to designate new experts because Plaintiff may now pursue a failure to accommodate theory, expanding the scope of the case such that "the District needs to designate several experts for trial." *Id.* However, Defendants offer no explanation of why they need additional experts. For one, as just mentioned, the parties had ample opportunity to conduct discovery and designate experts before the Court limited Plaintiffs to the disparate impact theory. Moreover, as discussed further below, in the Court's understanding, the primary difference between a failure to accommodate framework and a disparate impact framework is that in the former, a plaintiff must show that the defendant had some notice of the need for an accommodation, while in the latter, the plaintiff need not make such a showing. In the Court's view, fact witnesses – not expert witnesses – would primarily have the relevant evidence regarding what notice Defendants' had of the need for accommodations here, so the viability of this additional theory does not warrant further expert designation and discovery.

*Third*, the Court vacates its prior summary judgment rulings. The Ninth Circuit "instructed [this Court] to reconsider" its summary judgment rulings upon remand, "as informed by the analysis in [its] published opinion." Dkt. 402 at ¶ 3. The Ninth Circuit also held that it was error for this Court to deny Plaintiffs a jury trial on issues of liability and only permit jury trial on the "deliberate indifference" component of those issues on which the Court found liability. *Id.* ¶ 8.

The Court previously granted partial summary judgment as follows:
- Defendants violated the ADA because (a) Plaintiff Payan was denied meaningful access to his math course since the MyMathLab program and textbook were inaccessible, and

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01697-SVW-SK | Date | August 10, 2021 |
|---|---|---|---|
| Title | Roy Payan, et al v. Los Angeles Community College District, et al | | |

       (b) reasonable modifications existed that could remedy the denial of access.
- Defendants denied Plaintiffs meaningful access to the LACC website (but the issue of whether reasonable modifications existed was reserved for a bench trial); and
- Defendants denied Plaintiffs meaningful access to LACC library databases (but the issue of whether reasonable modifications existed was reserved for a bench trial).

Dkt. 183.

    Regarding the first issue, the Ninth Circuit indicated that "Payan's experience of being unable to timely receive his math textbook in e-text format" "should have been considered through the individual failure to accommodate framework." Dkt. 401 at 22. Thus, the Court granted summary judgment under the wrong legal framework and that summary judgment must be vacated.

    Regarding the latter two issues, the Ninth Circuit held that accessibility barriers regarding the website and the library databases were "appropriately considered" as "true disparate impact claims." *Id.* at 21-22. However, since the Ninth Circuit also clearly expressed its view that Plaintiffs have the right to have a jury decide the *entirety* of their claims – not merely the discrete issue of deliberate indifference – the Court concludes that the better course is to submit all issues of liability to the jury, rather than the discrete issue of whether reasonable modifications existed for the website and databases. Thus, the Court will also vacate its grant of summary judgment on the latter two issues.

    ***Fourth***, consistent with the Ninth Circuit's instruction that this Court evaluate Defendants' *Daubert* objections to Plaintiffs' experts, Peter Bossley and John Gunderson, the Court will rule on Defendants' *Daubert* challenges in Dkts. 69 and 70.

    ***Fifth,*** the Court notes that in prior proceedings in this case, there were some factual matters on which there was little dispute between the parties. Generally speaking, at the bench trial there were few disputes regarding the specific facts of Payan and Mason's experiences at the college.[2] And during

---

[2] That is not to say that there were *no* disputes whatsoever. For example, Mason testified that in her Introduction to Psychology course, Dr. Pavlik used PowerPoint presentations without describing any pictures or graphics on the slides, whereas Dr. Pavlik testified that she did describe all images on her PowerPoint presentations. *See* Dkt. 267 at 6-7. Similarly,

                                                                                                                                      :

Initials of Preparer       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01697-SVW-SK | Date | August 10, 2021 |
|---|---|---|---|
| Title | Roy Payan, et al v. Los Angeles Community College District, et al | | |

summary judgment, Defendants offered little evidence or argument that Plaintiff's were denied meaningful access to the website/PeopleSoft and the library databases, instead focusing primarily on whether reasonable modifications existed to make those tools accessible. *See* Dkt. 183 at 18-24.

Given the minimal disputes on these matters – and being mindful of the need to present the case to the jury in a streamlined and efficient manner – the parties are **ordered** to meet and confer to discuss whether certain factual matters could be presented via stipulation, obviating the need for live testimony regarding those matters.

***Sixth***, as discussed at the conference, the parties should submit proposed instructions regarding how the substantive elements of liability should be presented to the jury.[3] For the parties' reference, the Court understands the relevant law as follows.

At a general level, to prove a violation of Title II of the ADA, a plaintiff must show that: (1) the plaintiff "is a qualified individual with a disability"; (2) the plaintiff "was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (3) "such exclusion, denial of benefits, or discrimination was by reason of [the plaintiff's] disability." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (citation and quotation marks omitted).[4]

As the Ninth Circuit explained in its order, there are three different theories by which a plaintiff can prove the second element – that she was discriminated against by the public entity – disparate treatment, disparate impact, and failure to accommodate, though it was less than clear about the exact

---

Mason testified that in her Abnormal Psychology course, Professor Daniel used in-class handouts on several occasions, whereas Professor Daniel testified that she only used a paper handout one time. However, apart from a few relatively minor issues like these, there were little directly disputed by the parties regarding Payan and Mason's experiences.

[3] The parties need not submit proposed general instructions, such as instructions on burdens of proof, what is evidence, evaluating witnesses, etc. The Court will propound general instructions based on the Ninth Circuit Model Instructions.

[4] As the Court has previously discussed, *see* Dkt. 155 at 19, Defendants do not appear to contest the first and third elements, rather the dispute is centered on the second element – whether Plaintiffs were discriminated against by LACCD. In the parties' meet-and-confer regarding factual stipulations, they should also discuss potential stipulations as to the first and third elements to obviate the need for evidence on those elements.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01697-SVW-SK | Date | August 10, 2021 |
|---|---|---|---|
| Title | Roy Payan, et al v. Los Angeles Community College District, et al | | |

boundaries between these frameworks. Dkt. 401 at 19. Disparate treatment entails facially discriminatory policies or conduct – explicitly treating those with a disability less favorably than those without a disability. *See id.* at 19-20; *McGary v. City of Portland*, 386 F.3d 1259, 1268-69 (9th Cir. 2004). Disparate impact involves facially neutral policies or conduct that nonetheless deny disabled individuals equal access to public programs or services; failure to accommodate claims are similar to disparate impact claims, but they "focus[] on an accommodation based on individualized request or need." Dkt. 401 at 19-20.

In synthesizing the relevant caselaw, the Court understands these three theories to have significant overlap but to require slightly different proof.[5] For a disparate treatment claim, a plaintiff must show (1) the policy or conduct explicitly treated disabled individuals differently than non-disabled individuals, and (2) the different treatment denied meaningful access to public services to those with disabilities – however, a plaintiff need not show that a "reasonable modification" exists. *See id.*; *McGary*, 386 F.3d at 1268-69; *Bay Area Addiction Research & Treatment, Inc. v. City of Antioch*, 179 F.3d 725, 733-35 (9th Cir. 1999); *Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996); 28 C.F.R. § 35.130.

For a disparate impact claim, a plaintiff must show (1) facially neutral policies or conduct had the effect of denying meaningful access to public services to those with disabilities, and (2) the public entity could make "reasonable modifications" to its policies or conduct that are "necessary" to avoid or remedy the discrimination. *See* Dkt. 401 at 20; *Crowder*, 81 F.3d at 1484-85; 28 C.F.R. § 35.130(b)(7)(i). The plaintiff bears the initial burden of showing a proposed modification that is reasonable, however the defendant can avoid liability by showing that the proposed modification would "fundamentally alter" the nature of the public service. *See Crowder*, 81 F.3d at 1485; 28 C.F.R. § 35.130(b)(7)(i).

For a failure to accommodate claim, a plaintiff must show (1) she was denied meaningful access to a public service because she lacked an accommodation for her disability, (2) a reasonable

---

[5] From the Court's review of the caselaw, there does not appear to be any Ninth Circuit case that expressly differentiates what a plaintiff must show under each of these three theories. The Court's analysis herein is thus an amalgamation of various Ninth Circuit cases discussing each theory, comparing the proof required under each theory.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01697-SVW-SK | Date | August 10, 2021 |
|---|---|---|---|
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

accommodation[6] was available, and (3) the public entity was on notice of the need for a reasonable accommodation and did not provide one. *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010). Like a disparate impact claim, the plaintiff has the initial burden of showing a proposed accommodation was reasonable and available, but a defendant can avoid liability by showing that it would fundamentally alter the nature of the service. *See Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002); 28 C.F.R. § 35.130(b)(7)(i). Further, to prove that the public entity was "on notice," a plaintiff does not necessarily have to show that she made an express request for accommodations, nor that she suggested a particular accommodation to the public entity at the time she was denied access[7] – it is sufficient to show that the defendant was aware that the plaintiff was being denied meaningful access to the public service due to her disability. *See Vinson*, 288 F.3d at 1154; *Mark H.*, 620 F.3d at 1098; *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1207 (9th Cir. 2016).

In submitting their proposed instructions, the parties may indicate whether their view of the governing legal framework differs from the one the Court has outlined above. The parties should then detail how they believe the governing legal standards should be presented to the jury, including specific proposed language for jury instructions. And, as stated at the hearing, after the proposed instructions are submitted, each side may file a response to the other party's proposal within one week thereafter.

***Finally***, the Court will adopt the proposal agreed upon by both sides to bifurcate further proceedings in this case. *See* Dkt. 432 at 3-4; Dkt. 433 at 6-7. The first phase will culminate in a jury trial on (a) whether Defendants are liable for a violation of Title II, (b) if so, whether the violation was due to deliberate indifference, and (c) if so, the amount of Plaintiffs' damages.

After the trial, if the jury finds Defendants liable, the case will proceed to a second phase on the scope of injunctive relief. This phase shall include limited discovery as to the state of accessibility barriers at LACC *currently* (as opposed to the allegations in the complaint, which are over five years old), followed by briefing and, if necessary, a bench trial on the scope of injunctive relief.

**IT IS SO ORDERED.**

---

[6] The terms "reasonable modification" and "reasonable accommodation" create identical standards and are used interchangeably. Dkt. 401 at 19 n. 4.
[7] However, by the time of the *litigation*, a plaintiff must identify a particular accommodation and show why it is reasonable.

|  | : |
|---|---|
| Initials of Preparer | PMC |