1   Patricia Barbosa (SBN 125685)
    pbarbosa@barbosagrp.com
2   **Barbosa Group**
    606 Lake Street, #9
3   Huntington Beach, California 92648
    Phone: (714) 465-9486
4
    Sharon Krevor-Weisbaum
5   skw@browngold.com
    Kevin D. Docherty
6   kdocherty@browngold.com
    Jessica P. Weber
7   jweber@browngold.com
8   **BROWN, GOLDSTEIN & LEVY LLP**
    120 East Baltimore Street, Suite 2500
9   Baltimore, Maryland 21202
    Phone: (410) 962-1030
10  *Attorneys for Plaintiffs*

11

12          **IN THE UNITED STATES DISTRICT COURT**

13       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14

15  ROY PAYAN, PORTIA MASON, THE        )   Case No.: 2:17-cv-01697-SVW(SKx)
    NATIONAL FEDERATION OF THE          )
16  BLIND, INC., and THE NATIONAL       )   **Civil Rights**
    FEDERATION OF THE BLIND OF          )
    CALIFORNIA, INC.,                   )   **PLAINTIFFS' PROPOSED JURY**
17                                      )   **INSTRUCTIONS**
                    Plaintiffs,         )
18                                      )   Hearing Date: September 12, 2022
    v.                                  )   Time: 1:30 p.m.
19                                      )
    LOS ANGELES COMMUNITY               )
20  COLLEGE DISTRICT,                   )
                                        )
21                                      )
                    Defendant.          )
22                                      )
                                        )
23                                      )
                                        )
24  ─────────────────────────────────  )

25

26

27

28
          *PAYAN & MASON v. LACCD*, Case No.:  2:17-cv-01697- SVW-SK
                  PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

## INDEX OF PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1 | CLAIMS AND DEFENSES | 42 U.S.C. § 12132; 28 C.F.R. § 35.130; *Duvall v. County of Kitsap*, 260 F. 3d 1124, 1135 (9th Cir. 2001), *K.M. ex rel. Bright v. Tustin*, 725 F.3d 1088, 1096 (9th Cir. 2013). | 5 |
| 2 | TITLE II OF THE AMERICANS WITH DISABILITIES ACT: DISCRIMINATION PROHIBITED | 42 U.S.C. § 12131; 42 U.S.C. § 12132; 28 C.F.R. § 35.104; 28 C.F.R. § 35.130(b)(1)(ii); *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002). | 6 |
| 3 | TITLE II OF THE ADA ELEMENTS | 42 U.S.C. § 12131; 42 U.S.C. § 12132; 28 C.F.R. § 35.104; *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). | 7 |
| 4 | INTENT NOT REQUIRED FOR FINDING OF VIOLATION OF TITLE II | 42 U.S.C. §§ 12131–12134; *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of reh'g*, (Oct. 11, 2001); *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *Updike v. Multnomah Cnty.*, 870 F.3d 939, 950–51 (9th Cir. 2017). | 8 |
| 5 | QUALIFIED INDIVIDUAL WITH A DISABILITY | 42 U.S.C. § 12131; 35 C.F.R. § 104.3. | 9 |
| 6 | THEORIES OF DISCRIMINATION | *Payan v. Los Angeles Community College Dist.*, 11 F.4th 729, 738 (9th Cir. 2021) (quoting *Davis v. Shah*, 821 F.3d 231, 260 (2d Cir. 2016)). | 10 |

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 7 | DISPARATE TREATMENT | 42 U.S.C. § 12132; 28 C.F.R. § 35.130; *Payan v. Los Angeles Community College Dist.*, 11 F.4th 729, 738 (9th Cir. 2021); *McGary v. City of Portland*, 386 F.3d 1259, 1268-69 (9th Cir. 2004); *Bay Area Addiction Research and Treatment, Inc. v. City of Antioch*, 179 F.3d 725, 733-35 (9th Cir. 1999); *Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996). | 11 |
| 8 | DISPARATE IMPACT | 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7)(i); *Payan v. Los Angeles Community College Dist.*, 11 F.4th 729, 738 (9th Cir. 2021); *Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996); *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002). | 12 |
| 9 | FAILURE TO ACCOMMODATE | 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7)(i); *Payan v. Los Angeles Community College Dist.*, 11 F.4th 729, 738 (9th Cir. 2021); *Updike v. Multnomah Cnty.*, 870 F.3d 939, 951 (9th Cir. 2017); *A.G. v. Paradise Valley Unified School Dist. No. 69*, 815 F.3d 1195, 1206 (9th Cir. 2016); *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002); *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of reh'g*, (Oct. 11, 2011) | 13 |
| 10 | "DISCRIMINATION" DEFINED | 28 C.F.R. § 35.130(b)(1). | 15 |

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 11 | EQUALLY EFFECTIVE COMMUNICATION | 28 C.F.R. § 35.160 (a)-(b); *K.M. ex rel. Bright v. Tustin*, 725 F.3d 1088 (9th Cir. 2013). | 16 |
| 12 | AUXILIARY AIDS AND SERVICES | 42 U.S.C. § 12103(1)(B); 28 C.F.R. § 35.104. | 17 |
| 13 | UNLAWFUL METHODS OF ADMINISTRATION | 28 C.F.R. § 35.130(b)(3). | 18 |
| 14 | FUNDAMENTAL ALTERATION | 28 C.F.R. § 35.164; *K.M. ex rel. Bright v. Tustin Unified School Dist.*, 725 F.3d 1088, 1096 (9th 2013) | 19 |
| 15 | ORGANIZATIONAL PLAINTIFFS | *National Federation of the Blind v. Target, Corp.*, 582 F. Supp. 2d 1185, 1191-92 (N.D. Cal. 2007). | 20 |
| 16 | DAMAGES AVAILABLE FOR VIOLATIONS OF TITLE II OF THE ADA | 42 U.S.C. §§ 12131–12134; 29 U.S.C. § 794(b)(2)(B); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of reh'g*, (Oct. 11, 2001); *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *Updike v. Multnomah Cnty.*, 870 F.3d 939, 950–51 (9th Cir. 2017). | 21 |
| 17 | DAMAGES—PROOF | Ninth Circuit Pattern Jury Instructions Civil, No. 5.1 & 5.2. | 23 |
| 18 | DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE | Model Civil Jury Instruction for the District Courts of the Ninth Circuit, Civil Instruction No. 5.4; *Monsessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 449-42 (1988); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 508-09 (9th Cir. 2000). | 24 |

Pursuant to the Court's Orders for this matter, Plaintiffs hereby submit their Proposed Jury Instructions.

### Plaintiffs' Proposed Jury Instruction No. 1
### CLAIMS AND DEFENSES

A brief summary of the positions of the Parties:

Individual Plaintiffs Roy Payan and Portia Mason and organizational Plaintiffs the National Federation of the Blind and the National Federation of the Blind of California ("Plaintiffs") claim that Defendant, the Los Angeles Community College District ("Defendant" or "the District") has violated its obligations under Title II of the Americans with Disabilities Act by denying Mr. Payan and Ms. Mason an equal opportunity to fully participate in or receive the benefits of the educational programs and services it offers students by reason of their blindness and by failing to communicate effectively with blind students.

Plaintiffs have the burden of proving that by reason of their blindness, Mr. Payan and Ms. Mason were excluded from or denied the benefits of the District's programs and services offered to sighted students.

Defendant denies those claims.

I will now explain each element of Plaintiffs' claims.

**Authority:** 42 U.S.C. § 12132; 28 C.F.R. § 35.130; *Duvall v. County of Kitsap*, 260 F. 3d 1124, 1135 (9th Cir. 2001), *K.M. ex rel. Bright v. Tustin*, 725 F.3d 1088, 1096 (9th Cir. 2013).

1
2
3

**Plaintiffs' Proposed Jury Instruction No. 2**
**TITLE II OF THE AMERICANS WITH DISABILITIES ACT:**
**DISCRIMINATION PROHIBITED**

4
5
6
7
8
9
10

Plaintiffs seek relief under Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12131, *et seq.*) for alleged discrimination.  Title II of the ADA requires the District to provide Mr. Payan and Ms. Mason with an opportunity equal to that offered to sighted students to participate in and receive the benefits of the programs and services offered by the District. Title II prohibits public entities, including the District and each of its colleges, from discriminating against individuals with disabilities. The law provides that:

11

No qualified individual with a disability shall, by reason of such disability:

12
13

(1)   Be excluded from participation in the services, programs, or activities of a public entity; or,

14
15

(2)   Be denied the benefits of the services, programs, or activities of a public entity; or

16

(3)   Be subjected to discrimination by any public entity.

17
18

The definition of a "public entity" includes any instrumentality of a state or local government, including a community college district.

19
20
21

**Authority**: 42 U.S.C. § 12131; 42 U.S.C. § 12132; 28 C.F.R. § 35.104; 28 C.F.R. § 35.130(b)(1)(ii); *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002).

22
23
24
25
26
27
28

1
2

**Plaintiffs' Proposed Jury Instruction No. 3**

**TITLE II OF THE ADA ELEMENTS**

3
4

To establish a claim under Title II of the Americans with Disabilities Act, or ADA, the individual Plaintiffs must prove:

5

      (1)     They are qualified individuals with disabilities,

6
7
8

      (2)     They were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or were otherwise discriminated against by the public entity, and

9
10

      (3)     Such exclusion, denial of benefits, or discrimination was by reason of their disability.

11
12

Plaintiffs and Defendant have agreed that Mr. Payan and Ms. Mason are blind and that the District is a public entity.

13
14
15
16

**Authority**: 42 U.S.C. § 12131; 42 U.S.C. § 12132; 28 C.F.R. § 35.104; *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

17
18
19
20
21
22
23
24
25
26
27
28

1

2

## Plaintiffs' Proposed Jury Instruction No. 4

## INTENT NOT REQUIRED FOR FINDING OF VIOLATION OF TITLE II

3

4

5

Plaintiffs do not need to prove the Defendant's actions or omissions were intentional discrimination or the result of ill-will towards Plaintiffs in order for you to find a violation of Title II of the ADA.

6

7

8

9

10

**Authority**: 42 U.S.C. §§ 12131–12134; *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of reh'g*, (Oct. 11, 2001); *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *Updike v. Multnomah Cnty.*, 870 F.3d 939, 950–51 (9th Cir. 2017).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**Plaintiffs' Proposed Jury Instruction No. 5**

**QUALIFIED INDIVIDUAL WITH A DISABILITY**

3
4
5
6
7
8
9

      The first element that the individual Plaintiffs must prove under Title II of the ADA is that they are qualified individuals with a disability. A qualified individual with a disability is an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of communication barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

10
11

**Authority**: 42 U.S.C. § 12131; 35 C.F.R. § 104.3.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Plaintiffs' Proposed Jury Instruction No. 6**

**THEORIES OF DISCRIMINATION**

There are three ways that a qualified individual with a disability can prove that he or she was discriminated against by a public entity. They are commonly referred to as: disparate treatment, disparate impact, and failure to accommodate. These three theories have significant overlap but require slightly different proof. You should consider the evidence in this case under as many of the theories as you find useful in deciding whether Defendant discriminated against the individual Plaintiffs. I will explain each of them to you in more detail now.

**Authority**: *Payan v. Los Angeles Community College Dist.*, 11 F.4th 729, 738 (9th Cir. 2021) (quoting *Davis v. Shah*, 821 F.3d 231, 260 (2d Cir. 2016)).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Plaintiffs' Proposed Jury Instruction No. 7**

**DISPARATE TREATMENT**

Disparate treatment results from facially discriminatory policies or conduct; that is, policies or conduct that explicitly treat those with a disability less favorably than those without a disability.

To prove discrimination by disparate treatment a plaintiff must show:

(1)    A policy or conduct that explicitly treated individuals with disabilities differently than those without disabilities; and,

(2)    The different treatment denied the plaintiff an equal opportunity to access public programs or services.

**Authority**: 42 U.S.C. § 12132; 28 C.F.R. § 35.130; *Payan v. Los Angeles Community College Dist.*, 11 F.4th 729, 738 (9th Cir. 2021); *McGary v. City of Portland*, 386 F.3d 1259, 1268-69 (9th Cir. 2004); *Bay Area Addiction Research and Treatment, Inc. v. City of Antioch*, 179 F.3d 725, 733-35 (9th Cir. 1999); *Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996).

**Plaintiffs' Proposed Jury Instruction No. 8**
**DISPARATE IMPACT**

Disparate impact involves a facially neutral policy or conduct—that is, a policy or conduct that does not explicitly treat individuals with and without disabilities differently—that nonetheless denies individuals with disabilities an equal opportunity to access public programs or services.

To prove discrimination by disparate impact a plaintiff must show:

    (1)    A facially neutral policy or conduct had the effect of denying an equal opportunity to access public programs or services to those with disabilities; and,

    (2)    The public entity could make "reasonable modifications" to its policies or conduct that are "necessary" to avoid or remedy the discrimination.

Under a disparate impact theory of discrimination, the plaintiff bears the burden of proving by a preponderance of the evidence that the proposed modification is reasonable and necessary to provide the plaintiff with an equal opportunity to access the defendant's services. However, the defendant can avoid liability if it proves by a preponderance of the evidence that the proposed modification would "fundamentally alter" the nature of the public programs or services it provides.

I will instruct you on what it means to "fundamentally alter" a public service later.

**Authority**: 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7)(i); *Payan v. Los Angeles Community College Dist.*, 11 F.4th 729, 738 (9th Cir. 2021); *Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996); *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002).

1

**Plaintiffs' Proposed Jury Instruction No. 9**

2

**FAILURE TO ACCOMMODATE**

3      To prove discrimination under a failure to accommodate theory, a plaintiff

4 must show:

5              (1)     They were denied an equal opportunity to access a public program

6                      or service because they lacked an accommodation for their

7                      disability;

8              (2)     A reasonable accommodation was available; and,

9              (3)     The public entity was on notice of the need for a reasonable

10                     accommodation and did not provide one.

11     Under a failure to accommodate theory, the plaintiff bears the initial burden of

12 proving by a preponderance of the evidence that the proposed accommodation is

13 reasonable and necessary to provide the plaintiff with an equal opportunity to access

14 to defendant's programs or services. However, the defendant can avoid liability if it

15 proves by a preponderance of the evidence that the proposed accommodation would

16 "fundamentally alter" the nature of the public programs or services it provides.

17     To prove that the defendant was on notice, a plaintiff does not have to show

18 that they requested a specific accommodation at the time they were denied access to

19 the defendant's services. It is sufficient for the plaintiff to show that the defendant

20 was aware that the plaintiff required an accommodation or was being denied access to

21 the defendant's programs or services due to the plaintiff's disability.

22

23 **Authority**: 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7)(i); *Payan v. Los Angeles*

24 *Community College Dist.*, 11 F.4th 729, 738 (9th Cir. 2021); *Updike v. Multnomah*

25 *Cnty.*, 870 F.3d 939, 951 (9th Cir. 2017); *A.G. v. Paradise Valley Unified School*

26 *Dist. No. 69*, 815 F.3d 1195, 1206 (9th Cir. 2016); *Vinson v. Thomas*, 288 F.3d 1145,

27

28

1154 (9th Cir. 2002); *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of reh'g*, (Oct. 11, 2011)

**Plaintiffs' Proposed Jury Instruction No. 10**

**"DISCRIMINATION" DEFINED**

General prohibitions against discrimination by a public entity include:

(1)   Denying a qualified individual with a disability the opportunity to participate in or benefit from an aid, benefit, or service;

(2)   Affording a qualified individual with a disability an opportunity to participate in or benefit from an aid, benefit, or service that is not equal to that afforded others;

(3)   Providing a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others; or

(4)   Otherwise limiting a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service.

**Authority**: 28 C.F.R. § 35.130(b)(1).

1
2

**Plaintiffs' Proposed Jury Instruction No. 11**

**EQUALLY EFFECTIVE COMMUNICATION**

3
4
5

    The District has an affirmative obligation to take appropriate steps to ensure that communications with blind applicants, participants, members of the public, and companions are as effective as communications with others.

6
7
8
9

    The District is required to furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity.

10
11
12
13
14
15
16
17
18

    The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place. In determining what types of auxiliary aids and services are necessary, the District is required to give primary consideration to the requests of individuals with disabilities. In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

19
20

**Authority**: 28 C.F.R. § 35.160 (a)-(b); *K.M. ex rel. Bright v. Tustin*, 725 F.3d 1088 (9th Cir. 2013).

21
22
23
24
25
26
27
28

**Plaintiffs' Proposed Jury Instruction No. 12**

**AUXILIARY AIDS AND SERVICES**

Where necessary to provide equal opportunity and equally effective communication, Defendant is required to provide Plaintiffs with auxiliary aids and services, which include qualified readers, taped texts, audio recordings, Brailled materials and displays, screen reader software, magnification software, optical readers, secondary auditory programs (SAP), large print materials, accessible electronic and information technology, or other effective methods of making visually delivered materials available to individuals who are blind or have low vision.

**Authority**: 42 U.S.C. § 12103(1)(B); 28 C.F.R. § 35.104.

**Plaintiffs' Proposed Jury Instruction No. 13**

**UNLAWFUL METHODS OF ADMINISTRATION**

A public entity may not, directly or through contractual or other arrangements, use criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability or that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities.

**Authority**: 28 C.F.R. § 35.130(b)(3).

1
2

**Plaintiffs' Proposed Jury Instruction No. 14**

**FUNDAMENTAL ALTERATION**

3
4
5
6
7

As I have previously instructed, under the disparate impact and failure to accommodate theories of discrimination, Defendant bears the burden of proving by a preponderance of the evidence that a modification to Defendant's programs or services or an accommodation requested by the individual Plaintiffs would result in a fundamental alteration of Defendant's programs and services.

8

To prevail on this defense, you must find that

9
10
11

(1)     Defendant's decision not to implement a modification or accommodation was made by the head of the Defendant or his or her designee; and

12
13
14

(2)     Defendant's decision was accompanied by a written statement of its reasons for reaching the conclusion that the accommodation or modification would constitute a fundamental alteration.

15
16
17

**Authority**: 28 C.F.R. § 35.164; *K.M. ex rel. Bright v. Tustin Unified School Dist.*, 725 F.3d 1088, 1096 (9th 2013)

18
19
20
21
22
23
24
25
26
27
28

1
2

**Plaintiffs' Proposed Jury Instruction No. 15**

**ORGANIZATIONAL PLAINTIFFS**

3

4

5

6

If you find that Defendant discriminated against Mr. Payan and Ms. Mason, and you find that the NFB of California had to divert their resources from other matters to combat that discrimination, you may find in favor of the NFB of California.

7

8

You may also find for the NFB and the NFB of California if you find that their members are likely to be the subject of discrimination by LACCD in the future.

9

10

11

**Authority**: *National Federation of the Blind v. Target, Corp.*, 582 F. Supp. 2d 1185, 1191-92 (N.D. Cal. 2007).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiffs' Proposed Jury Instruction No. 16**

**DAMAGES AVAILABLE FOR VIOLATIONS OF**

**TITLE II OF THE ADA**

Although you do not need to have found intent to find a violation of Title II of the ADA, in order to award damages to either Mr. Payan or Ms. Mason, you must find that Defendant intentionally discriminated against him or her or acted with deliberate indifference to its obligations under the ADA. Therefore, if you find that the Defendant violated either individual Plaintiff's rights under the ADA, you must then decide the issue of that Plaintiff's damages.

To prove the factor of intentional discrimination, the individual Plaintiff must show by a preponderance of the evidence that Defendant demonstrated an intentional or willful violation of the law, or a deliberate indifference toward the individual Plaintiffs' rights under the law. This does not mean that a Plaintiff must show that Defendant intended to discriminate, or that it harbored some ill-will towards Plaintiffs or blind individuals in general.

In cases like this, intentional or willful discrimination is shown by an intentional, or willful, violation of the law. That is, where a public entity is on notice that its failure to provide equal access to its services may violate the law and intentionally opts to provide a lesser or no service it may be found to have intentionally violated the law.

Either Plaintiff also may prevail if he or she proves that LACCD was deliberately indifferent to its obligations. One way to show such deliberate indifference is to prove, by a preponderance of the evidence, that Defendant had knowledge that harm to a federally-protected right was likely, and Defendant failed to act upon that likelihood.

1
2
3
4

**Authority**: 42 U.S.C. §§ 12131–12134; 29 U.S.C. § 794(b)(2)(B); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of reh'g*, (Oct. 11, 2001); *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *Updike v. Multnomah Cnty.*, 870 F.3d 939, 950–51 (9th Cir. 2017).

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2

**Plaintiffs' Proposed Jury Instruction No. 17**

**DAMAGES—PROOF**

3
4
5

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

6
7
8
9
10

If you find for either Ms. Mason or Mr. Payan on either of their claims, you must determine whether the Plaintiffs are entitled to damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by Defendant.

11

In determining the measure of damages, you should consider:

12

1.   The nature and extent of the injuries;

13

2.   The mental and emotional pain and suffering experienced;

14
15

3.   The reasonable value of earnings and earning capacity lost up to the present time;

16
17

4.   The reasonable value of earnings and earning capacity that with reasonable probability will be lost in the future.

18

It is for you to determine what damages, if any, have been proved.

19
20

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

21

Neither the NFB nor the NFB of California is seeking damages.

22
23

**Authority**: Ninth Circuit Pattern Jury Instructions Civil, No. 5.1 & 5.2.

24
25
26
27
28

*PAYAN & MASON v. LACCD*, Case No.:  2:17-cv-01697- SVW-SK
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

23

1
2
3

**Plaintiffs' Proposed Jury Instruction No. 18**

**DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE**

4
5

Any award for future economic damages must be for the present cash value of those damages.

6
7

Noneconomic damages such as pain and suffering are not reduced to present cash value.

8
9
10

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

11
12
13
14
15

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money that may be caused by future inflation.

16
17
18
19
20

**Authority:** Model Civil Jury Instruction for the District Courts of the Ninth Circuit, Civil Instruction No. 5.4; *Monsessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 449-42 (1988); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 508-09 (9th Cir. 2000).

21
22
23
24
25
26
27
28

1   Dated:  August 22, 2022                    **BARBOSA GROUP**

2

3                                              Patricia Barbosa

4

5                                              **BROWN GOLDSTEIN & LEVY, LLP**

6

7                                              Sharon Krevor-Weisbaum
                                               Kevin D. Docherty
8                                              Jessica P. Weber

9
                                               *Attorneys for Plaintiffs*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2   I hereby certify that August 22, 2022, a copy of the foregoing, Plaintiffs'

3   Proposed Jury Instructions, was sent, by the Court's e-filing system, to:

4

5   Richard E. Morton, Esquire
    Yvette Davis, Esquire
6   Haight Brown & Bonesteel LLP
7   2050 Main Street, Suite 600
    Irvine, California 92614
8   rmorton@hbblaw.com
9   ydavis@hbblaw.com

10   *and*

11   Pilar Morin, Esquire
12   David A. Urban, Esquire
    LIEBERT CASSIDY WHITMORE
13   A Professional Law Corporation
14   6033 West Century Boulevard, 5th Floor
    Los Angeles, California  90045
15   pmorin@lcwlegal.com
16   durban@lcwlegal.com

17
    *Attorneys for Defendant Los Angeles*
18   *Community College District*

19

20

21   _____
    Kevin D. Docherty
22

23

24

25

26

27

28
    *PAYAN & MASON v. LACCD*, Case No.:  2:17-cv-01697- SVW-SK
    PLAINTIFFS' PROPOSED JURY INSTRICTIONS

26