UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | October 26, 2022 |
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| | |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER REGARDING DEFENDANTS' MOTIONS IN LIMINE [69,70] AND PLAINTIFFS' MOTION TO STRIKE [451]

On October 25, 2022, the Court held a hearing to discuss Defendants' Motions *in limine* with respect to Plaintiffs' experts Jon Gunderson and Peter Bossley and Plaintiffs' Motion to Strike. Dkts. 69, 70, and 451. The Court now issues this order deciding the Motions *in limine* and ordering the parties to submit supplemental briefing for the Motion to Strike.

**Defendants' Motions *in limine* with respect to Plaintiffs' experts Gunderson and Bossley**

As a general matter, the Court reminds the parties that ultimate factual and legal determinations are the province of the jury. The role of an expert is to provide additional information based on their expertise or specialized knowledge to help the trier of fact understand the evidence or determine a fact in issue. *See* Fed. R. Evid. 702. Accordingly, it is improper for an expert witness to opine as to whether an event occurred, in fact, or to the ultimate legal conclusions.

In light of these principles, Plaintiffs' experts, Gunderson and Bossley, may testify to:

1. The practices, policies, technologies, and accomodations necessary to provide meaningful access to sight-impaired individuals.
2. Why such practices, policies, technologies, or accomodations are necessary to provide meaningful access.
3. And whether such practices, policies, technologies or accomodations are feasible.

:

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | October 26, 2022 |
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

These experts may NOT opine on:

1. Whether specific factual events did or did not occur, unless they have personal knowledge of the event.
2. Or whether acts or omission by Defendants constituted violations of the ADA – ultimate legal conclusions left to the jury.

Thus, for example, Gunderson may testify that permitting sight-impaired students to record lectures is an important accommodation for sight-impaired students and such accomodations are feasible given industry practice. But Gunderson may not opine that Defendants failed to reasonably accommodate Plaintiffs by not permitting them to record. Likewise, Bossley may testify as to whether certain software or technologies would be inaccessible to a sight-impaired student, but not to whether adoption of such technologies amounts to a failure to reasonably accommodate.

As to the foundational issue regarding Bossley's testimony – the sufficiency of Bossley's sample size for testing Defendants' websites – the Court finds that Bossley has sufficient foundation given the state of the record. Defendants may challenge the sufficiency of Bossley's testing on cross examination.

**Plaintiffs' Motion to Strike**

At the hearing, Plaintiffs raised an additional basis for why Defendants' undue burden defense should be stricken. The Court heard preliminary arguments on the matter and now orders the parties to submit supplement briefing on the following issues:

1. Whether a defendant is required to provide a written statement which is contemporaneous to a defendant's decision not to act or provide an accomodation in order to assert an undue burden defense, as outlined in 28 C.F.R. § 35.164.

2. If a defendant is required to provide a contemporaneous written statement, how specific or robust must the written statement be?

3. The scope of the undue burden defense. Specifically, what types of claims does the undue

:

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | October 26, 2022 |
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

burden defense apply to? And which claims, in the present case, could Defendants raise a potential undue burden defense to?

4. Whether the Court, under its inherent authority, could waive the requirement of a contemporaneous writing if there is no finding of prejudice?

The briefing schedule will be as follows:

- Plaintiffs are ORDERED to file a supplemental brief. Plaintiffs' filing is due no later than November 4, 2022.
- Defendants are ORDERED to file a responsive supplemental brief. Defendants' filing is due no later than November 11, 2022.
- Plaintiffs may file an optional reply brief no later than November 17, 2022.

**Addendum to the Court's pretrial order**

Finally, the Court issues the following addendums to its prior pre-trial order. Dkt. 453.

1. Plaintiffs' first claim is with respect to both the LACC and LACCD's website.
2. Plaintiffs' eighth claim will be brought under a disparate treatment theory.

**IT IS SO ORDERED.**

:

Initials of Preparer PMC