UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | March 1, 2023 |
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| | |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE [451]

## I. Introduction and Background

Before the Court is a motion to strike seven of Defendants' affirmative defenses. ECF No. 451. For the foregoing reasons, the Court GRANTS Plaintiffs' motion to strike.

The present case presents a long and unique procedural background. Filed in March of 2017, Plaintiffs allege multiple violations of Title II of the ADA and section 504 of the rehabilitation act. ECF 1. Over the course of the next five years, the parties engaged in three motions for partial summary judgement, multiple rounds of discovery, and a bench and jury trial. *See generally*, Dkt. At the end of those proceedings, Defendants appealed the Court's ruling and preliminary injunction and prevailed on appeal. ECF Nos. 400-402. Following the Ninth Circuit's remand, the Court ordered the parties to clarify their positions on further proceedings. ECF No. 431.

In August 2022, the Court issued an order notifying the parties how the Court intended to proceed. Specifically the Court: 1) rejected Defendant's suggestion that discovery should be re-opened; 2) rejected Defendants' suggestion that they be permitted to designate new experts and that new expert discovery take place; 3) vacated its prior summary judgement rulings; 4) notified the parties that the Court would rule on the Daubert objections to Plaintiffs' experts Peter Bossley and John Gunderson; 5) ordered the parties to meet and confer to discuss whether certain factual matters could be presented via stipulation; 6) ordered the parties to submit proposed jury instructions to the Court; and 7) adopted the joint proposal by the parties to bifurcate further proceedings. ECF No. 437.

:

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | March 1, 2023 |
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

Plaintiffs filed an amended complaint, removing its section 504 rehabilitation act claim. ECF No. 439. In response, Defendants filed an amended answer, asserting multiple affirmative defenses. ECF No. 450. Plaintiffs now bring this instant motion to strike seven of those affirmative defenses. ECF No. 451. At the hearing, Plaintiffs raised an additional ground for the Court to strike Defendants' Undue Burden Defense. The Court subsequently ordered supplemental briefing on this issue. ECF Nos. 460, 464, 465, 468, 476, 479, 491.

## II. Legal Standard

Rule 12(f) allows the Court on its own or on motion of a party to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF SHX, 2013 WL 1831686, at *2 (C.D. Cal. Apr. 30, 2013). "Many courts find that a motion to strike 'should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit.'" *Id.* (emphasis omitted) (quoting *Rivers v. Cty. of Marin*, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. Mar. 7, 2006)). "If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the allegations for adjudication on the merits after proper development of the factual nature of the claims through discovery." *Dodson v. Gold Cnty. Foods, Inc.*, No. 2:13-CV-0336-TLN-DAD, 2013 WL 5970410, at *1 (E.D. Cal. Nov. 4, 2013). "In the end, the decision to grant or deny the motion is vested within the sound discretion of the trial court." *Vogel*, 2013 WL 1831686, at *2.

In the Ninth Circuit, an affirmative defense is pled sufficiently if it "gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Although the Supreme Court has tightened the pleading standards to require more factual specificity, the Ninth Circuit has not addressed whether those tightened pleading standards apply to affirmative defenses as well. *See Cookse v. Ocean*, 2:17-cv-00839-SVW-AGR, 2017 WL 8811737, at *2 (C.D. Cal. July 7, 2017).

This Court adopts the "fair "notice" standard. *Grasshopper House, LLC v. Clean & Sober*

: 

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | March 1, 2023 |
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

*Media LLC*, No. 218CV00923SVWRAO, 2018 WL 11309934, at *1 (C.D. Cal. Oct. 18, 2018). "At minimum, 'fair notice' requires some pleading of facts: Neither mere reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or argument explaining the defense." *Davis v. Hollywood & Ivar*, LLC, No. 221CV01235VAPJPRX, 2021 WL 4816823, at *2 (C.D. Cal. Aug. 30, 2021) (citations and quotations omitted). Ultimately, the pleading must be sufficient to "identify the factual grounds on which an affirmative defense rests is adequate to provide fair notice to a plaintiff and to assist the Court in limiting discovery." *Id.* (citations and quotations omitted).

## III. Discussion

Plaintiffs move to strike seven of Defendants affirmative defenses, contending they are insufficient. The Court rules as follows.

### a. Fifth Defense – Estoppel

Defendants assert the affirmative defense of estoppel, contending that: "Plaintiffs are estopped by their own conduct from recovering relief under the Amended Complaint." Defendant's Amended Answer ("AA") at ¶ 127. This statement is insufficient to provide notice to Plaintiffs because it neither identifies the conduct that serves the basis for estoppel or the theory of estoppel that Defendant's plan to assert. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("eHelp does not specify what the defense is—whether it is asserting a single type of estoppel or several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel. As such, eHelp does not provide fair notice of its affirmative defenses.")

Accordingly, the Motion is GRANTED as to this defense; it is STRICKEN from the Answer with leave to amend.

### b. Sixth Defense – Waiver

Defendants assert the affirmative defense of waiver, contending that: "Any recovery on the Amended Complaint is barred by the doctrine of waiver." AA at ¶ 129. Defendants have failed to allege what conduct constitutes waiver and have not provided any other supporting allegations that

: 

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | March 1, 2023 |
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

would put Plaintiffs on fair notice. *See Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 441–42 (C.D. Cal. 2013) (striking laches and waiver defenses that only "provide[d] a barebones recitation of legal doctrines"); *Garcia v. Mickey Fine Enterprises, Inc.*, No. EDCV211056JGBSHKX, 2022 WL 2168886, at *3 (C.D. Cal. Jan. 7, 2022)

Accordingly, the Motion is GRANTED as to this defense; it is STRICKEN from the Answer with leave to amend.

**c. Seventh Defense – Laches**

Defendants assert the affirmative defense of laches, contending that "Any recovery on the Amended Complaint is barred by the doctrine of laches." AA at ¶ 130.

In order to establish the defense of laches, "a defendant must allege neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.*, No. EDCV 11-197 RSWL, 2011 WL 3809933, at *3 (C.D. Cal. Aug. 25, 2011) (citations and quotations omitted). Beyond the aforementioned legal conclusions, Defendants have failed to allege anything else that provide fair notice to Plaintiffs. *See e.g. Kohler v. Staples the Off. Superstore, LLC*, 291 F.R.D. 464, 470 (S.D. Cal. 2013) ("Though these doctrines may be legally plausible, the Court agrees with Kohler that these statements are insufficient to provide fair notice. Staples provides no basis for these claims in his answer, and 'a reference to a doctrine ... is insufficient notice.'") (citations omitted).

Accordingly, the Motion is GRANTED as to this defense; it is STRICKEN from the Answer with leave to amend.

**d. Tenth Defense – Contributory Negligence**

Defendants assert the affirmative defense of contributory negligence, contending that "[t]o the extent that Plaintiffs suffered any injury or detriment, such injury or detriment was caused or contributed to by the contributory negligence of Plaintiffs." AA at ¶ 133.

: 

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | March 1, 2023 |
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

"Courts have found that a comparative fault affirmative defense to an ADA claim fail[s] as a matter of law, because [t]he ADA is clear that a public accommodation is responsible for its own violations of the ADA, and that such violations cannot be contracted away." *Garcia v. Mickey Fine Enterprises, Inc.*, No. EDCV211056JGBSHKX, 2022 WL 2168886, at *4 (C.D. Cal. Jan. 7, 2022) (citations and quotations omitted).

Accordingly, the Motion is GRANTED as to this defense; it is STRICKEN from the Answer without leave to amend.

**e. Thirteenth Defense – Fault of Others**

Defendants assert the affirmative defense of fault of others, contending that "Defendant is informed and believes and upon such information and belief alleges that if Plaintiffs were injured or damaged in the manner alleged, which this answering Defendant denies, then Plaintiffs, and others, were at fault, and such fault proximately caused Plaintiffs' injuries and damages, if any." AA at ¶ 136. Defendants do not identify who these "other persons" were. Thus, Defendants have failed to provide sufficient notice to Plaintiffs. *See Fed. Trade Comm'n v. Loss Mitigation Servs., No. SACV09800DOCANX, 2010 WL 11519447*, at *2 (C.D. Cal. Feb. 17, 2010) (striking an "fault of others" defense," where the defendants did not assert who those "others" were); *Fed. Trade Comm'n. v. Fed. Loan Modification L. Ctr., LLP*, No. SACV0900401CJCMLGX, 2009 WL 10675900, at *1 (C.D. Cal. Aug. 11, 2009) ("Defendants make only a vague reference to the conduct, fault, and negligence of other persons or entities, which does not provide fair notice to Plaintiffs.").

Accordingly, the Motion is GRANTED as to this defense; it is STRICKEN from the Answer with leave to amend.

**f. Fourteenth Defense – After Acquired Evidence**

Defendants assert the affirmative defense of fault of after acquired evidence, contending that Defendant's Fourteenth Defense fails, because the defense is irrelevant to the present case, contending that "[t]he Complaint and each of its causes of action are barred either in whole or in part by the doctrine of after-acquired evidence." AA at ¶ 137.

:

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01697-SVW-SK | Date | March 1, 2023 |
|---|---|---|---|
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

"The doctrine of after-acquired evidence allows a defendant employer in an employment discrimination action to use evidence of a plaintiff employee's misconduct, acquired after the employer's alleged violations, to demonstrate that the plaintiff has not been injured by the alleged discriminatory acts." *Conlin v. Mission Foods Corp.*, 850 F. Supp. 856, 857 (N.D. Cal. 1994). Plaintiffs do not raise an employment discrimination claim; thus, this defense does not apply to the present case. *See Vogel v. OM ABS, Inc.*, No. CV 13-01797 RSWL JEM, 2014 WL 340662, at *4 (C.D. Cal. Jan. 30, 2014) ("Because Plaintiff does not raise employment discrimination in his Complaint, the Court GRANTS Plaintiff's Motion to Strike this affirmative defense without leave to amend.").

Accordingly, the Motion is GRANTED as to this defense; it is STRICKEN from the Answer without leave to amend.

**g. Twentieth Affirmative Defense - Undue Burden**

As to Defendant's Undue Burden Defense, Plaintiffs contend that the defense should be stricken, because Defendants have waived the defense.[1] It is well settled law that "[f]ailure to plead an affirmative defense generally results in a waiver of that defense." *U.S. Sec. Holdings, Inc. v. Andrews*, No. CV212263DSFMRWX, 2021 WL 6882436, at *6 (C.D. Cal. Dec. 24, 2021); *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580 (2d Cir. 1994) ("The general rule in federal courts is that a failure to plead an affirmative defense results in a waiver."); *see also Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) ("Under the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived."). But a Court may permit a defendant to raise an affirmative defense for the first time in a motion for summary judgement only if the delay does not prejudice the plaintiff. *Magana v. Com. of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997), as amended (May 1, 1997).

[1] Defendants contend that waiver cannot be a basis for striking an affirmative defense under Rule12(f). The Court disagrees. While it is unusual to raise a waiver of an affirmative defense on a motion to strike, Ruler 12(f) permits the Court to strike insufficient affirmative defenses. Fed. R. Civ. P. 12(f). And here, Plaintiffs contend that Defendants' undue burden defense is insufficient because it was previously waived. *See Moore v. Raught*, No. LACV0703836VBFJPR, 2015 WL 11232389, at *3 (C.D. Cal. Apr. 20, 2015) (noting that "nothing would preclude" the court could from striking an affirmative defense on the grounds of waiver).

:

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | March 1, 2023 |
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

Here, the Court agrees with Plaintiffs that Defendants have waived the undue burden defense. In the five years that this litigation has been active, which included discovery, consideration and two reconsiderations of a motion for summary judgment, two trials, and an appeal, this is the first time that Defendants have indicated that they will assert the undue burden defense. Indeed, Defendants' prior actions in the case further suggest that they waived the undue burden defense. In Defendants' Memorandum of Contentions of Fact and Law and Defendants' portion of the propose Final Pre-trial conference order, Defendants indicated they would pursue only two affirmative defenses: Lack of Standing and Mitigation of Damages. ECF No. 72 at 14; ECF No. 113-1 at 21-22. Moreover, in Defendants' response to Plaintiffs' *motion in limine* seeking to exclude evidence of undue burden, Defendants acknowledged "that Defendant did not allege 'undue burden' as an affirmative defense in its responsive pleading or seek to include a jury instruction on that affirmative defense[.]"[2] ECF No. 96 at 3. Thus, by failing to raise the undue burden defense until now, Defendants have waived it.

Moreover, Plaintiffs will be prejudiced by Defendants' late assertion of the undue burden defense, since discovery has been closed and the Court is preparing to set a trial date. *See U.S. Sec. Holdings*, No. CV212263DSFMRWX, 2021 WL 6882436, at *7 ("the Court finds Plaintiffs would be prejudiced if the Court considered Andrews' affirmative defense. This case has been pending for more than two years, discovery was completed and closed prior to the transfer of the case to this Court, and trial is set to begin in four months.").

Nonetheless, Defendants contend that the Court should still permit them to assert the defense, because: 1) raising new defenses is appropriate since the parties are at the pleading stage; 2) that they should be permitted to argue defenses that correspond with Plaintiffs' new theories of liability; and 3) Plaintiffs would suffer no prejudice from this late assertion of the undue burden defense because "undue burden" is not a real affirmative defense.[3]

[2] The full context of this quote is that Defendants contended that they could still use evidence addressing undue burden, because undue burden was not "solely an affirmative defense." ECF No. 96 at 1. Thus, the fact that they did not plead or submit a jury instruction on that issue was irrelevant. *Id.* at 3.

[3] Defendants also contend that they implicitly raised the undue burden defense by raising the related fundamental alteration defense, but this argument ignores the fact that fundamental alteration and undue burden are two distinct affirmative defenses. Moreover, even if Defendants had raised this defense early on, Defendants' actions during the proceedings, would

: 

Initials of Preparer PMC

First, Defendants' contention that the parties are at the pleading stage misunderstands the effect of Ninth Circuit's opinion and order. Neither the Ninth Circuit's opinion nor its order can be fairly read to have reset proceedings back to the pleading stage. In the opinion, the Ninth Circuit held that the Court erred by classifying some of Plaintiffs' claims under a disparate impact as opposed to a failure to accommodate framework and instructed the Court to:

> reconsider Plaintiffs' individual claims under either the disparate impact framework or the individual failure to accommodate framework, depending on the nature of the specific claim, *and to permit Plaintiffs* to introduce evidence to support these claims under either framework.

*Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 739-740 (9th Cir. 2021) (emphasis added). In its accompanying order, the Ninth Circuit further instructed the Court to: 1) reconsider its prior grant of partial summary judgment in accordance with the Ninth Circuit opinion; 2) complete the appropriate Daubert inquiry as to Peter Bossley and John Gunderson's expert opinions; and 3) permit Plaintiffs to try their disability discrimination claims to a jury. *Payan v. Los Angeles Cmty. Coll. Dist.*, No. 19-56111, 2021 WL 3743307, at * 1, *2, *3 (9th Cir. Aug. 24, 2021). Nothing in the opinion or order suggests that the parties are to be returned to the pleading stage.

Indeed, the Court's Order Regarding Further Proceedings confirms the reading that the parties are not at the pleading stage. ECF No. 437. In rejecting Defendants' suggestion to re-open discovery, the Court explained that the Court's improper limitation of Plaintiffs' claims to a disparate impact theory was done so only after reconsidering Plaintiffs' motion for summary judgement for a third time. *Id.* That order was granted in January 2019, almost two years into the case and well-after the close of discovery. *Id.* In sum, the impact of the Ninth Circuit's order and opinion was to return the parties before the granting of partial summary judgement, after the time to answer and conduct discovery had closed. Accordingly, Defendants are incorrect in asserting that they are at the pleading stage, which would permit them to assert new affirmative defenses. The time for that has long passed.

still constitute a waiver of the defense.

: 

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | March 1, 2023 |
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

Second, Defendants' argument that "Plaintiffs cannot simultaneously argue they are entitled to retry the case *on new theories of liability and different evidence*, while also arguing that the District is barred from raising corresponding defenses," Defendant's Opposition at 10. (emphasis added), misconceives Plaintiffs' amended complaint. Plaintiffs' amendment *removed* their section 504 claim; it did not add any new claims or theory of liability that Defendants were not previously aware of. Moreover, Plaintiffs are not asserting a *new* theory of liability. Up until the Court's second reconsideration of the motion for partial summary judgment, the theory of reasonable accomodation was always on the table and Defendants were on notice that Plaintiffs were asserting liability on the basis of failure to accommodate. Additionally, Defendants have not pointed to any new or different evidence that Plaintiffs are relying on.

Finally, Defendants' argument that Plaintiff will not suffer prejudice because "undue burden" is not a real affirmative defense misses the mark. If Defendants are correct that "undue burden" is not a true affirmative defense, then the Court would nonetheless have to strike it as an affirmative defense. *See Sherwin Williams Co. v. Auto Collision Inc.*, No. SACV150867DOCDFMX, 2015 WL 13919192, at *2 (C.D. Cal. Dec. 2, 2015) ("An 'affirmative defense' is also legally insufficient if it is not actually an 'affirmative' defense but rather a 'defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove.'") (citation omitted).

Accordingly, the Motion is GRANTED as to this defense; it is STRICKEN from the Answer without leave to amend.[4]

## IV. Conclusion

For the aforementioned reasons, Plaintiffs' Motion is GRANTED. Jury trial shall be set for

[4] The Court also ordered supplemental briefing on Plaintiffs' argument that the undue burden defense requires a contemporaneous written statement to be asserted. Having reviewed the briefs, the Court finds that it cannot use this argument to strike the defense. Regardless of whether a contemporaneous written statement is required, the Court cannot make the factual determination that Defendants cannot satisfy a contemporaneous writing requirement on this motion. *See Najafi v. Pompeo*, No. 19-CV-05782-KAW, 2021 WL 6335347, at *2 (N.D. Cal. Jan. 7, 2021) ("courts in this district have found Rule 12(f) motions to strike inappropriate where the court must "'make factual determinations that go to the merits of the case....'") (citations omitted).

:

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | March 1, 2023 |
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

May 23, 2023, at 9:00 am. The pretrial conference shall be on May 15, 2023, at 1:30 pm.

**IT IS SO ORDERED.**

: 

Initials of Preparer PMC