Mark H. Meyerhoff, Bar No. 180414
mmeyerhoff@lcwlegal.com
David A. Urban, Bar No. 159633
durban@lcwlegal.com
Richard Daniel Seitz, Bar No. 334028
dseitz@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:  310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendant LOS ANGELES COMMUNITY COLLEGE DISTRICT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>LOS ANGELES COMMUNITY COLLEGE DISTRICT,<br><br>            Defendant. | Case No.: 2:17-cv-01697 SVW(SKx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT RE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Action Filed:  March 2, 2017<br>Trial Date:     May 23, 2023<br><br>Location: Department 10A<br>Date: May 22, 2023<br>Time: 3:00 p.m. |

///
///
///
///
///
///
///
///
///

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 22, 2023 at 3:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 10A of the above-entitled Court, located at 50 West 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California, Defendant the Los Angeles Community College District ("the District") will and hereby does move this Court, for partial summary judgment in favor of the District and against Plaintiffs Roy Payan, Portia Mason, the National Federation of the Blind, Inc., and the National Federation of the Blind California, Inc. on the issue of damages. In particular, the District moves this Court for an order determining that the following allegations be adjudicated in based on the applicable law and the undisputed facts in the record:

1. Plaintiffs' claims for general damages lack merit.
2. Plaintiffs' claims for economic damages lack merit.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Separate Statement of Uncontroverted Facts filed concurrently herewith, and the Declarations and other evidence in Defendants' Appendix of Evidentiary Support, the pleadings and papers filed in this case, and upon any other oral or documentary evidence that may be presented at the hearing of this Motion.

Dated: May 17, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: */s/ David A. Urban*
Mark H. Meyerhoff
David A. Urban
Attorneys for Defendant LOS ANGELES COMMUNITY COLLEGE DISTRICT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................. 6

II. FACTUAL BACKGROUND ............................................................................... 7

III. STANDARD FOR A MOTION FOR PARTIAL SUMMARY JUDGMENT ........................................................................................................ 8

IV. DISCUSSION ....................................................................................................... 9

    A. PARTIAL SUMMARY JUDGMENT IS WARRANTED AS TO THE CLAIMS FOR GENERAL DAMAGES, WHICH THE U.S. SUPREME COURT HAS RULED ARE UNAVAILABLE UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT ....................................... 9

    B. PARTIAL SUMMARY JUDGMENT IS WARRANTED AS TO THE CLAIMS FOR ACTUAL DAMAGES, BECAUSE THE RECORD SHOWS NO SUCH RECOVERABLE DAMAGES .......................................................... 12

        1. Plaintiffs Did Not Even Request Actual Damages in the First Trial ............................................................................ 12

        2. Plaintiffs in the First Trial Presented No Evidence of Specific Monetary Amounts They Allegedly Lost Because of ADA Violations ........................................... 13

        3. Any Actual Damages Supposedly Supported by Trial Testimony, or Even Plaintiffs' Deposition Testimony, Are Speculative .................................................. 14

V. CONCLUSION ................................................................................................... 17

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Asfall v. Los Angeles Unified Sch. Dist.*,
2022 WL 2764747 (9th Cir. July 15, 2022) .................................................. 11

*Boucher v. U.S. Suzuki Motor Corp.*,
73 F.3d 18 (2nd Cir. 1996) ............................................................................ 16

*Cain v. Esthetique*,
182 F.Supp.3d 54 (S.D.N.Y. 2016) ............................................................... 16

*Colorado Seminary v. National Collegiate Athletic Ass'n*,
417 F. Supp. 885 (D. Colo. 1976) ................................................................. 16

*Common Cause Southern Christian Leadership Conference of Greater Los Angeles v. Jones*,
213 F. Supp. 2d 1110 (C.D. Cal. 2002) .......................................................... 8

*Cool Fuel, Inc. v. Connett*,
685 F.2d 309 (9th Cir.1982) ........................................................................... 8

*Cummings v. Premier Rehab Keller*,
142 S. Ct. 1562 (2022) ........................................................................ 6, 9, 11

*Faller v. Two Bridges Reg'l Jail*,
No. 2:21-CV-00063-GZS, 2022 WL 17260763, at *1 (D. Me. Nov. 2, 2022) ........................................................................................................... 9

*Gillette v. State of Oregon*,
No. 3:20-CV-00513-IM, 2022 WL 2819057, at *7 (D. Or. July 19, 2022) ............................................................................................................. 10

*Karum Holdings LLC v. Lowe's Cos., Inc.*,
895 F.3d 944 (7th Cir. 2018) ........................................................................ 15

*Knapp v. Northwestern Univ.*,
No. 95 C 6454, 1996 WL 495559 (N.D. Ill. August 28, 1996) .................... 16

*Kovatseno v. Kentucky Community and Technical College*,
No. CV 5:23-066-DCR, 2023 WL 3346108, at *4 (E.D. Ky. May 10, 2023) ............................................................................................................. 10

*Montgomery v. D.C.*,
No. CV 18-1928 (JDB), 2022 WL 1618741, at *24 (D.D.C. May 23, 2022) ................................................................................................... 10, 11

*Pennington v. Flora Cmty. Unit Sch. Dist. No. 35*,
No. 3:20-CV-11-MAB, 2023 WL 348320, at *2 (S.D. Ill. Jan. 20, 2023) ............................................................................................................... 9

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

*Portsmouth Square, Inc. v. Shareholders Protective Committee*,
 770 F.2d 866 (9th Cir. 1985) .................................................................................. 8, 14

*Webster v. Rutgers-New Jersey Medical School*,
 2017 WL 3399997, *6 (D. New Jersey 2017) ...................................................... 16

**State Cases**

*Arendas v. N.C. High Sch, Athletic Ass'n*,
 718 S.E.2d 198 (N.C. App. 2011) ....................................................................... 16

**Federal Statutes**

42 U.S.C. section 12133 ................................................................................... 9, 10

**Federal Rules**

Federal Rule of Evidence 701 ............................................................................. 12

Federal Rule of Evidence 702 ............................................................................. 13

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Defendant the Los Angeles Community College District ("the District") files this Motion for Partial Summary Judgment on Damages at the invitation of this Court, by its order dated May 15, 2023.  (Order Regarding Sue Sponte Summary Judgment dated May 15, 2023 [Docket No. 534], at 2.)  This Court ordered that "Defendants shall file summary judgment motion by [May 17, 2023] on the issue of damages.  Plaintiffs' response shall be due on May 20, 2023 and shall . . . be limited to evidence on the record as it exists now."  (*Id.*)

The record demonstrates that Plaintiffs are not entitled to any damages whatsoever at trial.  First, Plaintiffs are not entitled to general damages (i.e., emotional distress damages) as a matter of law.  Since the last jury trial, the U.S. Supreme Court has held that such damages are not available as a remedy for a private right of action under the Rehabilitation Act, *Cummings v. Premier Rehab Keller*, 142 S. Ct. 1562, 1576 (2022), and Title II of the ADA, 42 U.S.C. section 12133 explicitly provides that the remedies it authorizes are the same as those under the Rehabilitation Act.  *See infra* Section IV.A.

Second, Plaintiffs are not entitled to any economic, i.e., out-of-pocket damages, because the record does not support them.  First, in the prior trial on damages on June 18-20, 2019, Plaintiffs did not even ask the jury to award economic damages.  *See infra* Section IV.B.1.  Second, in that prior trial, Plaintiffs introduced no testimony or evidence supporting any specific monetary amounts as economic damages.  *See infra* Section IV.B.2.  Finally, the evidence confirms that any monetary damages claimed by Plaintiffs are speculative as a matter of law, such as asking to be compensated for careers Plaintiffs "might" choose to pursue at some time.  There is no expert economist designated by Plaintiffs nor any calculations submitted to support any type of lost income damages.  *See infra* Section IV.B.3.

This Court should grant this Motion, and thereby clarify that no damages are recoverable at trial, and then determine what further proceedings are warranted (e.g., a bench as opposed to jury trial).

## II. FACTUAL BACKGROUND

By this action, Plaintiffs Roy Payan and Portia Mason ("Plaintiffs"), joined by the National Federation for the Blind ("NFB") and the National Federation of the Blind California ("NFB-CA"), allege that the Los Angeles Community College District ("LACCD") violated Title II of the Americans with Disabilities Act ("ADA") by, among other things, having "inaccessible" (i.e., print and visual) educational materials and resources for blind students at Los Angeles City College ("LACC" or "College").  The allegations rest on encounters that Plaintiffs allege they had in some of their classes in 2016 and 2017 and which they contend impeded their studies as sight-impaired students at the College in a manner that violated Title II.

On March 2, 2017, Plaintiffs Payan and Mason, joined by the NFB and NFB-CA, filed suit against LACCD for disability discrimination, alleging LACCD deprived them of meaningful access to the College's programs and services by using print and visual instructional materials, using inaccessible educational technology, and failing to provide reasonable accommodations.

Plaintiffs filed three sets of motions for partial summary judgment, the last of which this Court granted in some respects, including determining that Payan had been denied meaningful access to the MyMathLab program in his math class.  The Court held a bench trial to decide the remaining issues of liability on May 20-21, 2019.  A jury decided the question of LACCD's intent (under a "deliberate indifference" standard), as a predicate to a damages award, on June 18-20, 2019.  The jury awarded $40,000 in general damages to Payan for liability relating to his math courses' materials, and awarded nothing to Mason.

On August 24, 2021, the Ninth Circuit Court of Appeals vacated the 2019

judgment and remanded the case for a new trial. On remand, this Court has ruled that discovery will not be re-opened, that all claims for relief will be tried to a jury, and that it will conduct proceedings as necessary after the trial (possibly with discovery) to determine what injunctive relief is appropriate.

### III. STANDARD FOR A MOTION FOR PARTIAL SUMMARY JUDGMENT

Under certain limited circumstances a district court may issue summary judgment on its own motion. *Portsmouth Square, Inc. v. Shareholders Protective Committee*, 770 F.2d 866, 869 (9th Cir. 1985). For example, "sua sponte summary judgment is appropriate where one party moves for summary judgment and, after the hearing, it appears from all the evidence presented that there is no genuine issue of material fact and the non-moving party is entitled to judgment as a matter of law." Portsmouth Square, 770 F.2d at 869 (citing *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir.1982)). The Court also has authority to grant summary judgment sua sponte in the context of a final pretrial conference. *Id*; *Common Cause Southern Christian Leadership Conference of Greater Los Angeles v. Jones*, 213 F. Supp. 2d 1110 (C.D. Cal. 2002). If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law, a summary disposition of the case conserves scarce judicial resources and the court need not await a formal motion, or proceed to trial, under those circumstances. *Id.*

Here, the Court held a pretrial conference on May 15, 2023 and determined that (1) several instances of alleged discrimination may not have sufficient evidentiary support to meet the applicable "deliberate indifference" standard and (2) Plaintiffs may lack sufficient evidentiary support for a jury to find that reasonable modifications exist to alleviate alleged denials of meaningful access to the library. As to these issues, the Court has the right to issue summary judgment in favor of Defendants. The Court gave Plaintiffs until May 20, 2023 to submit

responsive briefing with respect to whether there are triable issues of fact regarding deliberate indifference as to the instances the Court identified, as well as the existence of reasonable modification.

The Court also permitted Defendants to file a summary judgment on the issue of damages. As set forth below, summary adjudication is proper as to the issues of (1) whether Plaintiffs are entitled to non-monetary damages as a matter of law and (2) whether Plaintiffs have raised any triable issue that they suffered actual damages.

## IV. DISCUSSION

### A. PARTIAL SUMMARY JUDGMENT IS WARRANTED AS TO THE CLAIMS FOR GENERAL DAMAGES, WHICH THE U.S. SUPREME COURT HAS RULED ARE UNAVAILABLE UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT

General damages (i.e., emotional distress damages) are not available under Title II of the Americans with Disabilities Act ("ADA"). The U.S. Supreme Court has recently held that such damages are not available as a remedy for a private right of action under the Rehabilitation Act, *Cummings v. Premier Rehab Keller*, 142 S. Ct. 1562, 1576 (2022), and Title II of the ADA explicitly provides that the remedies it authorizes are the same as those under the Rehabilitation Act. 42 U.S.C. § 12133.

Subsequent case law has recognized that the *Premier Rehab* decision precludes general damages in Title II claims under the ADA. *Faller v. Two Bridges Reg'l Jail*, No. 2:21-CV-00063-GZS, 2022 WL 17260763, at *1 (D. Me. Nov. 2, 2022) ("Given this language, the Court concludes that Plaintiff cannot pursue a remedy on her ADA claim that is not available under Rehabilitation Act. Thus, she is foreclosed from recovering damages for emotional distress on both claims proceeding to trial in this matter."); *Pennington v. Flora Cmty. Unit Sch. Dist. No. 35*, No. 3:20-CV-11-MAB, 2023 WL 348320, at *2 (S.D. Ill. Jan. 20, 2023)

("Because Title II of the ADA incorporates the remedies set forth in the Rehab Act . . . it therefore follows that emotional distress damages are also not available in suits brought under the ADA."); *Gillette v. State of Oregon*, No. 3:20-CV-00513-IM, 2022 WL 2819057, at *7 (D. Or. July 19, 2022) ("The Supreme Court recently held that damages for emotional distress are not recoverable under the Rehabilitation Act, and therefore likely also under the ADA. Compensatory damages and injunctive relief remain available. Though this issue is not squarely before this Court, the Court notes that Plaintiff may no longer recover for emotional damages on these claims.") (citing authority); *Kovatseno v. Kentucky Community and Technical College*, No. CV 5:23-066-DCR, 2023 WL 3346108, at *4 (E.D. Ky. May 10, 2023) (holding that because of the Supreme Court's recent ruling, "emotional distress damages are unavailable under Title II of the ADA.").

In another recent decision, the United States District Court for the District of Columbia provided its reasoning as follows:

> Although the statutes allegedly violated in *Cummings* were the Rehabilitation Act and the Patient Protection and Affordable Care Act [citation], the Supreme Court's reasoning applies to other statutes as well, [citation]. As mentioned above, Title II of the ADA incorporates the "remedies, procedures, and rights set forth in" the Rehabilitation Act, 42 U.S.C. § 12133; hence, if a certain category of damages is not available under Section 504, it is not available under Title II either. To survive the District's summary judgment motion, then, Montgomery must be able to identify damages he suffered as a result of the District's alleged discrimination, and those damages must also fit within categories of damages that would be traditionally recoverable in a breach of contract case.

*Montgomery v. D.C.*, No. CV 18-1928 (JDB), 2022 WL 1618741, at *24 (D.D.C.

May 23, 2022) (internal citations omitted).

Plaintiffs argue that *Premier Rehab* is distinguishable because Congress passed the Rehabilitation Act under the Spending Clause, whereas Title II was passed under the Fourteenth Amendment and the power to regulate commerce. (See [Proposed] Joint Jury Instructions; Plaintiffs' Jury Instructions; Defendant's Jury Instructions; Verdict Sheet [Docket No. 526] ["Proposed Instructions], at 59-60.)  The distinction lacks relevance, however, because Title II by its plain terms authorizes the remedies of the Rehabilitation Act.  *See* 42 U.S.C. 12133.  Plaintiffs suggest that if Congress had been aware of how the Supreme Court would interpret the Rehabilitation Act, Congress would not have made this choice for Title II [Proposed Instructions, at 60], but this argument for basically an implied right lacks support – Plaintiffs cite no legislative history documents specifically supporting availability of emotional distress damages under Title II (*id.*), and they would in any event be contradicted by Title II's plain language.  The holdings of the cases cited above moreover contradict this argument.

In their jury instruction responses, Plaintiffs rely on the unpublished Title IX decision in *Asfall v. Los Angeles Unified Sch. Dist.*, 2022 WL 2764747 (9th Cir. July 15, 2022), for the unfounded contention that the District has waived reliance on *Premier Rehab*.  *Asfall* is distinguishable because there the defendant apparently presented the case authority not only after a verdict had been rendered, but after the appellate case had been submitted to the Ninth Circuit.  *See id.*, *4 ("Our general rule is that we will not consider issues raised for the first time on appeal," and "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (quoting authority).  Here, the District has timely raised *Premier Rehab* as part of objections to Jury Instructions.

If anyone has waived arguments based on *Premier Rehab*, it is Plaintiffs. The District cited the case in footnote 1 of its Proposed Jury Instructions on August 22, 2022, with a full explanation of the case's relevance and why the District was

not proposing an emotional distress damages instruction. (See Proposed Jury Instructions filed August 22, 2023 [Docket No. 441], at 2. n.1). When Plaintiffs filed their Objections to the District's instructions a full week later, Plaintiffs said absolutely nothing about *Premier Rehab*, and accordingly conceded the District's arguments. (See Plaintiffs' Objections to Proposed Jury Instructions [Docket No. 442], filed August 29, 2022.) This is not just failing to address a particular case or individual point supporting a contention, but ignoring a legal principle that precludes an entire type of damages. It was only when Plaintiffs asked to file a second set of instructions almost eight months later, May 2023, and improperly insisted on including "response" sections, that Plaintiffs raised their arguments concerning the case and general damages – Plaintiffs offer no reason their arguments could not have been raised earlier, and at the appropriate time.

### B. PARTIAL SUMMARY JUDGMENT IS WARRANTED AS TO THE CLAIMS FOR ACTUAL DAMAGES, BECAUSE THE RECORD SHOWS NO SUCH RECOVERABLE DAMAGES

#### 1. Plaintiffs Did Not Even Request Actual Damages in the First Trial

In June 2019, this Court conducted a three-day trial on the issue of "deliberate indifference," to ascertain Plaintiffs' entitlement to damages. In closing argument of that jury trial – a trial dedicated solely to the issue of entitlement to damages – Plaintiffs' counsel did not specifically request monetary damages. Instead, Plaintiffs' counsel requested only emotional distress damages. Plaintiffs' counsel Joseph Espo stated as follows:

> In the end, of course, what, if anything, you award to each plaintiff as damages is solely up to you, ladies and gentlemen of the jury, but I think it is incumbent upon me to make a recommendation. So I will do that humbly, but I will do it nonetheless. My suggestion is that $100,000 for each of the

plaintiffs is an appropriate sum to compensate them for the pain and suffering they have had to endure from the discrimination inflicted upon them by the Los Angeles Community College District.

(Defendant's Separate Statement of Undisputed Facts in Support of Its Motion for Partial Summary Judgment, filed concurrently herewith, Undisputed Fact Number ("UF No.") 1.)

Indeed, Plaintiffs' counsel did not require this Court even to instruct the jury on economic damages or how to determine them. This Court's jury instruction on measure of damages in the first trial read as follows (after some introductory remarks on damages):

> The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by defendant's violations. In determining the measure of damages, you should consider the mental or emotional pain and suffering experienced by the plaintiff.
>
> It is for you to determine what damages, if any, have been proved.

(UF No. 2.)

Economic damages was not even part of the first trial. Accordingly, based on the record as it exists now there is no evidence of economic damages, and the claim for damages accordingly is subject to partial summary judgment in favor of the District.

**2. Plaintiffs in the First Trial Presented No Evidence of Specific Monetary Amounts They Allegedly Lost Because of ADA Violations**

In addition, at the first trial on damages, the Plaintiffs presented no charts, calculations, receipts, invoices, or any other information detailing a specific amount of damages. This is true to the best of trial counsel's evaluation and recollection

and inspection of the record. (UF No. 3.) If this is for some reason not the case, Plaintiffs can so advise in their response to this Motion. The lack of evidence of monetary damages in the record supports partial summary judgment that such damages cannot be sought upon re-trial. *Portsmouth Square*, 770 F.2d at 869.

### 3. Any Actual Damages Supposedly Supported by Trial Testimony, or Even Plaintiffs' Deposition Testimony, Are Speculative

The evidence as it currently stands demonstrates that Plaintiffs' deposition and trial testimony relating to actual damages they suffered confirms that the claimed damages are too speculative and remote to support any entitlement for relief.

Plaintiffs' deposition testimony reveals that they rely entirely upon inadmissible speculation to support any claim for actual damages. For example, Payan claimed during his deposition that he suffered monetary damages as a result of the allegations in his complaint. (UF No. 4.) However, he explained that he was damaged because he "was not able to complete the courses during my tenure at East Los Angeles College, and to continue on, I did not enter the job market a lot sooner and I've – I've been unable to – to work at anything to earn a living." (UF No. 5.) In addition, Payan was asked about two of his job goals, criminal justice and rehabilitation services, and testified that he did not know the entry-level pay scale for rehabilitation services and that his job goals had changed from seeking work in criminal justice to rehabilitation services. (UF No. 6.) Payan could not recall any other "financial damage" he suffered. (UF No. 7.)

Mason testified in her deposition that she "would like to be a drug and rehab counselor" and that those positions can be found in "[e]ither outpatient or inpatient programs, rehab programs, both facilities." (UF No. 10.) Mason also testified she would decide on a career path "when it draws closer in time because I really do not know yet right now." (UF No. 11.) She further described some additional work

14

she would need to do in order to get work as a drug and rehab counselor. (Mason Deposition, 202:4-24, attached as Exhibit D to Appendix of Evidence filed concurrently herewith.) When asked in her deposition about out-of-pocket losses "as a result of attending L.A. Community College District campuses," Mason referenced the cost of one of her books for Professor Daniel's class and her registration fees. (UF No. 12.) But these were merely costs of attendance and Mason did not specify them as damages from a particular alleged Title II violation. (UF No. 13.) Nor for what it is worth does she specify these particular costs for the record. (UF No. 14.)[1]

The type of testimony supplied by both Payan and Mason cannot support a claim for economic damages. Lay witness opinions regarding Plaintiff's future damages unsupported by any personal knowledge is improper. Pursuant to Federal Rule of Evidence 701 ("Rule 701"), opinion testimony by a lay witness is limited to opinion that is rationally based on the witness's perception, helpful to clearly understanding the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of expert witness testimony. Fed. R. Evid. 701; see Fed. R. Evid. 702. Determining lost earning capacity and lost potential for professional opportunities – which is the sole basis for Plaintiffs' damages requests here -- goes well beyond common experience of lay witnesses and requires particular economic and job market knowledge. Calculating such future damages would require technical, specialized knowledge that falls within the scope of Rule 702, meaning lay witnesses are precluded from expressing such opinions. Fed. R. Evid. 701; *see Karum Holdings LLC v. Lowe's Cos., Inc.*, 895 F.3d 944, 948-49 (7th Cir. 2018) (plaintiffs' witnesses could not testify concerning damages model predicated on numerous

---

[1] Similarly, during the trial, Payan discussed hiring a tutor and having to pay for it out of pocket. (UF No. 8.) But he does not sufficiently tie the cost to any particular alleged violation of Title II and does not specify what the cost was. (UF No. 9.) This is also insufficient evidence of damage.

Defendant's Motion for Partial Summary Judgment re Damages

12032548.3 LO130-075

assumptions and projections because it would constitute improper lay opinion).

Courts have routinely rejected demands for future economic damages or loss of potential professional opportunities as too speculative, even where an expert testified as to such damages. In *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18 (2nd Cir. 1996), the Court held that where "lost future earnings are at issue, an expert's testimony should be excluded as speculative if it is based on unrealistic assumptions regarding the plaintiff's future employment prospects."

Courts have also recognized that claims of lost earnings or lost professional opportunities brought by students cannot be based upon mere layperson speculation and conjecture. In *Webster v. Rutgers-New Jersey Medical School*, 2017 WL 3399997, *6 (D. New Jersey 2017), the Court held that earning capacity damages claimed by a medical school student against the medical school for defamation were too speculative and that "a layperson who lacks the training, education, and expertise . . . may not offer his own testimony to satisfy his burden" of establishing damages. As the Court in *Colorado Seminary v. National Collegiate Athletic Ass'n*, 417 F. Supp. 885, 895 (D. Colo. 1976), explained, "the interest in future professional careers must nevertheless be considered speculative and not of constitutional dimensions."

In *Arendas v. N.C. High Sch, Athletic Ass'n*, 718 S.E.2d 198, 199-200 (N.C. App. 2011), two high school students contended that ineligibility to participate in high school athletics for one year caused possible harm in the form of lost scholarships, *lost job opportunities, and lost college prospects*." The Court held "these possibilities were all hypothetical [and speculative]." *See also Cain v. Esthetique*, 182 F.Supp.3d 54, 73 (S.D.N.Y. 2016) ("[W]hile the plaintiff might have expected to earn a profit as an esthetician upon completion of the [vocational school] program, that prospect is too speculative to justify the presumption of damages."); *Knapp v. Northwestern Univ.*, No. 95 C 6454, 1996 WL 495559 (N.D. Ill. August 28, 1996) (describing that "the possibility of obtaining [a] professional

basketball career is too speculative" to establish an economic interest that the court could act to protect).

Plaintiffs lay testimony without any foundation or factual support is too speculative to support recovery.

## V. CONCLUSION

This Court is right to allow inquiry into the issue of damages for trial. Should Plaintiffs now seek to present evidence of specific dollar amounts for alleged monetary damages, this would prejudice the District, which has had no opportunity to take discovery on or further evaluate such alleged damages. Moreover, without any damages at issue, this will be essentially an injunctive relief trial in equity, and this Court will need to consider whether a jury trial is necessary or appropriate. For all the foregoing reasons, the District respectfully requests that this Motion be granted.

Dated: May 17, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: */s/ David A. Urban*
   Mark H. Meyerhoff
   David A. Urban
   Richard Daniel Seitz
   Attorneys for Defendant LOS ANGELES COMMUNITY COLLEGE DISTRICT

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Los Angeles Community College District, certifies that this brief contains 3,636 words, which complies with work limit of L.R. 11-6.1

Dated: May 17, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: */s/ David A. Urban*
Mark H. Meyerhoff
David A. Urban
Richard Daniel Seitz
Attorneys for Defendant LOS ANGELES COMMUNITY COLLEGE DISTRICT