1  Mark H. Meyerhoff, Bar No. 180414
   mmeyerhoff@lcwlegal.com
2  David A. Urban, Bar No. 159633
   durban@lcwlegal.com
3  Richard Daniel Seitz, Bar No. 334028
   dseitz@lcwlegal.com
4  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
5  6033 West Century Boulevard, 5th Floor
   Los Angeles, California 90045
6  Telephone:  310.981.2000
   Facsimile:   310.337.0837
7
   Attorneys for Defendant LOS ANGELES COMMUNITY
8  COLLEGE DISTRICT

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12  ROY PAYAN, et al.,                    Case No.:  2:17-cv-01697 SVW(SKx)

13                    Plaintiffs,          **DEFENDANT'S APPENDIX OF
                                           EVIDENTIARY SUPPORT IN**
14          v.                             **SUPPORT OF ITS MOTION FOR
                                           PARTIAL SUMMARY JUDGMENT**
15  LOS ANGELES COMMUNITY                  **RE DAMAGES**
    COLLEGE DISTRICT,
16                                         Location: Department 10A
                    Defendant.            Date: May 22, 2023
17                                         Time: 3:00 p.m.

18                                         Action Filed:     April 9, 2023
                                           Trial Date:       May 23, 2023
19

20          **TO THE COURT, PLAINTIFF AND TO HIS ATTORNEYS OF**

21  **RECORD;**

22          **PLEASE TAKE NOTICE** that Defendant Los Angeles Community College

23  District (the "District") hereby submits its Appendix of Evidence in Support of its

24  Motion for Partial Summary Judgment re Damages.  Defendant respectively

25  requests that the Court consider the following evidence referenced in Defendant's

26  Separate Statement of Undisputed Facts and filed concurrently herewith:

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12032569.1 LO130-075                            Defendant's Appendix of Evidentiary Support

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## DECLARATIONS

Exhibit 1 – Declaration of Yvette Davis

Exhibit 2 – Declaration of Bruce Cleeland

## EXHIBITS

| Exhibit No. | Description |
|---|---|
| A. | Excerpts from the June 18, 2019 Jury Trial, Volume I. |
| B. | Excerpts from the June 20, 2019 Jury Trial, Volume III. |
| C. | Excerpts from the September 8, 2017, Roy Payan Deposition Vol. 1. |
| D. | Excerpts from the October 11, 2017, Portia Mason Deposition. |

Dated:  May 17, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By:   */s/ David A. Urban*

Mark H. Meyerhoff
David A. Urban
Richard Daniel Seitz
Attorneys for Defendant LOS
ANGELES COMMUNITY
COLLEGE DISTRICT

12032569.1 LO130-075

Defendant's Appendix of Evidentiary Support

2

**EXHIBIT 1**

Mark H. Meyerhoff, Bar No. 180414
mmeyerhoff@lcwlegal.com
David A. Urban, Bar No. 159633
durban@lcwlegal.com
La Rita R. Turner, Bar No. 320737
lturner@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:  310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendant LOS ANGELES COMMUNITY
COLLEGE DISTRICT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, et al., | Case No.:  2:17-cv-01697 SVW(SKx) |
| Plaintiffs, | **DECLARATION OF YVETTE DAVIS IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES** |
| v. | |
| LOS ANGELES COMMUNITY COLLEGE DISTRICT, | Location: Department 10A<br>Date: May 22, 2023<br>Time: 3:00 p.m. |
| Defendant. | Action Filed:      March 2, 2017<br>Trial Date:         May 23, 2023 |

## DECLARATION OF YVETTE DAVIS

1, Yvette Davis, declare and state as follows:

1.      I am an attorney with Haight Brown & Bonesteel, LLP, counsel of record for Defendant Los Angeles Community College District in this matter.  I am a member in good standing with the State Bar of California.  I sat second chair with lead trial counsel at the first jury trial that took place in this matter on June 18, 19, and 20, 2019.  I have personal knowledge of the facts set forth herein and am familiar with the papers and files in this matter.  If called upon to testify to the

*(left margin, vertical text)* LIEBERT CASSIDY WHITMORE / A Professional Law Corporation / 6033 West Century Boulevard, 5th Floor / Los Angeles, California 90045

1

1  same, I could and would so testify.

2      2.      Attached hereto as **Exhibit A** are true and correct copies of excerpts of

3  the transcript of the jury trial in this matter from June 18, 2019.

4      3.      Attached hereto as **Exhibit B** are true and correct copies of excerpts of

5  the transcript of the jury trial in this matter from June 20, 2019.

6      4.      At the jury first trial on damages, from June 18-20, 2019, Plaintiffs

7  presented no charts, calculations, receipts, invoices, or any other information

8  detailing a specific amount of damages.  This is true to the best of my recollection

9  and based of my familiarity with the record.  At no time during trial, did Plaintiffs

10  present evidence of a specific amount of out-of-pocket damages they sought.

11      I declare under penalty of perjury under the laws of the State of California

12  that the foregoing is true and correct.

13      Executed this 17th day of May, 2023, at Los Angeles, California.

14

15                              _/s/ Yvette Davis_
                               Yvette Davis
16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

2

Declaration of Yvette Davis in Support of Defendant's Motion for Partial Summary Judgment re Damages

LA42-0000025
14564917.1

12042258.2 LO130-075                    EXHIBIT 1-2                                  5

**EXHIBIT 2**

Mark H. Meyerhoff, Bar No. 180414
mmeyerhoff@lcwlegal.com
David A. Urban, Bar No. 159633
durban@lcwlegal.com
La Rita R. Turner, Bar No. 320737
lturner@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:  310.981.2000
Facsimile:  310.337.0837

Attorneys for Defendant LOS ANGELES COMMUNITY
COLLEGE DISTRICT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROY PAYAN, et al., | Case No.:  2:17-cv-01697 SVW(SKx) |
| Plaintiffs, | **DECLARATION OF BRUCE CLEELAND IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES** |
| v. | |
| LOS ANGELES COMMUNITY COLLEGE DISTRICT, | Location: Department 10A<br>Date: May 22, 2023<br>Time: 3:00 p.m. |
| Defendant. | |
| | Action Filed:     March 2, 2017<br>Trial Date:        May 23, 2023 |

**DECLARATION OF BRUCE CLEELAND**

1, Bruce Cleeland, declare and state as follows:

1.     I am an attorney licensed to practice law before the state and federal courts in the State of California.  I am a partner with Haight Brown & Bonesteel, LLP, counsel of record for Defendant Los Angeles Community College District (the "District") in this matter.  I am one of the attorneys primarily responsible for this case and was trial counsel at the first jury trial of this matter.  I have personal knowledge of the facts set forth herein and am familiar with the papers and files in

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    this matter.  If called upon to testify to the same, I could and would so testify.

2         2.      True and correct copies of excerpts of the Deposition of Roy Payan

3    taken in this case on September 8, 2017 are attached hereto as Exhibit C.  I

4    conducted this deposition on behalf of the District.

5         3.      True and correct copies of excerpts of the Deposition of Portia Mason

6    taken in this case on October 11, 2017 are attached as Exhibit D.  I also conducted

7    this deposition on behalf of the District.

8         I declare under penalty of perjury under the laws of the State of California

9    that the foregoing is true and correct.

10        Executed this 17th day of May, 2023, at Los Angeles, California.

11

12                                    */s/ Bruce Cleeland*
                                     Bruce Cleeland
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

2

**EXHIBIT A**

1                          UNITED STATES DISTRICT COURT

2               CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3               HONORABLE STEPHEN V. WILSON, U.S. DISTRICT JUDGE

4

5

6   ROY PAYAN, et al.,                    )
                                          )
            Plaintiffs,                   )
7                                         )
                    vs.                   )
8                                         )   2:17-CV-1697-SVW
    LOS ANGELES COMMUNITY COLLEGE         )
9   DISTRICT, et al.,                     )
                                          )
10          Defendants.                   )
    _____

11

12

13               REPORTER'S TRANSCRIPT OF PROCEEDINGS

14                      JURY TRIAL VOLUME I

15                    Los Angeles, California

16                   Tuesday, June 18, 2019

17

18

19          _____

20

21

22

23                   AMY DIAZ, RPR, CRR, FCRR
                     Federal Official Reporter
24                   350 West 1st Street, #4455
                     Los Angeles, CA 90012

25

        Please order court transcripts here:  www.amydiazfedreporter.com

```
 1       APPEARANCES OF COUNSEL:

 2
         For the Plaintiffs:
 3

 4                       BROWN GOLDSTEIN & LEVY LLP
                         By:  Jean Zachariasiewicz, Attorney at
 5                            Joseph Espo, Attorney at Law
                         120 East Baltimore Street, Suite 1700
 6                       Baltimore, Maryland 21202

 7                       BARBOSA GROUP
                         By:  Patricia Barbosa, Attorney at Law
 8                       8092 Warner Avenue
                         Huntington Beach, California 92647
 9

10

11       For Defendants:

12                       HAIGHT BROWN & BONESTEEL LLP
                         By:  Richard Morton, Attorney at Law
13                            Bruce Cleeland, Attorney at Law
                              Yvette Davis, Attorney at Law
14                       2050 Main Street, Suite 600
                         Irvine, California 92614
15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT A-2

PAYAN - CROSS

1      tutor and have a tutor assist me in doing some homework, or I
2      had to hire a personal tutor out of my own pocket to try to
3      help me or get my in-home support services worker to try to
4      help me.
5       Q. What is an in-home support services worker?
6       A. It's a worker provided by the county to assist me in the
7      home to read my mail, take me to the market, my doctor and
8      other appointments.
9       Q. And was it your usual practice to have your in-home
10     support services worker assist you with doing your homework?
11      A. It was not.  It just -- I didn't have many other options.
12      Q. And is it your usual practice to need the assistance of a
13     sighted person in order to do your homework?
14      A. Um, no, most of my other classes I don't need the
15     assistance of a sight person.  My JAWS screen software will
16     read it and I can pretty much do it on my own.
17             MS. ZACHARIASIEWICZ: Thank you.  No further
18     questions, Your Honor.
19             THE COURT:  Cross-examination?
20             MR. MORTON: Thank you, Your Honor.
21                         CROSS-EXAMINATION
22     BY MR. MORTON:
23      Q. Good afternoon, Mr. Payan.
24      A. Good afternoon, sir.  Your name?
25      Q. Richard Morton.  We spoke a couple of weeks ago.

EXHIBIT A-3

PAYAN - CROSS

1    A. Right.

2    Q. How are you?

3    A. I'm doing fine, thank you.

4    Q. Good.  Just a minute ago you were talking about Professor

5    Khatoonabadi, and in the discussions that you had with the

6    professor, you were discussing with the professor some

7    homework, and were told by the professor that some of the

8    homework would be online; is that right?

9         MS. ZACHARIASIEWICZ: Objection, Your Honor,

10   misstates the witness' testimony.

11        THE COURT:  What was the question? I don't know if

12   he can answer -- he can answer that wasn't what he said.  I

13   don't know the answer to the question.

14        THE WITNESS:  That's not what I said, no.

15        THE COURT:  Then he's answered.

16   Q. Did, in the conversations you had with the professor, did

17   you tell the professor that you had sued LACC because of this

18   type of issue?

19   A. No.  I told her that there was an issue with that

20   software, and that we were in the process of mounting a legal

21   challenge against it.

22   Q. This was in 2018, correct?

23   A. Yes.

24   Q. When did you file the lawsuit?

25   A. We started in 2016 against My Math Lab.

EXHIBIT A-4

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROY PAYAN, PORTIA MASON, THE

NATIONAL FEDERATION OF THE BLIND,

INC., and THE NATIONAL FEDERATION

OF THE BLIND OF CALIFORNIA, INC.,

Plaintiffs,

vs.                         No. 2:17-cv-01697-SVW(SKx)

LOS ANGELES COMMUNITY COLLEGE

DISTRICT, DR. FRANCISCO C.

RODRIGUEZ in his official capacity

as chancellor of the Los Angeles

Community College District, and

Does 1 through 10, Inclusive

Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DEPOSITION OF

PORTIA MASON

October 11, 2017

9:44 a.m.

633 West Fifth Street, 50th Floor

Los Angeles, California

Maria A. Hasakian, CSR No. 8469



```
 1    APPEARANCES:

 2

 3    For the Plaintiff:

 4         BROWN GOLDSTEIN LEVY
           JOSEPH B. ESPO, ESQ.
 5         120 East Baltimore Street, Suite 1700
           Baltimore, Maryland 21202
 6         410.962.1030x1312

 7         **and**

 8         BARBOSA GROUP
           PATRICIA BARBOSA, ESQ.
 9         8092 Warner Avenue
           Huntington Beach, California 92647
10         714.465.9486
           (Not Present)
11
      For the Defendants:
12
           HAIGHT BROWN & BONESTEEL, LLP
13         BRUCE CLEELAND, ESQ.
           2050 Main Street, Suite 600
14         Irvine, California 92614
           714.426.4600
15

16

17

18

19

20

21

22

23

24

25
```



```
 1                              INDEX

 2    WITNESS:

 3    PORTIA MASON
      Volume I
 4

 5    EXAMINATION                                      PAGE

 6    BY MR. CLEELAND                                     5

 7

 8

 9

10

11                   INFORMATION REQUESTED

12                        (None)

13

14

15

16

17

18           WITNESS INSTRUCTED NOT TO ANSWER

19                        (None)

20

21

22

23

24

25
```

1    Q.    And what job are you looking for?

2    A.    I would like to be a drug and rehab

3    counselor.

4    Q.    And do you know who employs drug and rehab

5    counselors?

6    A.    Either outpatient or inpatient programs,

7    rehab programs, both facilities.

8    Q.    Are you talking about private or --

9    A.    Either private --

10    Q.    -- governmental?

11    A.    -- sector or state levels.  It just depends

12    on where you're going.

13    Q.    Do you know what you're interested in right

14    now?

15    A.    I'm -- I'm looking at all of it and then

16    I'll determine that when it draws closer to the time

17    because I really do not know yet right now.

18    Q.    Thank you.

19          And do you know what the requirements are

20    for any of these categories we've talked about?

21    A.    For someone who is looking at becoming a

22    drug and rehab counselor and really you must have

23    some experience in recovery.  They really don't want

24    somebody outside of that to be in -- be a counselor.

25    They want someone that has the experience because it

ESQUIRE
DEPOSITION SOLUTIONS

800.211.DEPO (3376)
EsquireSolutions.com

1    does help.  It -- it does help when you're dealing

2    with people that are coming into the program and

3    need some assistance.

4        Q.   How about educational requirements?  Do you

5    know what these different positions look for in an

6    employee?

7        A.   They look for either a certificate or -- or

8    a degree.

9        Q.   Right.

10       A.   Whichever one.

11       Q.   And you're talking about getting a degree;

12   right?

13       A.   I'm just basically -- right now I just want

14   to get my certificate and then I will work on my

15   degree after I finish that.

16       Q.   Right.

17            So are you talking about, in your plan, in

18   the great scheme of things, working as a counselor

19   during the time you're attending a four-year

20   institution?

21       A.   Yes.  Unless, if I can't find a job, then I

22   will continue on going to school.  Either way, I

23   will continue on working on my degree until I

24   complete that.

25       Q.   Paragraph 116, at line 18, it states:  You



 1  will not be graduated and enter the job market on

 2  time.

 3          The on time we really didn't have a time

 4  frame for you getting a four-year degree or starting

 5  employment.  Is that a correct statement?

 6      A.   That's correct.

 7           I'm sorry.  Go ahead.

 8           MR. ESPO:  Objection.

 9           Go ahead.

10           THE WITNESS:  That's -- that's correct.

11  Yes.

12  BY MR. CLEELAND:

13      Q.   And then it states:

14           "With the credentials they could

15           have earned had they been given an

16           equal opportunity."

17           Have we talked about the credential you

18  were talking about or credentials?

19      A.   Yes, that's what we're speaking about.

20      Q.   Right.

21           And that's the?

22      A.   Certificate.

23      Q.   Right.

24           Any other credential you were talking

25  about?

1    A.   Not at this point in time.

2    Q.   Have you suffered any out-of-pocket

3  expenses as a result of attending L.A. Community

4  College District campuses?  Had to pay any money for

5  anything?

6    A.   No.

7         MR. ESPO:  Other than what she's already

8  testified to?

9         MR. CLEELAND:  Well, she said she didn't

10  get the money from another source at a particular

11  time and she bought a book.  That's the only thing

12  I've heard about.

13         MR. ESPO:  She -- I don't -- she said

14  something about a registration.

15         MR. CLEELAND:  She said registration fee.

16  She didn't say she paid them.

17         THE WITNESS:  So I--

18  BY MR. CLEELAND:

19    Q.   So now is the time to talk about out of

20  pocket, what you paid.

21    A.   There was no other out-of-pocket expenses

22  other than the registration and the book.  That's

23  it.

24    Q.   Okay.  The one book which was for Professor

25  Daniel?



PORTIA MASON                                      October 11, 2017
PAYAN vs LOS ANGELES COMMUNITY COLLEGE                        205

1        A.    That was the handbook.

2        Q.    Right.

3              And the registration fees that you couldn't

4    remember; right?

5        A.    Exactly.

6        Q.    And how many times did you pay the

7    registration fee or fees?

8        A.    Every semester.

9        Q.    And were you ever reimbursed for that?

10       A.    Not --

11             MR. ESPO:  Objection.  Relevance.

12             But go ahead.

13             THE WITNESS:  Oh, I'm sorry.

14             MR. CLEELAND:  The relevance is damages

15   but...

16             MR. ESPO:  Well, I -- I don't -- I don't

17   know.  It might be a collateral source.

18             But she can answer obviously.

19             THE WITNESS:  No.

20   BY MR. CLEELAND:

21       Q.    Okay.  Have you had to seek any care or

22   treatment because of your humiliation?

23       A.    No.

24       Q.    Have you had to seek any care or treatment

25   because of any discrimination you faced?

```
 1                    REPORTER'S CERTIFICATION

 2

 3        I, Maria A. Hasakian, a Certified Shorthand

 4   Reporter in and for the State of California, do

 5   hereby certify:

 6

 7        That the foregoing witness was by me duly

 8   sworn; that the deposition was then taken before me

 9   at the time and place herein set forth; that the

10   testimony and proceedings were reported

11   stenographically by me and later transcribed into

12   typewriting under my direction; that the foregoing

13   is a true record of the testimony and proceedings

14   taken at that time.

15

16        That  before the conclusion of the deposition,

17   the witness has requested a review of this

18   transcript pursuant to Rule 30(e)(1).

19

20        IN WITNESS WHEREOF, I have subscribed my name

21   this 16th day of October, 2017.

22

23

24   _____

25        Maria A. Hasakian, CSR No. 8469
```

1              DEPOSITION ERRATA SHEET

2

3

4    Our Assignment No.  JO667968

5    Case Caption: ROY PAYAN, PORTIA MASON, et al, vs.

6    LOS ANGELES COMMUNITY COLLEGE DISTRICT, et al,

7

8        DECLARATION UNDER PENALTY OF PERJURY

9           I declare under penalty of perjury

10   that I have read the entire transcript of

11   my Deposition taken in the above captioned matter

12   or the same has been read to me, and

13   the same is true and accurate, save and

14   except for changes and/or corrections, if

15   any, as indicated by me on the DEPOSITION

16   ERRATA SHEET hereof, with the understanding

17   that I offer these changes as if still under

18   oath.

19       Signed on the _____ day of

20   _____, 2017,

21

22   _____

23       PORTIA MASON

24

25

EXHIBIT A-14                                              23

```
 1                    DEPOSITION ERRATA SHEET

 2    Page No._____Line No._____Change
      to:_____
 3    _____

 4    Reason for change:
      _____
 5    Page No._____Line No._____Change
      to:_____
 6    _____

 7    Reason for change:
      _____
 8    Page No._____Line No._____Change
      to:_____
 9    _____

10    Reason for change:
      _____
11    Page No._____Line No._____Change
      to:_____
12    _____

13    Reason for change:
      _____
14    Page No._____Line No._____Change
      to:_____
15    _____

16    Reason for change:
      _____
17    Page No._____Line No._____Change
      to:_____
18    _____

19    Reason for change:
      _____
20    Page No._____Line No._____Change
      to:_____
21    _____

22    Reason for change:
      _____
23

24    SIGNATURE:_____DATE_____

25              PORTIA MASON
```



PORTIA MASON                                          October 11, 2017
PAYAN vs LOS ANGELES COMMUNITY COLLEGE                             227

```
 1                    DEPOSITION ERRATA SHEET

 2    Page No._____Line No._____Change
      to:_____
 3    _____

 4    Reason for change:
      _____
 5    Page No._____Line No._____Change
      to:_____
 6    _____

 7    Reason for change:
      _____
 8    Page No._____Line No._____Change
      to:_____
 9    _____

10    Reason for change:
      _____
11    Page No._____Line No._____Change
      to:_____
12    _____

13    Reason for change:
      _____
14    Page No._____Line No._____Change
      to:_____
15    _____

16    Reason for change:
      _____
17    Page No._____Line No._____Change
      to:_____
18    _____

19    Reason for change:
      _____
20    Page No._____Line No._____Change
      to:_____
21    _____

22    Reason for change:

23    _____

24    SIGNATURE:_____DATE_____

25            PORTIA MASON
```



```
 1    just stand by.
 2                MS. DAVIS: I can reference the document numbers that
 3    might assist the Court in finding.  So it's document number
 4    224, which are the original designations and our
 5    counter-designations. Also, 274 are plaintiffs' supplemental
 6    designations.  And document number 292 are defendant's
 7    objections to those supplemental.
 8                THE COURT:  Okay.
 9                (Thereupon, the Court was in recess.)
10                     *****     *****     *****
11
12    I certify that the foregoing is a correct transcript from the
13    record of proceedings in the above-titled matter.
14
15
16
17    ---------------------------
18
19    Amy C. Diaz, RPR, CRR              November 1, 2019
20    S/  Amy Diaz
21
22     ROY PAYAN                                          66
23     DIRECT EXAMINATION                                 66
24     BY MS. ZACHARIASIEWICZ
25     CROSS-EXAMINATION                                  111
```

1    BY MR. MORTON

2    PORTIA MASON                                          134

3    DIRECT EXAMINATION                                    134

4    BY MS. BARBOSA

5    CROSS-EXAMINATION                                     152

6    BY MR. MORTON

7    REDIRECT-EXAMINATION                                  173

8    BY MS. BARBOSA

9    RECROSS-EXAMINATION                                   174

10   BY MR. MORTON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT A-18

**EXHIBIT B**

1                    UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3             HONORABLE STEPHEN V. WILSON, U.S. DISTRICT JUDGE

4

5

6    ROY PAYAN, et al.,                )
                                       )
7              Plaintiffs,             )
                                       )
8                   vs.                )
                                       )   2:17-CV-1697-SVW
     LOS ANGELES COMMUNITY COLLEGE     )
9    DISTRICT, et al.,                 )
                                       )
10             Defendants.             )
     _____  )

11

12

13              REPORTER'S TRANSCRIPT OF PROCEEDINGS

14                    JURY TRIAL VOLUME III

15                   Los Angeles, California

16                  Thursday, June 20, 2019

17

18

19          _____

20

21

22

23              AMY DIAZ, RPR, CRR, FCRR
                Federal Official Reporter
                350 West 1st Street, #4455
24              Los Angeles, CA 90012

25

       *Please order court transcripts here:  www.amydiazfedreporter.com*

```
 1        APPEARANCES OF COUNSEL:

 2
          For the Plaintiffs:
 3

 4                        BROWN GOLDSTEIN & LEVY LLP
                          By:  Jean Zachariasiewicz, Attorney at
 5                             Joseph Espo, Attorney at Law
                          120 East Baltimore Street, Suite 1700
 6                        Baltimore, Maryland 21202

 7                        BARBOSA GROUP
                          By:  Patricia Barbosa, Attorney at Law
 8                        8092 Warner Avenue
                          Huntington Beach, California 92647
 9

10        For Defendants:

11                        HAIGHT BROWN & BONESTEEL LLP
                          By:  Richard Morton, Attorney at Law
12                             Bruce Cleeland, Attorney at Law
                               Yvette Davis, Attorney at Law
13                        2050 Main Street, Suite 600
                          Irvine, California 92614
14

15

16

17

18

19

20

21

22

23

24

25
```

1    violations were committed intentionally or with deliberate

2    indifference.  This circumstantial evidence is not to be

3    considered in terms of whether the defendant violated the law

4    in ways other than the four violations I have explained to

5    you.

6         If you find that defendant violated the law, either

7    intentionally or with deliberate indifference in any of the

8    ways I have previously told you, you may award damages to

9    either or both plaintiffs.

10        It is the duty of the Court to instruct you about

11   the measure of damages.  By instructing you on damages, the

12   Court does not mean to suggestion for which party your

13   verdict should be rendered.

14        The plaintiff has the burden of proving damages by a

15   preponderance of the evidence.  Damages means the amount of

16   money that will reasonably and fairly compensate the

17   plaintiff for any injury you find was caused by defendant's

18   violations.  In determining the measure of damages, you

19   should consider the mental or emotional pain and suffering

20   experienced by the plaintiff.  It is for you to determine

21   what damages, if any, have been proved.

22        Your award must be based upon evidence and not upon

23   speculation, guesswork or conjecture.  You should only

24   consider the damages of the individual plaintiffs, Payan and

25   Mason, in making your determination.

EXHIBIT B-3

1    District.  As I said, Mr. Payan went to school, not looking

2    for a handout, but looking for the education he would get.

3    And he held up.  He held up the end -- his end of the

4    bargain.  He did everything that was asked of him.  It was

5    the college district that failed.  And instead of

6    opportunity, Mr. Payan was treated like a second class

7    citizen.  His math professors assumed he couldn't perform.

8    His counselor wouldn't give him documents that he could read.

9    His math professors persisted in the use of inaccessible

10    software, and he had to rely on others to use the student

11    information system. This may seem like a small thing, but it

12    is discrimination, and discrimination stings.

13         Ms. Mason has different specifics, but the same

14    general issue.  She was the victim of discrimination, and

15    that discrimination stings even though she may have already

16    had other issues in her life.

17         In the end, of course, what, if anything, you award

18    to each plaintiff as damages is solely up to you, ladies and

19    gentlemen of the jury, but I think it is incumbent upon me to

20    make a recommendation.  So I will do that humbly, but I will

21    do it nonetheless.  My suggestion is that $100,000 for each

22    of the plaintiffs is an appropriate sum to compensate them

23    for the pain and suffering they have had to endure from the

24    discrimination inflicted upon them by the Los Angeles

25    Community College District.

EXHIBIT B-4

1                    THE COURT:  Okay.  Thank you.

2                    MR. ESPO: Thank you, Your Honor.

3                          *****     *****     *****

4

5    I certify that the foregoing is a correct transcript from the

6    record of proceedings in the above-titled matter.

7

8

9

10    --------------------------

11

12    Amy C. Diaz, RPR, CRR            November 13, 2019

13    S/  Amy Diaz

14

15     CONTINUED DIRECT EXAMINATION                      359

16     BY MR. MORTON

17     Exhibit Number 69                                 362

18     Exhibit Number 70                                 363

19     Exhibit Number 76                                 368

20     Exhibit Number 264                                373

21     CROSS-EXAMINATION                                 380

22     BY MS. BARBOSA

23     RYAN KUSHNER                                      388

24     DIRECT EXAMINATION                                388

25     BY MR. MORTON

EXHIBIT B-5

| 1  | CROSS-EXAMINATION              | 398 |
| 2  | BY MS. ZACHARIASIEWICZ         |     |
| 3  | Exhibit Number 26             | 408 |
| 4  | BARBARA VASQUEZ               | 412 |
| 5  | DIRECT EXAMINATION            | 413 |
| 6  | BY MR. MORTON                 |     |
| 7  | CROSS-EXAMINATION             | 420 |
| 8  | BY MR. ESPO                   |     |
| 9  | KELVIN LUONG                  | 426 |
| 10 | DIRECT EXAMINATION.           | 426 |
| 11 | BY MR. MORTON                 |     |
| 12 | Exhibit Number 143           | 431 |
| 13 | Exhibit Number 138           | 432 |
| 14 | Exhibit Number 141           | 434 |
| 15 | CROSS-EXAMINATION             | 439 |
| 16 | BY MR. ESPO                   |     |
| 17 | DONNA MORLEY                  | 446 |
| 18 | DIRECT EXAMINATION            | 446 |
| 19 | BY MR. MORTON                 |     |
| 20 | CROSS-EXAMINATION             | 453 |
| 21 | BY MS. ZACHARIASIEWICZ        |     |
| 22 | MICHAEL BILZ                  | 456 |
| 23 | DIRECT EXAMINATION            | 456 |
| 24 | BY MR. MORTON                 |     |
| 25 | CROSS-EXAMINATION             | 461 |

1     BY MR. ESPO

2     Exhibit Numbers 2A, 2B and 9                                465

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**EXHIBIT C**

COPY

# In the Matter Of:

## PAYAN vs LA COMMUNITY COLLEGE

2:17-cv-01697-SVW(SKx)

## ROY PAYAN

*September 08, 2017*

*VOL.I*



800.211.DEPO (3376)
EsquireSolutions.com

EXHIBIT 0

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROY PAYAN, PORTIA MASON, THE

NATIONAL FEDERATION OF THE BLIND,

INC., and THE NATIONAL FEDERATION

OF THE BLIND OF CALIFORNIA, INC.,

        Plaintiffs,

    vs.                    No. 2:17-cv-01697-SVW(SKx)

LOS ANGELES COMMUNITY COLLEGE

DISTRICT,

        Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DEPOSITION OF

ROY E. PAYAN

September 8, 2017

9:44 a.m.

Volume I

633 West Fifth Street, 50th Floor

Los Angeles, California

Maria A. Hasakian, CSR No. 8469



```
 1    APPEARANCES:

 2

 3   For the Plaintiff:

 4        BROWN GOLDSTEIN LEVY
          JOSEPH B. ESPO, ESQ.
 5        120 East Baltimore Street, Suite 1700
          Baltimore, Maryland 21202
 6        410.962.1030x1312
          (NOT PRESENT)
 7
          **and**
 8
          BARBOSA GROUP
 9        PATRICIA BARBOSA, ESQ.
          8092 Warner Avenue
10        Huntington Beach, California 92647
          714.465.9486
11
     For the Defendants:
12
          HAIGHT BROWN & BONESTEEL, LLP
13        BRUCE CLEELAND, ESQ.
          2050 Main Street, Suite 600
14        Irvine, California 92614
          714.426.4600
15

16

17   Also present:

18        PORTIA MASON

19

20

21

22

23

24

25
```



1    Q.    Okay.  Do you feel that you suffered any
2    monetary damages as a result of the allegations
3    you've raised in your complaint?
4    A.    Yes.
5    Q.    What?
6    A.    Again, because I was not able to complete
7    the courses during my tenure at East Los Angeles
8    College, and to continue on, I did not enter the job
9    market a lot sooner and I've -- I've been unable
10   to -- to work at anything to earn a living.
11   Q.    You haven't held a job for compensation
12   since 2003; is that correct?
13   A.    Right.
14   Q.    Okay.  What is the compensation -- well, I
15   guess I need to ask the question.
16        Those who have a degree in rehabilitation
17   services from a four-year institution, do you know
18   what the pay scale is for entry level?
19   A.    No, and I think you're referring to
20   rehabilitation services who go in to do counseling,
21   and that's not my objective.
22   Q.    I have not limited it at all.  I'm just
23   using the exact phrase from your complaint.
24   A.    And then my answer would be no.
25   Q.    Okay.  And I do apologize because I know



1    I've asked and I think you've answered this.

2            When did you change from criminal justice

3    to rehabilitation services as a goal?  I've just

4    forgotten.

5        A.    That was last year.

6        Q.    So you made --

7        A.    I think in -- I think it would have been in

8    the fall of 2016.

9        Q.    So you didn't even anticipate involvement

10   in rehabilitation services until about a year ago;

11   right?

12       A.    That's correct.

13       Q.    What goal did you have for employment prior

14   to that?

15       A.    Criminal justice.

16       Q.    And when did you last take any activity in

17   support of a criminal justice degree at any LACCD

18   campus?

19       A.    2010 of -- spring of 2010.

20       Q.    Okay.  Anything else that you feel that

21   you've suffered financial damage as a result of the

22   actions as alleged in the complaint?

23            MS. BARBOSA:  Other than what he's

24   mentioned?

25            MR. CLEELAND:  Right.



1          THE WITNESS:  Not that I can recall at this

2   time.

3   BY MR. CLEELAND:

4       Q.   Are you versed in using tactile graphics?

5       A.   Familiar with them?

6       Q.   Versed.

7       A.   Again, I'm familiar with them.  Am I -- am

8   I proficient at them, probably not.  My fingers are

9   not as sensitive as they used to be.

10      Q.   My fingers are just too big.

11      A.   Yeah, I agree.  Mine are too.  Mine are

12   too.

13      Q.   Do you own a portable note-taking device?

14      A.   By portable note-taking device, what --

15   you'd have to elaborate.

16      Q.   I intend it to be as broad as possible

17   because it's a rather broad spectrum.

18      A.   Right.  Because the question is pretty

19   ambiguous, I'd have to -- you'd have to elaborate

20   more.  You said, do I own a Victor reader?  I do.

21      Q.   Okay.  Anything else?

22      A.   I do not own it.  Well, I have my -- my

23   digital recorder, and that's it.

24      Q.   And you talked about that.  And those are

25   the two devices that you possess regarding assisting



REPORTER'S CERTIFICATION

I, Maria A. Hasakian, a Certified Shorthand Reporter in and for the State of California, do hereby certify:

That the foregoing witness was by me duly sworn; that the deposition was then taken before me at the time and place herein set forth; that the testimony and proceedings were reported stenographically by me and later transcribed into typewriting under my direction; that the foregoing is a true record of the testimony and proceedings taken at that time.

IN WITNESS WHEREOF, I have subscribed my name this 18th day of September, 2017.

_____

Maria A. Hasakian, CSR No. 8469



```
1              DEPOSITION ERRATA SHEET

2

3

4   Our Assignment No.   JO647675

5   Case Caption: ROY PAYAN, PORTIA MASON, THE NATIONAL

6   FEDERATION OF THE BLIND, INC., and THE NATIONAL

7   FEDERATION OF THE BLIND OF CALIFORNIA, INC., vs. LOS

8   ANGELES COMMUNITY COLLEGE DISTRICT,

9

10        DECLARATION UNDER PENALTY OF PERJURY

11            I declare under penalty of perjury

12   that I have read the entire transcript of

13   my Deposition taken in the above captioned matter

14   or the same has been read to me, and

15   the same is true and accurate, save and

16   except for changes and/or corrections, if

17   any, as indicated by me on the DEPOSITION

18   ERRATA SHEET hereof, with the understanding

19   that I offer these changes as if still under

20   oath.

21        Signed on the _____ day of

22   _____, 2017,

23

24   _____

25        ROY E. PAYAN
```



ROY PAYAN VOL.I
PAYAN vs LA COMMUNITY COLLEGE

September 08, 2017
264

```
 1              DEPOSITION ERRATA SHEET

 2    Page No._____Line No._____Change
      to:_____
 3
      _____
 4    Reason for change:
      _____
 5    Page No._____Line No._____Change
      to:_____
 6
      _____
 7    Reason for change:
      _____
 8    Page No._____Line No._____Change
      to:_____
 9
      _____
10    Reason for change:
      _____
11    Page No._____Line No._____Change
      to:_____
12
      _____
13    Reason for change:
      _____
14    Page No._____Line No._____Change
      to:_____
15
      _____
16    Reason for change:
      _____
17    Page No._____Line No._____Change
      to:_____
18
      _____
19    Reason for change:
      _____
20    Page No._____Line No._____Change
      to:_____
21
      _____
22    Reason for change:
      _____
23
24    SIGNATURE:_____DATE_____

25              ROY E. PAYAN
```



```
 1            DEPOSITION ERRATA SHEET

 2   Page No._____Line No._____Change
     to:_____
 3
     _____
 4   Reason for change:

 5   Page No._____Line No._____Change
     to:_____
 6
     _____
 7   Reason for change:

 8   Page No._____Line No._____Change
     to:_____
 9
     _____
10   Reason for change:

11   Page No._____Line No._____Change
     to:_____
12
     _____
13   Reason for change:

14   Page No._____Line No._____Change
     to:_____
15
     _____
16   Reason for change:

17   Page No._____Line No._____Change
     to:_____
18
     _____
19   Reason for change:

20   Page No._____Line No._____Change
     to:_____
21
     _____
22   Reason for change:

23   _____

24   SIGNATURE:_____DATE_____

25            ROY E. PAYAN
```



**EXHIBIT D**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROY PAYAN, PORTIA MASON, THE

NATIONAL FEDERATION OF THE BLIND,

INC., and THE NATIONAL FEDERATION

OF THE BLIND OF CALIFORNIA, INC.,

Plaintiffs,

vs.                    No. 2:17-cv-01697-SVW(SKx)

LOS ANGELES COMMUNITY COLLEGE

DISTRICT, DR. FRANCISCO C.

RODRIGUEZ in his official capacity

as chancellor of the Los Angeles

Community College District, and

Does 1 through 10, Inclusive

Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DEPOSITION OF

PORTIA MASON

October 11, 2017

9:44 a.m.

633 West Fifth Street, 50th Floor

Los Angeles, California

Maria A. Hasakian, CSR No. 8469



```
 1    APPEARANCES:

 2

 3    For the Plaintiff:

 4        BROWN GOLDSTEIN LEVY
          JOSEPH B. ESPO, ESQ.
 5        120 East Baltimore Street, Suite 1700
          Baltimore, Maryland 21202
 6        410.962.1030x1312

 7        **and**

 8        BARBOSA GROUP
          PATRICIA BARBOSA, ESQ.
 9        8092 Warner Avenue
          Huntington Beach, California 92647
10        714.465.9486
          (Not Present)
11
      For the Defendants:
12
          HAIGHT BROWN & BONESTEEL, LLP
13        BRUCE CLEELAND, ESQ.
          2050 Main Street, Suite 600
14        Irvine, California 92614
          714.426.4600
15

16

17

18

19

20

21

22

23

24

25
```



PORTIA MASON                                          October 11, 2017
PAYAN vs LOS ANGELES COMMUNITY COLLEGE                            3

```
 1                          INDEX

 2    WITNESS:

 3    PORTIA MASON
      Volume I
 4

 5    EXAMINATION                                    PAGE

 6    BY MR. CLEELAND                                   5

 7

 8

 9

10

11                  INFORMATION REQUESTED

12                        (None)

13

14

15

16

17

18           WITNESS INSTRUCTED NOT TO ANSWER

19                        (None)

20

21

22

23

24

25
```

1      Q.   And what job are you looking for?

2      A.   I would like to be a drug and rehab

3  counselor.

4      Q.   And do you know who employs drug and rehab

5  counselors?

6      A.   Either outpatient or inpatient programs,

7  rehab programs, both facilities.

8      Q.   Are you talking about private or --

9      A.   Either private --

10     Q.   -- governmental?

11     A.   -- sector or state levels.  It just depends

12  on where you're going.

13     Q.   Do you know what you're interested in right

14  now?

15     A.   I'm -- I'm looking at all of it and then

16  I'll determine that when it draws closer to the time

17  because I really do not know yet right now.

18     Q.   Thank you.

19          And do you know what the requirements are

20  for any of these categories we've talked about?

21     A.   For someone who is looking at becoming a

22  drug and rehab counselor and really you must have

23  some experience in recovery.  They really don't want

24  somebody outside of that to be in -- be a counselor.

25  They want someone that has the experience because it

1  does help.  It -- it does help when you're dealing

2  with people that are coming into the program and

3  need some assistance.

4      Q.   How about educational requirements?  Do you

5  know what these different positions look for in an

6  employee?

7      A.   They look for either a certificate or -- or

8  a degree.

9      Q.   Right.

10     A.   Whichever one.

11     Q.   And you're talking about getting a degree;

12 right?

13     A.   I'm just basically -- right now I just want

14 to get my certificate and then I will work on my

15 degree after I finish that.

16     Q.   Right.

17          So are you talking about, in your plan, in

18 the great scheme of things, working as a counselor

19 during the time you're attending a four-year

20 institution?

21     A.   Yes.  Unless, if I can't find a job, then I

22 will continue on going to school.  Either way, I

23 will continue on working on my degree until I

24 complete that.

25     Q.   Paragraph 116, at line 18, it states:  You



PORTIA MASON                                    October 11, 2017
PAYAN vs LOS ANGELES COMMUNITY COLLEGE              203

```
 1   will not be graduated and enter the job market on
 2   time.
 3           The on time we really didn't have a time
 4   frame for you getting a four-year degree or starting
 5   employment.  Is that a correct statement?
 6       A.   That's correct.
 7            I'm sorry.  Go ahead.
 8            MR. ESPO:  Objection.
 9            Go ahead.
10            THE WITNESS:  That's -- that's correct.
11   Yes.
12   BY MR. CLEELAND:
13       Q.   And then it states:
14            "With the credentials they could
15            have earned had they been given an
16            equal opportunity."
17            Have we talked about the credential you
18   were talking about or credentials?
19       A.   Yes, that's what we're speaking about.
20       Q.   Right.
21            And that's the?
22       A.   Certificate.
23       Q.   Right.
24            Any other credential you were talking
25   about?
```

ESQUIRE
DEPOSITION SOLUTIONS

1      A.   Not at this point in time.

2      Q.   Have you suffered any out-of-pocket

3  expenses as a result of attending L.A. Community

4  College District campuses?  Had to pay any money for

5  anything?

6      A.   No.

7           MR. ESPO:  Other than what she's already

8  testified to?

9           MR. CLEELAND:  Well, she said she didn't

10  get the money from another source at a particular

11  time and she bought a book.  That's the only thing

12  I've heard about.

13           MR. ESPO:  She -- I don't -- she said

14  something about a registration.

15           MR. CLEELAND:  She said registration fee.

16  She didn't say she paid them.

17           THE WITNESS:  So I--

18  BY MR. CLEELAND:

19      Q.   So now is the time to talk about out of

20  pocket, what you paid.

21      A.   There was no other out-of-pocket expenses

22  other than the registration and the book.  That's

23  it.

24      Q.   Okay.  The one book which was for Professor

25  Daniel?

```
1        A.    That was the handbook.
2        Q.    Right.
3              And the registration fees that you couldn't
4    remember; right?
5        A.    Exactly.
6        Q.    And how many times did you pay the
7    registration fee or fees?
8        A.    Every semester.
9        Q.    And were you ever reimbursed for that?
10       A.    Not --
11             MR. ESPO:  Objection.  Relevance.
12             But go ahead.
13             THE WITNESS:  Oh, I'm sorry.
14             MR. CLEELAND:  The relevance is damages
15   but...
16             MR. ESPO:  Well, I -- I don't -- I don't
17   know.  It might be a collateral source.
18             But she can answer obviously.
19             THE WITNESS:  No.
20   BY MR. CLEELAND:
21       Q.    Okay.  Have you had to seek any care or
22   treatment because of your humiliation?
23       A.    No.
24       Q.    Have you had to seek any care or treatment
25   because of any discrimination you faced?
```

PORTIA MASON                                        October 11, 2017
PAYAN vs LOS ANGELES COMMUNITY COLLEGE                          224

1              REPORTER'S CERTIFICATION

2

3       I, Maria A. Hasakian, a Certified Shorthand

4    Reporter in and for the State of California, do

5    hereby certify:

6

7       That the foregoing witness was by me duly

8    sworn; that the deposition was then taken before me

9    at the time and place herein set forth; that the

10   testimony and proceedings were reported

11   stenographically by me and later transcribed into

12   typewriting under my direction; that the foregoing

13   is a true record of the testimony and proceedings

14   taken at that time.

15

16      That  before the conclusion of the deposition,

17   the witness has requested a review of this

18   transcript pursuant to Rule 30(e)(1).

19

20      IN WITNESS WHEREOF, I have subscribed my name

21   this 16th day of October, 2017.

22

23

24   _____

25        Maria A. Hasakian, CSR No. 8469

```
 1                  DEPOSITION ERRATA SHEET

 2

 3

 4   Our Assignment No.  JO667968

 5   Case Caption: ROY PAYAN, PORTIA MASON, et al, vs.

 6   LOS ANGELES COMMUNITY COLLEGE DISTRICT, et al,

 7

 8       DECLARATION UNDER PENALTY OF PERJURY

 9            I declare under penalty of perjury

10   that I have read the entire transcript of

11   my Deposition taken in the above captioned matter

12   or the same has been read to me, and

13   the same is true and accurate, save and

14   except for changes and/or corrections, if

15   any, as indicated by me on the DEPOSITION

16   ERRATA SHEET hereof, with the understanding

17   that I offer these changes as if still under

18   oath.

19       Signed on the _____ day of

20   _____, 2017,

21

22   _____

23            PORTIA MASON

24

25
```



PORTIA MASON                                    October 11, 2017
PAYAN vs LOS ANGELES COMMUNITY COLLEGE                    226

1              DEPOSITION ERRATA SHEET

2    Page No._____Line No._____Change
     to:_____
3    _____

4    Reason for change:_____

5    Page No._____Line No._____Change
     to:_____
6    _____

7    Reason for change:_____

8    Page No._____Line No._____Change
     to:_____
9    _____

10   Reason for change:_____

11   Page No._____Line No._____Change
     to:_____
12   _____

13   Reason for change:_____

14   Page No._____Line No._____Change
     to:_____
15   _____

16   Reason for change:_____

17   Page No._____Line No._____Change
     to:_____
18   _____

19   Reason for change:_____

20   Page No._____Line No._____Change
     to:_____
21   _____

22   Reason for change:_____

23

24   SIGNATURE:_____DATE_____

25           PORTIA MASON



800.211.DEPO (3376)
EsquireSolutions.com

EXHIBIT D-11                                              58

```
1              DEPOSITION ERRATA SHEET

2    Page No._____Line No._____Change
     to:_____
3
     _____
4    Reason for change:
     _____
5    Page No._____Line No._____Change
     to:_____
6
     _____
7    Reason for change:
     _____
8    Page No._____Line No._____Change
     to:_____
9
     _____
10   Reason for change:
     _____
11   Page No._____Line No._____Change
     to:_____
12
     _____
13   Reason for change:
     _____
14   Page No._____Line No._____Change
     to:_____
15
     _____
16   Reason for change:
     _____
17   Page No._____Line No._____Change
     to:_____
18
     _____
19   Reason for change:
     _____
20   Page No._____Line No._____Change
     to:_____
21
     _____
22   Reason for change:

23   _____

24   SIGNATURE:_____DATE_____

25              PORTIA MASON
```

