UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | May 23, 2023 |
| Title | Roy Payan, et al v. Los Angeles Community College District, et al | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   PRE-TRIAL RULINGS

    On May 15, 2023, and May 22, 2023, the Court held two pre-trial conferences. In anticipation of the pre-trial conference, the parties submitted several issues for the Court to resolve. The Court issues this order detailing its rulings on the legal and evidentiary issues raised the parties.

    *First*, Defendants may not assert the affirmative defense of mitigation of damages. Defendants have cited no support for the proposition that an affirmative defense of mitigation of damages applies in context of claims arising under Title II of the ADA ("Title II"). Defendants cite to cases under Title I of the ADA ("Title I"), involving the employment context, where courts have recognized an affirmative defense of mitigation of damages. ECF No. 519, 28-29. Furthermore, Defendants reason that because Title I and Title II incorporate the same remedies, the affirmative defense of mitigation of damages is available in the Title II context. *Id.* However, the concept of mitigation of damages arises in the employment context because 42 U.S.C. §§ 2000e–5(g), which Title I and Title II incorporate, expressly includes language that carries a mitigation of damages principle with respect to *backpay*. 42 U.S.C.A. § 2000e-5 (g)(1) ("Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission. *Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.*") (emphasis added). Plaintiffs are not seeking back pay and Defendants have cited no authority supporting the proposition that an affirmative defense of mitigation of damages is available in the Title II context. Accordingly, Defendants will not be permitted to present this defense to the jury.

    Second, the Court DENIES Plaintiffs' motion in limine, ECF No. 80, seeking to exclude any

                                                                                                                     :

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01697-SVW-SK | Date | May 23, 2023 |
|---|---|---|---|
| Title | *Roy Payan, et al v. Los Angeles Community College District, et al* | | |

evidence of good intentions and the lack of discriminatory intent. However, the Court agrees with Plaintiffs that evidence pertaining to good intentions and lack of discriminatory intent must be limited. As an initial matter the Court notes good intentions and lack of discriminatory intent are not relevant to the question of underlying liability. A defendant need not intend to discriminate nor have bad intentions in order to be liable under the ADA. *See Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021) ("Section 504 and the ADA were specifically intended to address both intentional discrimination and discrimination caused by 'thoughtless indifference' or 'benign neglect,' such as physical barriers to access public facilities."). Defendants have cited no binding nor clear authority which stands for the proposition that having good intentions and lacking discriminatory intent operates as an affirmative defense or otherwise would serve to defeat underlying liability.

However, lack of discriminatory intent may be relevant to the determination of deliberate indifference. *See Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009) ("intentional discrimination may be inferred when a policymaker acted with at least deliberate indifference to the strong likelihood that a violation of federally protected rights will result from the implementation of the [challenged] policy ... [or] custom.") (citations and quotations omitted and alterations in original). Thus, such evidence may be admissible with respect to rebutting deliberate indifference.

*Third*, the Court GRANTS Plaintiffs' motion in limine seeking to limit the expert testimony of Richard Clinton, ECF No. 78. Defendants have submitted no evidence to support the position that Mr. Clinton is qualified to testify as to LACC's processes, policies, or procedures. *See* Fed. R. Evid. 702. Accordingly, Mr. Clinton is limited to testifying only the matters which he has expertise in, the development and capabilities of MyMathLab.

*Fourth*, Plaintiffs previously objected to the inclusion of several witnesses not previously disclosed to Plaintiffs pursuant to Rule 26(a) or (e). The Court will permit Michael Bilz to testify. However, to mitigate any prejudice to the Plaintiffs, he will be limited to only testifying to the same matters that he testified to at the previous trial on June 20, 2019. With respect to the remaining witnesses,[1] the Court accepts Defendants' representation that those witness will not be necessary and

---

[1] These witnesses are Ryan Cornner, David Green, Mojgan Khatoonabadi, Betsy Regalado, Dorothy Furhman, and Kee T. Lam. ECF No. 522-1, 27-28.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01697-SVW-SK | Date | May 23, 2023 |
|---|---|---|---|
| Title | Roy Payan, et al v. Los Angeles Community College District, et al | | |

excludes them from trial.

*Fifth*, the Court OVERRULES Plaintiffs objections with respect to the use of deposition testimony of Kian Kaviani and April Pavlik. However, the Court will address at trial the objected to portions of the deposition testimony of Professor Kaviani.

*Sixth*, Professor Blythe Daniel will be permitted to testify via Zoom.

*Finally*, the Court summarizes its ruling regarding its' *sua sponte* summary judgment order and Defendants' motion for partial summary judgment. ECF Nos. 541, 543. Specifically, the Court granted summary judgment with respect to deliberate indifference on: 1) alleged inaccessibility of the LACC Library; 2) alleged failures to read aloud content written on the chalkboard by Professor Blythe Daniel; 3) the alleged provisions of inaccessible handouts by Professor Blythe Daniel; 4) the alleged uploading of inaccessible powerpoints by Professor April Pavlik; and 5) the alleged inaccessibility of the Etudes software. Liability with respect to these issues will be determined by the Court at a later proceeding.

Furthermore, Plaintiffs may not pursue emotional distress damages or damages for alleged lost employment opportunities. An order detailing the specifics of these rulings will follow shortly.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer
PMC