# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, PORTIA MASON, THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br> Defendant. | Case No.: 2:17-cv-01697-SVW(SKx) <br> **Civil Rights** <br><br> **[PROPOSED] PERMANENT INJUNCTION AND FINAL JUDGMENT** |

**[PROPOSED] PERMANENT INJUNCTION AND FINAL JUDGMENT**

Upon consideration of the jury's verdict, dated May 26, 2023, finding that Defendant Los Angeles Community College District ("LACCD") has violated Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, *et seq.* (the "ADA" or "Title II"), Dkt. No. 567, LACCD's declarations submitted on July 6, 2023, Dkt Nos. 583-584, Plaintiffs' Response thereto, submitted on July 17, 2023, and the evidence and arguments the Court heard on July 24, 2023, the Court ENTERS, DECREES, AND ORDERS the following:

1.  Within one year of the date of this Order, LACCD shall ensure compliance with the Alternate Media Production Policy, Dkt. No. 48-21 (the "Alternate Media Policy" (Pls.' trial exhibit 4)), in effect at Los Angeles Community College ("LACC"), for all courses offered at LACC and for all other educational resources made available to students at LACC;

2.  Within one year of the date of this Order, LACCD shall evaluate LACC's integrated library system website and all library databases available to students enrolled at LACC to determine whether the library resources are fully accessible to blind students. Accessible means that a blind user can acquire the same information, engage in the same interactions, and enjoy the same services as a sighted person in an equally effective and equally integrated manner, with substantially equivalent ease of use. LACCD shall establish alternative means of providing access to the equivalent benefits of any inaccessible library resources to blind students in a timely manner, *i.e.*, prior to or at the same time sighted students are provided access to those library resources, including outside of the classroom, by: (a) installing Job Access with Speech ("JAWS") screen access software on all computer terminals in the library; (b) training all of its library staff, whether paid employees, contractors, or volunteers, in the use of JAWS, and in the processes for creating accessible documents, including but not limited to Word documents, PowerPoints, and PDFs;

(c) creating and implementing a system and corresponding policies and procedures that will allow blind students to schedule times to work with a research librarian to assist in their navigation and review of any inaccessible library resources, and describing that process conspicuously on the LACC library website; (d) establishing a system that allows blind students to submit inaccessible resources for timely conversion to accessible formats to either LACCD library staff or the Office of Special Services, or another qualified office, electronically; and (e) requiring that any library reserve materials identified by instructors for use by their students are available in an accessible format in a timely manner.

3. Within three months of the date of this Order, LACCD shall appoint or designate an individual as the Dean of Educational Technology for LACC, with responsibilities as established in the Alternate Media Policy and in other official policies or regulations established by LACCD in effect at LACC. The Dean of Educational Technology at LACC must be proficient in accessibility under the ADA. Instructors at LACC, and OSS staff, shall consult with the Dean of Educational Technology as necessary to ensure (a) the preparation and furnishing of classroom materials to blind students in an accessible format in a timely manner, *i.e.*, prior to or at the same time that sighted students receive the equivalent materials, including outside of the classroom, (b) the timely conversion of any inaccessible instructional materials into a format accessible to blind students, or providing alternative means of access to the equivalent benefits of inaccessible instructional materials in a timely manner; (c) the timely accommodation of blind students pursuant to the terms of their accommodation letters, (d) timely responses to requests for reasonable accommodations sought by blind students, and (e) compliance with the Alternate Media Policy;

4. Within one year of the date of this Order, LACCD shall ensure that the LACCD website, the LACC website, and all other educational or instructional

websites available to students enrolled at LACC, including all educational resources or embedded programs on those websites (such as PeopleSoft) made available to LACC students, are accessible to blind students in accordance with WCAG 2.1 Level AA standards;

5. LACCD shall assess all educational resources or other technological programs considered for acquisition and use at LACC, including resources that are purchased or licensed from third party vendors, for accessibility to blind students prior to their acquisition. If any resources considered for acquisition are determined to be inaccessible to blind students enrolled at LACC, LACCD shall either (a) decline to acquire the resources or (b) acquire the inaccessible technology but establish alternative means of providing access to the equivalent benefits of the inaccessible resources to blind students in a timely manner, *i.e.*, prior to or at the same time sighted students are provided access to those resources, including outside of the classroom;

6. Within three months of the date of this Order, an accessible, fillable copy of a blank Academic Accommodations Authorization form will be posted on the LACCD and LACC websites. Immediately following the process to determine a student's accommodations, and no later than when LACCD provides a student's course instructor with a copy of the completed Academic Accommodations Authorization form, LACCD will provide blind students with a copy of their completed Academic Accommodations Authorization form in their requested accessible format (*e.g.*, an accessible electronic format, Braille, or large print)

7. When a blind student is authorized to audio record their classes as a disability-related accommodation, LACCD shall include the following language on the completed Academic Accommodations Authorization form when it is sent to the student and the instructor: "California law expressly authorizes the use of electronic listening and recording devices in the classroom as an auxiliary aid and academic

adjustment for students with disabilities." The language shall be placed on the form in close proximity to the section authorizing audio recording as an accommodation. LACCD shall comply with the terms of this paragraph within three months of the date of this Order.

8. Within six months of the date of this Order, LACCD shall develop and implement a policy to ensure that it provides qualified notetakers to all students for whom this accommodation is approved, including by offering sufficient payment to adequately recruit, train, and retain qualified notetakers.

9. LACCD shall ensure that all approved accommodations are provided to blind students in accordance with the students' Academic Accommodations Authorization forms, including during exams, class quizzes, or other testing. LACCD shall ensure that blind students who require accommodations for testing receive those accommodations in a timely manner and without unreasonable delay (*i.e.*, that students are permitted to take their exams at the agreed-upon date and time). LACCD shall further ensure that where a blind student's testing accommodations require the use of a human reader or scribe, that the individual assigned as a reader or scribe is trained and qualified to serve in this role (for example, by ensuring that readers assigned to math examinations are trained on how to properly read math problems).

10. LACCD shall immediately end the practice of steering, directing, or requiring students to attend or not attend particular campuses, courses, or course sections because they are blind. LACCD shall immediately end the practice of avoiding the assignment of blind students to certain professors who have in the past stated they are unable or unwilling to comply with the terms of Academic Accommodations Authorization forms. Instead, as detailed below, all instructors shall be trained in preparing accessible classroom materials, shall be trained on the relevant alternate media policy, and shall be required to comply with approved Academic Accommodation Authorization forms.

11. Within 120 days of the date of this Order, LACCD shall hire one or more third-party consultants ("Expert Consultant") to assist it with fulfilling its obligations hereunder. The third-party consultant(s) shall:

    a. Be knowledgeable concerning:

        i. The general requirements of the ADA and its applicable regulations;

        ii. Accessibility and usability of web content;

        iii. Accessible document development and remediation;

        iv. Accessibility and usability of equipment;

        v. Testing and evaluating the accessibility of web and other technologies;

        vi. This Order;

        vii. WCAG 2.1 Level AA, ATAG 2.0, UAAG 1.0, WAI-ARIA, Math ML, WCAG2ICT, and ePub3;

        viii. The appropriate provision of auxiliary aids and services for students with disabilities in non-electronic or non-digital formats, such as Braille hard copy, tactile graphics, large print hardcopy, or sign language interpretation; and

        ix. Reasonable modifications to policies, practices, and procedures in higher education to achieve equal access for students with disabilities;

    b. Assist LACCD in the development of policies and initiatives required by this Order;

    c. Report and document quarterly to LACCD's vice president with supervisory authority over the Offices of Disability Support Services whether:

        i. LACCD's websites conform to WCAG 2.1 Level AA and

         this Order;

    ii. Third-party websites on which LACCD places content or which it uses for web services conform to WCAG 2.1 Level AA and this Order, or how equally effective alternate access is provided, if appropriate, under this Order;

    iii. Learning Management Software and other technologies used by LACCD conform to WCAG 2.1 Level AA and this Order, or how equally effective alternate access is provided, if appropriate, under this Order;

    iv. LACCD has received any complaints or grievances concerning the use of inaccessible technologies; and

    v. The requirements of this Order have been met, and, if not, what requirements have not been met and why.

  12. LACCD in coordination with its Expert Consultant shall develop a training program that shall begin with a live training session in the fall of 2024 for all of its staff and instructors that addresses the requirements of the ADA, this Order, available resources, and grievance procedures ("ADA Training"). Beginning with the fall 2024 semester and thereafter on a regular basis for the term of this Order, on a frequency determined by LACCD with advice and guidance from the Expert Consultant, LACCD shall provide ADA Training to all instructors and all LACCD executives, administrators, and support staff. This training may be provided in live or online sessions. LACCD shall solicit comments from Plaintiff the National Federation of the Blind ("NFB") with respect to the development of its ADA Training program, but, as between the Parties, LACCD will make the final decision with regard to implementation subject only to further Order of this Court.

  13. The scope of the ADA Training shall vary according to a staff member or instructor's responsibilities as follows:

a. In all instances, the ADA Training must address the requirements of Title II of the ADA; the existence of this Order and how staff members and instructors may access a copy; LACCD's resources for students and instructors on disability-related matters (including, but not limited to, the identity and functions of LACCD's Offices of Disability Support Services and the identity and functions of LACCD's designee for coordinating LACCD's response to disability-related grievances); LACCD's student accommodation process and procedures, including instructors' obligations to provide all accommodations authorized by LACCD via Academic Accommodations Authorization forms given to students registered with LACCD's Offices of Disability Support Services; and Title II "best practices" to ensure LACCD's compliance with the ADA.

b. Other classes of staff members, including both employees and contractors, as determined by LACCD in consultation with its Expert Consultant, shall be trained concerning:

  i. Common assistive technologies and other auxiliary aids and services used by individuals with disabilities in interacting with computers, websites, equipment, and learning in and outside of the classroom, including non-electronic formats;

  ii. Common technological accessibility barriers encountered by individuals with disabilities, including those found on websites, in various document formats, and equipment and devices used in laboratories and classrooms;

  iii. Common methods, resources, personnel, and time frames used in ensuring that word-processing, spreadsheet and

       presentation documents, converted and digital textbooks, informational images, multimedia, and course equipment and devices are accessible;

    iv. The means by which one creates and provides accessible instructional materials in the classroom setting or by delivery electronically through course websites or email;

    v. An overview of accepted digital accessibility standards;

    vi. Consideration of selecting course texts that have accessible electronic formats, such as ePub3; and

    vii. Reporting obligations under Paragraph 20 of this Order.

  14. For persons who must receive ADA Training pursuant to this Order, but who did not receive training on a designated training date required under this Order (for instance, because they were on leave from LACCD, because they began their affiliation with LACCD subsequent to the training date, or because they assumed a position within LACCD subjecting them to coverage under this paragraph subsequent to the training date), LACCD shall provide them with ADA Training within sixty (60) days after the individual's commencement of service to LACCD in a position covered by this paragraph or within sixty (60) days of their return to or start at LACCD (for instance, from leave).

  15. LACCD shall continue to develop and produce an acceptable curriculum for the ADA Training, which shall be conducted live for the fall 2024 semester and shall be made final, subject to revisions and modifications that may be required under the law, for use beginning with the spring 2025 semester.  The NFB will share lists of resources relating to the training curriculum, which LACCD shall consider before making its final decision as to the contents of the training curriculum.  LACCD shall make available on LACCD's websites the name(s), qualifications, and contact information of the individual(s) who will conduct the training, no later than 180 days

after the effective date of this Order.  LACCD shall adopt training protocols that include maintenance of documentation establishing the identity of staff members attending each session of ADA Training conducted.

16. During all orientation sessions offered during the term of this Order to incoming students (including first-year and transfer students), LACCD shall include a mandatory presentation by a member of LACCD's Offices of Disability Support Services, either as a stand-alone module or as part of orientation on other resources available to students ("ADA Student Training").

17. The ADA Student Training shall include, but not be limited to, the functions of LACCD's ADA Coordinator and LACCD's Offices of Disability Support Services, the process for obtaining an LACCD-issued Academic Accommodations Authorization form, and the grievance policy and process pertaining to disability-related issues. During the ADA Student Training, LACCD shall distribute written information (in an accessible format where appropriate) on the functions of LACCD's ADA Coordinator and LACCD's Offices of Disability Support Services (including the process for obtaining an initial or renewed LACCD-issued Academic Accommodations Authorization form).  LACCD, with the assistance of its Expert Consultant, shall determine what other matters will be included in the ADA Student Training.  LACCD shall produce to the NFB a curriculum for the ADA Student Training required under this Order.  LACCD shall accept recommendations from the NFB in producing curriculum for the ADA Student Training, but LACCD shall make the final decision with regard to such curriculum subject only to further Order of this Court.

18. Within 30 days of the date of this Order, LACCD shall disseminate this Order to all employees, contractors, and students at LACCD;

19. The Court shall retain jurisdiction over the enforcement of this Order. If Plaintiffs believe that LACCD has violated any portion of this Order, Plaintiffs shall

give notice of such alleged violation to LACCD, and LACCD must respond in writing to such notice no later than 15 days after receipt. The parties shall meet and confer consistent with the Federal Rules of Civil Procedure, and if the parties are unable to resolve a dispute over LACCD's alleged violation of this Order, then (1) Plaintiffs may move this Court to seek enforcement of the Order, or alternatively, (2) LACCD may file a motion for relief to seek a finding that Plaintiffs' requested course of action constitutes an undue burden or fundamental alteration under 28 C.F.R. §§ 35.130(b)(7) and 35.164;

20. LACCD shall provide to the Court, the NFB, and counsel for the Plaintiffs a report setting out the progress being made with regard to obligations set forth in this Order on the following schedule: four (4) months after entry of the Order; eight (8) months after entry of the Order; twelve (12) months after entry of the Order; and annually thereafter for the duration of the Order;

21. All notices and reports that LACCD is required to send to counsel for the Plaintiffs under this Order shall be sent by e-mail to Jessica P. Weber at jweber@browngold.com, Kevin D. Docherty at kdocherty@browngold.com, and Patricia Barbosa at PBarbosa@Barbosagrp.com;

22. This Order shall become effective as of the date the Order is signed and entered in the above-captioned case, and the Order shall remain in effect for a period of three years from the effective date;

23. Pursuant to the jury verdict entered in this case on May 26, 2023, Dkt. No. 567, judgment is entered in favor of Plaintiff Roy Payan against LACCD in the amount of $218,500, and judgment is entered in favor of Plaintiff Portia Mason against LACCD in the amount of $24,000, with interest thereon at the legal rate as provided by law;

24. Pursuant to prior evidence and rulings in this case that the National Federation of the Blind, Inc. and the National Federation of the Blind of California,

Inc. have standing to pursue claims against LACCD on behalf of their members, including Portia Mason, *see Payan v. LACCD*, No. 19-56111, 2021 WL 3743307, at *2 (9th Cir. Aug. 24, 2021), judgment is further entered in favor of the National Federation of the Blind, Inc. and the National Federation of the Blind of California, Inc. against LACCD;

25. Plaintiffs are deemed the prevailing party pursuant to 42 U.S.C. § 12205 and shall be entitled to recover their reasonable attorneys' fees and costs incurred in this action. Plaintiffs are ordered to file a motion for attorneys' fees within 45 days of this Order; and

26. This Order shall be deemed a final judgment pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED** this ___ day of _____ 2023.

_____
Honorable Stephen V. Wilson
United States District Judge for the
Central District of California