Mark H. Meyerhoff, Bar No. 180414
mmeyerhoff@lcwlegal.com
David A. Urban, Bar No. 159633
durban@lcwlegal.com
La Rita R. Turner, Bar No. 320737
lturner@lcwlegal.com
Richard Daniel Seitz, Bar No. 334028
dseitz@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone: 310.981.2000
Facsimile: 310.337.0837

Attorneys for Defendant LOS ANGELES COMMUNITY COLLEGE DISTRICT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br> Defendant. | Case No.: 2:17-cv-01697 SVW (SK) <br> **Civil Rights** <br><br> Complaint Filed: March 2, 2017 <br><br> **DEFENDANT LOS ANGELES COMMUNITY COLLEGE DISTRICT'S NOTICE OF MOTION AND MOTION FOR A REMITTITUR TO CONFORM THE DAMAGES AWARD TO THE EVIDENCE, OR IN THE ALTERNATIVE, FOR A NEW TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Action Filed: March 2, 2017 <br> Trial Date: May 23, 2023 <br><br> Location: Department 10A <br> Date: August 21, 2023 <br> Time: 1:30 p.m. |

TO THE COURT, TO PLAINTIFFS, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 21, 2023, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 10A of the above-entitled Court,

1  located at 350 West 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California
2  90012, Defendant Los Angeles Community College District (the "District" or
3  "LACCD") will and hereby does move this Court, pursuant to Federal Rules of
4  Civil Procedure, Rule 59, for an order of remittitur determining that the damages
5  award following trial is premised on a legal error, or, in the alternative, is excessive.

6       The motion is based on the grounds that the damages award is premised on
7  legal error because it unnecessarily included damages that were precluded by this
8  Court and/or are not recoverable damages under Title II of the Americans with
9  Disabilities Act. ("ADA"). In the alternative, the motion is based on the grounds
10 that the damages award was excessive, not supported by the evidence, and went far
11 beyond what the jury could reasonably find based on the testimony and evidence.
12 As a result, Defendants are entitled to a remittitur.

13      This Motion is made after counsel for Defendant requested an informal
14 conference pursuant to Local Rule 7-3 but were unable to come to an agreement
15 with Plaintiffs' counsel.

16      This Motion is based upon this Notice of Motion, the attached Memorandum
17 of Points and Authorities, the declarations and exhibits filed concurrently herewith,
18 on all pleadings and papers on the file in this action, and upon such other matters as
19 may be presented to the Court at the time of the hearing.

21 Dated: July 21, 2023                                  LIEBERT CASSIDY WHITMORE

23                                         */s/ La Rita R. Turner*_____
24                           By:    Mark H. Meyerhoff
                                    David A. Urban
25                                     La Rita R. Turner
26                                     Richard Daniel Seitz
                                    Attorneys for Defendant LOS
27                                     ANGELES COMMUNITY
                                    COLLEGE DISTRICT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Following the presentation of evidence in this case, the jury returned a verdict against Defendant in an amount that was contrary to applicable law and/or was not supported by the evidence presented. Though this Court instructed the jury to award economic damages, i.e. out-of-pocket expenses, and Plaintiffs requested a total of $1,600 in economic damages, the jury returned a staggering verdict of $242,500, consisting of $218,500 to Mr. Payan and $24,000 to Ms. Mason. The jury also improperly determined that Plaintiffs were entitled to attorneys' fees. The jury's damages verdict is untethered to reality, unsupported by substantial evidence, and constitutes a legal error which this Court may correct by issuing a remittitur to conform the damages to the evidence.

## II. APPLICABLE LEGAL STANDARD

Federal Rules of Civil Procedure rule 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court...." The Rule necessitates a new trial when the court is "left with a definite and firm conviction that a mistake has been committed by the jury. *Landes Const. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-1372 (9th Cir. 1987). The Rule also authorizes new trials to cure the full range of errors and defects at trial, including when a damages award is "grossly excessive" or "clearly not supported by the evidence." *Del Monte Dunes v. Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996).

"Upon the Rule 59 motion of the party against whom a verdict has been returned, the district court has the duty ... to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's'] conscientious opinion, the verdict is contrary to the clear weight of the evidence." *Newton v. Equilon Enters., LLC*, 411 F. Supp. 3d

856, 865 (N.D. Cal. 2019).

Where, as here, a jury award is premised on legal error, a trial court may issue a remittitur without offering the plaintiff the option of a new trial. *Minks v. Polaris Industries, Inc.*, 546 F.3d 1364, 1370 (Fed. Circuit 2008). In *Minks,* the Court concluded there was legal error based on the jury's awarding compensatory damages that did not conform to the "legally competent evidence" submitted at trial. *Minks*, 546 F.3d at 1370.

The same conclusion was reached by the Eleventh Circuit in *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1329-30 (11th Cir. 1999), in which the Court held that when a jury's award is premised on "legal error," a court may reduce the award and enter an absolute judgment in an amount sufficient to correct the legal error without offering the plaintiff the option of a new trial. This is appropriate where "a portion of the verdict is for an identifiable amount that is not permitted by law." *Minks,* 546 F.3d at 1371.

This conclusion has also been reached by California courts. In *Oyarzo v. Tuolumne Fire District*, 2014 WL 788321, *11 (E.D. Cal. 2014), the Court determined that a jury awarded damages that were not permitted by law, thus the reduction of the jury award "did not require a new trial."

As an alternative to reducing the damages award without offering the plaintiff the option for a new trial, the Court may also either grant a motion for a new trial, or deny the motion conditional upon the prevailing party accepting the remittitur. *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385, 1386 (9th Cir. 1987).

Here, the jury's award constitutes a legal error as the amount awarded by the jury was not permitted by law. Specifically, this Court held that Plaintiff's may not recover emotional distress damages, or damages for alleged lost employment opportunities. Thus, this Court has the ability to grant remittitur of the damages in lieu of a new trial. Accordingly, Defendants request that the Court grant a remittitur

1 with regards to the excessive damages verdict to correspond to the evidence
2 presented at trial. At a minimum, Defendant is entitled to remittitur after providing
3 the Plaintiff with an option to accept a revised damages award.

### III. LEGAL ANALYSIS

As set forth above, where a jury award is premised on legal error, a trial court may issue a remittitur without offering the plaintiff the option of a new trial. *Minks,* 546 F.3d 1364 at 1370. Court have found "legal error" where, as here, the jury award did not conform to the "legally competent evidence" submitted at trial *Id.*; "a portion of the verdict is for an identifiable amount that is not permitted by law." *Id.* at 1371.

Grounds exist here for the Court to conform the jury award to the legally competent evidence and to conclude that the award was a legal error, thus not necessitating a new trial. The law is clear. "[N]o verdict can be permitted to stand which is found to be in any degree the result of appeals to passion and prejudice." *Watec v. Liu,* 403 F.3d 645, 655 (9th Cir. 2005), citing *Minneapolis, St. Paul & Sault Ste. Marie Ry. Co. v. Moquin*, 283 U.S. 520, 521 (1931). The standard for "excessiveness" has been formulated in a number of ways. But no matter how the test is styled, it is readily met here. For example, courts have determined the standard has been met where the award was "grossly excessive," "clearly not supported by evidence," and "based only on speculation or guesswork." *Del Monte Dunes at Monterey v. City of Monterey*, 95 F.3d 1422 (9th Cir. 1996). Other courts have found that modification of a damages award is appropriate where the award was a "plain injustice" and it was a "shocking result." *Moorer v. Baptist Mem. Health Care System*, 398 F.3d 469, 485 (6th Cir. 2005).

The amount that a verdict should be reduced is the maximum amount that the jury reasonably could find based on the evidence. See *D&S Redi-Mix v. Sierra Redi-Mix and Contracting Company*, 692 F.2d 1245, 1249 (9th Cir. 1982) (finding that courts "consistently approve remitting the judgment to the maximum amount

sustainable by the proof."); see also *Gregory v. Shelby County, Tenn*., 220 F.3d 433, 443 (6th Cir. 2000) (a jury verdict should not be remitted unless it is beyond the maximum damages that the jury reasonably could find).

Here, the jury returned a staggering verdict of $242,500 plus attorney's fees, consisting of $218,500 to Mr. Payan and $24,000 to Ms. Mason. This damage award is untethered to reality, unsupported by substantial evidence, and warrants this Court to reduce the amount without offering a new trial. The reason the award constitutes a legal error is based on the fact that on May 23, 2023, this Court ruled on Defendants' Motion for Partial Summary Judgment and held the following:

> "Plaintiffs may **not** pursue emotional distress damages or damages for alleged lost employment opportunities."

(Document # 552; Civil Minutes, May 23, 2023 at p. 3.)

Furthermore, on May 26, 2023, this Court instructed the jury to determine economic damages on the basis of evidence presented by Plaintiffs. Specifically, the Court instructed the following:

> "It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. The plaintiff has the burden of proving damages by a preponderance of evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by Defendant's violation. It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture. You can consider the testimony of Plaintiffs regarding the expenses they incurred, if you find that those expenses were the result of a violation of the ADA."

(Jury Instructions at 9:15-23)

During closing argument, Plaintiffs' counsel admitted that the damages in this case are modest. (See Trial Transcript, May 26, 2034, 23:21-23.) For example, Plaintiffs' counsel stated that Mr. Payan testified that he spent approximately

$1,500 on private tutoring and about $100 on a philosophy textbook. (*Id*. at. 23:23-24:1-3.) Additionally, opposing counsel stated that Mr. Mason's testimony as to out of pocket damages consisted of a handbook for her psychology class. (*Id*. at 24:5-9).

Having precluded lost earnings and emotional distress damages from the types of damages that may be awarded in this action, the jury's award can only lead to the conclusion that the jury considered these types of damages which is a clear legal error. It is not disputed that emotional distress damages are not available under Title II of the Americans with Disabilities Act ("ADA"). The U.S. Supreme Court has recently held that such damages are not available as a remedy for a private right of action under the Rehabilitation Act, *Cummings v. Premier Rehab Keller*, 142 S. Ct. 1562, 1576 (2022), and Title II of the ADA explicitly provides that the remedies it authorizes are the same as those under the Rehabilitation Act. 42 U.S.C. § 12133. Subsequent case law has recognized that the *Premier Rehab* decision also precludes general damages in Title II claims under the ADA. *Faller v. Two Bridges Reg'l Jail*, No. 2:21-CV-00063-GZS, 2022 WL 17260763, at *1 (D. Me. Nov. 2, 2022) ("Given this language, the Court concludes that Plaintiff cannot pursue a remedy on her ADA claim that is not available under Rehabilitation Act.").

Despite there being no recovery for emotional distress damages or lost earnings, the jury somehow still awarded nearly $250,000 in a case where the actual damages reflected by the evidence was less than $2,000. Accordingly, the jury committed legal error by considering damages precluded by this Court and by the law. Therefore, the Court may reduce the damages award without providing Plaintiffs the option for a new trial.

## IV. CONCLUSION

In sum, Defendant is entitled to a verdict that is consistent with the facts as presented to the jury. Here, the verdict is incurably infected with error, and the only

solution is to *remit the verdict to correspond to the proof at trial without offering Plaintiffs a new trial.* In the alternative, the Court can issue a remittitur and offer to Plaintiffs the option of either reducing the award or a new trial.

Dated: July 21, 2023                                     LIEBERT CASSIDY WHITMORE

By:  */s/ La Rita R. Turner*
      Mark H. Meyerhoff
      David A. Urban
      La Rita R. Turner
      Richard Daniel Seitz
      Attorneys for Defendant LOS ANGELES COMMUNITY COLLEGE DISTRICT