UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | February 29, 2024 |
| Title | *Roy Payan, et al. v. Los Angeles Community College District, et al.* | | |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| | |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING DEFENDANT'S MOTION FOR A REMITTITUR TO CONFORM THE DAMAGES AWARD TO THE EVIDENCE [588]

Before the Court is a motion for a remittitur to conform the damages award to the evidence or, in the alternative, for a new trial. ECF No. 588. For the foregoing reasons, the motion is GRANTED.

"Federal Rule of Civil Procedure 59(a) provides that a new trial may be granted after a jury trial 'for any reason for which a new trial has heretofore been granted.'" *Milhouse v. Travelers Com. Ins. Co.*, 982 F. Supp. 2d 1088, 1093 (C.D. Cal. 2013), *aff'd*, 641 F. App'x 714 (9th Cir. 2016). "Courts are thus 'bound by those grounds that have been historically recognized" for a new trial, including claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Id.* (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007)).

In deciding a motion for a new trial, the district court may, in its discretion, "grant the motion and order a new trial on damages or deny the motion and reinstate the judgment in favor of [Defendant] and against [Plaintiff], or grant a remittitur with the alternative of a new trial if the remittitur is not complied with." *Minthorne v. Seeburg Corp.*, 397 F.2d 237, 244–45 (9th Cir.1968). Where the court decides to offer the option of a remittitur, the jury's verdict should be reduced to the "maximum amount sustainable by the proof," so as to ensure that the court's judgment is not substituted for that of the jury. *D & S Redi–Mix*

:

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | February 28, 2024 |
| Title | *Roy Payan, et al. v. Los Angeles Community College District, et al.* | | |

*v. Sierra Redi–Mix & Contracting Co.*, 692 F.2d 1245, 1249 (9th Cir.1982). "If the prevailing party does not consent to the reduced amount, a new trial must be granted." *Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603 (9th Cir.1983). On the other hand, "[i]f the prevailing party accepts the remittitur, judgment must be entered in the lesser amount." *Id.*

"[C]ourts have also held that they may reduce or eliminate a monetary award without permitting a new trial when the award rests on a legal error (not on the discretionary ground that the verdict was excessive)." *Max Rack, Inc. v. Core Health & Fitness, LLC*, 40 F.4th 454, 477 (6th Cir. 2022), *reh'g denied*, No. 20-3598, 2022 WL 3237492 (6th Cir. Aug. 10, 2022) (collecting cases).

Here, a remittitur or reduction of the jury's award is warranted. In its jury instructions, the Court provided the following instruction:

> Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by a defendant's violation. It is for you to determine what damages, if any, have been proved.
>
> Your *award must be based upon evidence and not upon speculation, guesswork, or conjecture.* You can consider the testimony of the plaintiffs *regarding the expenses they incurred if you find that those expenses were the result of a violation of the ADA.*

Trial Tr. May 26, 2023 at 18:25–19:9, ECF No. 609 (emphasis added). This instruction indicated to the jury that their award must be based on some evidence, and that the evidence which they could consider was the expenses incurred as a result of Defendant's legal violation. In this case, the jury was only presented with the out-of-pocket expenses, such as the price of inaccessible textbooks, and was not instructed to consider damages such as emotional damages or lost education opportunities. At most, only a few thousand dollars' worth of out-of-pocket expenses were presented to the jury. However, the jury awarded "$218,500 + attorney's fees" to Mr. Payan and "$24,000 + attorney's fees" to Ms. Mason. ECF No. 567 at 7.

:

Initials of Preparer PMC

These figures are not supported by the record and do not fall within the definition of "expenses" that the Court noted in its jury instruction. Thus, these damages could only be attributed to one of two sources: emotional damages or lost educational opportunities. Neither of these are permissible under these circumstances.

As to emotional damages, the Court instructed the parties at the pretrial conference that emotional damages were precluded, and that Plaintiff could only seek out-of-pocket expenses. Acknowledging this fact at opening statements, Plaintiffs' counsel recognized that the case was only about a small number of damages, stating: "We're gonna ask you to award a very modest amount in damages for the discrimination that they already experienced." Trial Tr. May 23, 2023 at 15:1–4, ECF No. 606. Even if the jury instructions were ambiguous enough to permit the jury to award emotional damages, the law clearly prohibits such damages in the Title II context. *See Montgomery v. D.C.*, No. CV 18-1928 (JDB), 2022 WL 1618741, at *24 (D.D.C. May 23, 2022) (holding that under *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576 (2022), emotional distress damages were not available under Title II of the ADA); *see also New York, L.E. & W.R. Co. v. Estill*, 147 U.S. 591, 13 S.Ct. 444, 454 (1983) (modifying a judgment when the jury improperly awarded interest).

Turning to lost educational opportunities, Plaintiffs attempt to defend the jury's award by characterizing the damages awarded as lost educational opportunities which were not precluded by *Cummings*. Plaintiffs point to testimony which established that Plaintiffs experienced accessability issues on multiple occasion. However, Plaintiffs neither argued nor produced evidence in the trial with which the jury could determine the value of the "lost educational opportunities." In other words, the jury's award could not have been based off lost educational opportunities, since it was never presented to them in the first place. *See Sinclair v. Long Island R.R.*, 985 F.2d 74, 78 (2d Cir.1993) ("[T]he verdict ... cannot be sustained on a theory that was never presented to the jury."); *Charles Woods Television Corp. v. Capital Cities/ABC, Inc.*, 869 F.2d 1155, 1160 (8th Cir.1989) ("[T]heories ... not before the jury ... may not provide the basis for upholding the jury verdict." (internal quotation marks omitted)); *see also Staub v. Proctor Hosp.*, 560 F.3d 647, 655 (7th Cir.2009) (holding that a party waives any theory not presented to the jury

:

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01697-SVW-SK | Date | February 28, 2024 |
| Title | *Roy Payan, et al. v. Los Angeles Community College District, et al.* | | |

even if the theory is legally sound and supported by the evidence at trial), *rev'd on other grounds*, —— U.S. ——, 131 S.Ct. 1186, 179 L.Ed.2d 144 (2011).[1]

Indeed, it is clear that the jury's award of damages was not based on the evidence in record, but rather a mistaken belief that they could award emotional damages, deviating from the Court's instructions. This conclusion is further bolstered by the jury penciling in "+ attorney's fees." ECF No. 567 at 7. Nowhere, did the Court provide an instruction for these fees nor was it mentioned that Plaintiffs could receive such fees. Accordingly, remittitur or reduction of damages is warranted.

However, there is a remaining issue regarding whether to offer Plaintiffs a new trial or to enter judgment. "Where a portion of a verdict is for an identifiable amount that is not permitted by law, the court may simply modify the jury's verdict to that extent and enter judgment for the correct amount." *Peer v. Lewis*, No. 06-60146-CIV, 2008 WL 2047978, at *5 (S.D. Fla. May 13, 2008), *aff'd*, No. 08-13465, 2009 WL 323104 (11th Cir. Feb. 10, 2009) (citing *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1330 (11th Cir.1999); *see Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1351 (Fed. Cir. 2001) ("According to the *Johansen* court, 'the Seventh Amendment is not offended' when the reduction in a damages award is necessitated by legal error.") (citation omitted); *see also Taddeo v. Am. Invsco Corp.*, No. 2:12-CV-01110-APG, 2015 WL 4416490, at *9 n.76 (D. Nev. July 20, 2015) ("[W]hen a damages verdict is excessive because of a pure legal error—as is the case here—plaintiffs have no right to a new trial.").

Here, the Court notes that the jury's verdict was premised on emotional damages, which are legally impermissible, warranting entry of judgment as opposed to providing remittitur. Despite Plaintiffs' post-hoc rationalizations, the jury's award could not have been premised on lost education opportunities, since this was never presented to them. Accordingly, the Court finds it is appropriate to enter judgment in the amount supported by the evidence at trial. In this case judgment shall be reduced to $1,650 for Mr. Payan[2]

---

[1] Furthermore, even if the jury was aware of this measure of damages, this evidence, by itself is insufficient to support the jury's verdict. Plaintiffs never proposed or presented to the jury a method of determining the value of the lost educational opportunities.

[2] This figure represented the combination of the $1,500 that Payan paid for additional tutoring and the price of the textbook

:

Initials of Preparer PMC

and $0 for Ms. Mason. Plaintiffs are not offered a new trial. Defendant's motion is GRANTED.

**IT IS SO ORDERED.**

---

that Payan purchased, which was $150. Trial Tr. May 23, 2023 at 78:8–11, 85:20–25, ECF No. 606.

:

Initials of Preparer PMC