JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PAYAN, PORTIA MASON, THE NATIONAL FEDERATION OF THE BLIND, INC., and THE NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, INC.,<br><br>   Plaintiffs,<br>  vs.<br><br>LOS ANGELES COMMUNITY COLLEGE DISTRICT,<br><br>   Defendant. | Case No.: 2:17-cv-01697-SVW-SK<br><br>**PERMANENT INJUNCTION** |

Upon consideration of the jury's verdict, dated May 26, 2023, finding that Defendant Los Angeles Community College District ("LACCD") has violated Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, et seq. (the "ADA" or "Title II"), Dkt. No. 567, LACCD's declarations submitted on July 6, 2023, Dkt Nos. 583-584, Plaintiffs' Response thereto, submitted on July 17, 2023, the evidence and arguments the Court heard on July 24, 2023, and

August 10, 2023, and the Court's accompanying Order Regarding Final Injunction, the Court ENTERS, DECREES, AND ORDERS the following:

1. Within three months of the date of this Order, LACCD shall establish alternative means of providing access to the equivalent benefits of any inaccessible library resources to blind students in a timely manner by: (a) installing Job Access with Speech ("JAWS") screen access software on all publicly accessible computer terminals in the library; (b) training all of its LACC's library staffing the use of JAWS, and in the processes for creating accessible documents, including but not limited to Word documents, PowerPoints, and PDFs, so that a staff member who has this training is available any time the library is open; and (c) creating and implementing a system and corresponding policies and procedures that will allow blind students to schedule times to work with a research librarian to assist in their navigation and review of any inaccessible library resources, and describing that process conspicuously on the LACC library website; and (d) establishing a system that allows blind students to submit inaccessible resources for timely conversion to accessible formats to either LACCD library staff or the Office of Special Services, or another qualified office, electronically;

2. Within three months of the date of this Order, LACCD shall ensure that the LACCD website, the LACC website, and other educational or instructional websites available to students enrolled at LACC, are compliant with WCAG 2.1 Level AA standards;

3. Within three months of this Order, LACC will promptly provide blind students with a copy of their completed Academic Accomodations Authorization form in an accessible format.

4. When LACCD utilizes third-party vendors to assess the accessability of educational, technological programs, LACCD shall periodically, independently verify the reliability of the third-party vendor's certifications. Verification shall include periodically determining if third-party accessability assessments are accurate.

5. In all cases, for each of the requirements imposed above, LACCD shall not be required to take any particular action if doing so amounts to an undue financial or administrative burden or would result in the fundamental alteration in a program, service, or activity at LACCD consistent with 28 C.F.R. §§ 35.130(b)(7) and 36.164.

6. Within 30 days of the date of this Order, LACCD shall disseminate this Order to all faculty members and administrative personnel at LACCD;

7. This Order shall become effective as of the date the Order is signed and entered in the above-captioned case, and the Order shall remain in effect for a period of three years from the effective date;

8. Plaintiffs are deemed the prevailing party pursuant to 42 U.S.C. § 12205 and shall be entitled to recover their reasonable attorneys' fees and costs incurred in this action. Plaintiffs are ordered to file a motion for attorneys' fees within 45 days of this Order; and

9. This Order shall be deemed a final judgment pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Date: February 29, 2024

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE